1  NADA I. SHAMONKI (SBN 205359)
   nshamonki@mintz.com
2  **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
   2029 Century Park East, Suite 3100
3  Los Angeles, CA 90067
   Telephone:  (310) 586-3200
4  Facsimile:   (310) 586-3202

5  MICHAEL C. WHITTICAR (*pro hac vice forthcoming*)
   mikew@novaiplaw.com
6  **NOVA IP LAW, PLLC**
   7420 Heritage Village Plaza, Suite 101
7  Gainesville, VA 20155
   Telephone:  (571) 386-2980
8  Facsimile:  (855) 295-0740

9  Attorneys for Defendant/Counterclaimant
   DESCENDENT STUDIOS INC. and
10 Defendant ERIC PETERSON

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13 | LITTLE ORBIT LLC, a California | Case No. 8:20-cv-00089-DOC-JDE |

14   Limited Liability Company,           **DESCENDENT STUDIOS INC.'S**
                                          **COUNTERCLAIM**
15                      Plaintiff,
                                          **DEMAND FOR JURY TRIAL**
16        vs.

17 DESCENDENT STUDIOS INC., a
18 Texas corporation, and ERIC            Judge: Hon. David O. Carter
   PETERSON, an individual,
19                                         Complaint Filed:    1/16/2020
                        Defendants.
20 ───────────────────────────────
   DESCENDENT STUDIOS INC., a
21 Texas corporation,

22                      Counterclaimant,

23        vs.

24 LITTLE ORBIT LLC, a California
25 Limited Liability Company,

26                      Counterdefendant.

27

28

                           1

Defendant and Counterclaimant Descendent Studios, Inc., by counsel, hereby submits these Counterclaims against Plaintiff and Counterdefendant Little Orbit LLC.

## PARTIES AND JURISDICTION

1.     Defendant and Counterclaimant Descendent Studios, Inc. ("Descendent") is a corporation organized under the laws of the State of Texas with its principal place of business in Austin, Texas.

2.     Little Orbit LLC ("Little Orbit") is a limited liability company organized under the laws of California with its principal place of business in California.

3.     Little Orbit failed to identify its members or their citizenship in its Complaint.  However, to the extent diversity jurisdiction exists over Plaintiff's complaint (which has not been pled or established) it also exists over this Counterclaim involving two of the same three parties and the same contracts.

4.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     In addition, to the extent there is jurisdiction in this Court over the original complaint, these Counterclaims arise from the same transactions, occurrences, contracts and common nucleus of operative facts as the Plaintiff's original claims, so the Court would have supplemental jurisdiction over these Counterclaims.

6.     Jurisdiction and venue over Plaintiff and its claims are proper in this Court, to the extent diversity jurisdiction exists, because Plaintiff resides here and filed its original Complaint here, thereby submitting to the personal jurisdiction of this Court and to Venue here.

## COUNT I: BREACH OF CONTRACT

7.     Descendent hereby incorporates by reference all prior Paragraphs to these Counterclaims as though fully set forth herein.

8.     In October of 2017, the parties entered into a Development Agreement for a computer game to be run on personal computers, XBOX 1 consoles, and PlayStation 4 consoles.

9.     Little Orbit committed anticipatory repudiations and prior material breaches which discharged Defendants of any obligations under the Development Agreement.  Among these prior material breaches and repudiations of the Development Agreement by Little Orbit were: (A) Little Orbit not putting out the promised marketing spend and efforts with the 47 studios as promised and agreed; (B) Little Orbit demanding additional budget-busting, delay-creating work-product and development efforts without paying for them nor allotting sufficient time for their completion; (C) Little Orbit agreeing to develop but then failing to develop the additional API demanded by Little Orbit; (D) Little Orbit failing to pay console vendors including, Torus and Boombox, forcing Boombox to quit the project;  (E) Little Orbit failing to pay other project vendors, such as CGBott and Glass Egg, delaying both the PC and console versions of the game;  (F) Little Orbit switching engine versions from v. 4.18 to v. 4.19; (G) Little Orbit changing the user interface ("UI") back and forth at least four times; (H) Little Orbit adding new consoles, including the lower-end technology Nintendo Switch,  that required more modifications and adaptations; (I) Little Orbit failing to document and account for and share documentation of expenses that it supposedly paid;  and, (J) Little Orbit not providing Descendent with quarterly statements or any statements about presales of the game.

10.     Little Orbit, through Matthew Scott, admitted imposition of erroneous and extra-contractual new requirements that blew both the budget and the development time-line, which led to the parties executing a Terms Sheet Addendum in November of 2018.

11.     The Terms Sheet Addendum required Little Orbit to pay $60,000 per month to Descendent through December 2019.   Little Orbit made on $60,000 payment but then ran out of money and never paid the remaining 11 payments due of $60,000 each, making Little Orbit liable for breach for not paying Descendent the additional $660,000.

12.     Notably, the Terms Sheet Addendum contained no completion deadlines for anything.    There was good reason for that which was discussed at the time. Little Orbit had demanded a new and different Application Program Interface ("API"), had agreed to develop the new API itself, but had totally failed do to so. Until Little Orbit fulfilled its agreement to develop the new API, there was no way to test anything that Descendent was developing, so it was impossible to commit to a development or completion timeline.  Therefore, the Terms Sheet Addendum did not contain any full or partial completion dates or deadlines.

13.     Little Orbit committed the first material breach of the Terms Sheet Addendum after it was signed by failing to pay eleven required installments of $60,000 due under the Terms Sheet Addendum and by wrongfully terminating the Development Agreement without just cause or excuse.  Little Orbit further breached the Development Agreement as modified by the Terms Sheet Addendum by not providing any royalty accounting(s) after termination of the agreement.

14.     Little Orbit's breaches of contract and wrongful termination cost Descendent $660,000 in wrongfully withheld payments plus $5 million in reasonably anticipated profits that would have been earned had Little Orbit fulfilled its contractual obligations and not wrongfully terminated the Development Agreement and the Terms Sheet Addendum.

15.     Descendent fully performed its obligations under the relevant contracts and satisfied all conditions precedent to Little Orbit's performance, except as excused

4

due to Little Orbit's modifications, prior material breaches and repudiations of the original terms of the agreements.

### COUNT II:  LIBEL, DEFAMATION AND TRADE LIBEL

16.     Descendent hereby incorporates by reference all prior Paragraphs to these Counterclaims as though fully set forth herein.

17.     In February of 2020, Little Orbit began to publish and republish the false, frivolous and reckless allegations of its Complaint in this case to the public and the trade press.

18.     Little Orbit intentionally induced the writing of and then published, republished and uploaded onto pcgamer.com an article, a true and correct copy of which is attached hereto as Exhibit A, about this case which repeated the false and defamatory allegations of Little Orbit's Complaint, including the following:

- Descendent is at fault and in breach for failing to complete the game;

  In fact, Little Orbit was at fault and in breach for not completing the new API it had insisted on and which it had agreed to develop and for repeatedly making additional extra-contractual demands and for unilaterally imposing budget-busting and deadline-blowing extra-contractual requirements.

- Descendent is at fault and in breach for failing to meet the original milestones and target release date;

  In fact, Little Orbit was at fault and in breach for not completing the API it had insisted on and which it had agreed to develop and for repeatedly making additional extra-contractual demands and for unilaterally imposing budget-busting and deadline-blowing extra-contractual requirements.

- Descendent is at fault and in breach for failing to meet delivery dates;

  In fact, Little Orbit was at fault and in breach for not completing the API it had insisted on and which it had agreed to develop and for repeatedly making additional extra-contractual demands and for unilaterally

imposing budget-busting and deadline-blowing extra-contractual requirements.

- Descendent is at fault and in breach for failing to meet quality standards;

  In fact, there were no quality standards that Descendent failed to meet or would have failed to meet absent the previously described breaches and interference by Little Orbit;

- Descendent is at fault and in breach for the fact that "key personnel" left and were not replaced with "equally competent personnel," which left Descendent incapable of delivering the game as promised;
  In fact, only one managerial employee left before Little Orbit terminated, and he was promptly replaced by an equally or more competent employee;

- Descendent failed to meet some fabricated extended delivery date supposedly set forth in the Terms Sheet addendum (although it includes no delivery dates or deadlines);

  In fact, the Terms Sheet addendum contains no deadlines because Little Orbit had breached its agreement to develop the new API, and Little Orbit was at fault and in breach for repeatedly making additional extra-contractual demands and for unilaterally imposing budget-busting and deadline-blowing extra-contractual requirements.

- That Descendent made multiple false disparaging statements about Little Orbit**;**

  In fact, all of the statements made by Descendent about Little Orbit were in fact true.

- That Interplay terminated the trademark license due to "Descendent's repeated breaches of the Agreement and term sheet."

  In fact, Interplay terminated the trademark license due to ***Little Orbit's*** repeated breaches of the Development Agreement and Terms Sheet.

19.   Little Orbit wrote, published and re-published these false, frivolous and baseless statements knowing that they were false, frivolous and baseless, with actual knowledge that they were false, frivolous and baseless, with actual malice toward Descendent and with a reckless disregard for the truth.

20.   Little Orbit wrote, published and re-published these false, frivolous and baseless statements with the intent to wrongfully harm and injure Descendent and with reckless disregard for the rights and interests of Descendent.

21.   Little Orbit has made, published and re-published multiple false statements disparaging Descendent to the general public and to third parties in the gaming industry and community.

22.   The false statements made, published and re-published by Little Orbit would be clearly or necessarily understood to have disparaged the quality and reputation of Descendent and its services and personnel as game developers in the gaming industry.

23.   The false statements by Little Orbit constitute trade libel and commercial disparagement *per se*.

24.   The false statements made, published and re-published by Little Orbit tended to disparage Descendent in the gaming industry and community and were intended to harm Descendent's reputation in the gaming industry and community.

25.   The false statements made, published and re-published by Little Orbit were false, frivolous and baseless, and Little Orbit made them and published and republished them with actual malice toward Descendent and with a reckless disregard for the truth.

26.   Little Orbit knew and should have known that its false, frivolous and baseless statements would harm the reputation of Descendent as a developer of quality electronic games.

27.    Descendant has suffered significant and extensive damages and financial injury as a result of Little Orbit's false statements and its publication and republication of them, which is approximately $5 million in actual, compensatory damages and $50 million in presumed and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, as to Count I set forth above, Descendent is entitled to judgment against Little Orbit for $5,660,000 for compensatory damages for breach of contract, including but not limited to past due payments, wasted expenditure and investment reliance damages and lost profits.   Descendent seeks pre-judgment and post-judgment interest and recovery of its costs, expenses and attorneys' fees.

WHEREFORE, as to Count II set forth above, Descendent is entitled to judgment against Little Orbit for $5 million in compensatory damages for libel, defamation and trade libel, plus $50 million in punitive and presumed damages. Descendent also seeks pre-judgment and post-judgment interest and recovery of its costs, expenses and attorneys' fees.

Dated:  February 28, 2020          Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO PC

By    /s/ Nada I. Shamonki
Nada I. Shamonki
Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Counterclaimant Descendent Studios Inc. hereby demands trial by jury.

3

4   Dated:  February 28, 2020

Respectfully submitted,

5

MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO PC

6

By ___/s/ Nada I. Shamonki_____

7

Nada I. Shamonki
Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On February 28, 2020, I filed a copy of the following document(s):

**DESCENDENT STUDIOS INC.'S COUNTERCLAIM; DEMAND FOR JURY TRIAL**

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com

Executed on February 28, 2020, at Los Angeles, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto_____
Diane Hashimoto

97210868v.1