1
2
3
4

NADA I. SHAMONKI (SBN 205359)
nshamonki@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  (310) 586-3200
Facsimile:   (310) 586-3202

5
6
7
8

MICHAEL C. WHITTICAR (*admitted pro hac vice*)
mikew@novaiplaw.com
**NOVA IP LAW, PLLC**
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Telephone:  (571) 386-2980
Facsimile:  (855) 295-0740

9
10

Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

11

**UNITED STATES DISTRICT COURT**

12

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13 LITTLE ORBIT LLC, a California | Case No. 8:20-cv-00089-DOC-JDE |
| 14 Limited Liability Company, | **MEMORANDUM OF POINTS AND** |
| 15            Plaintiff, | **AUTHORITIES IN SUPPORT OF** |
| | **MOTION TO DISMISS PLAINTIFF'S** |
| 16     vs. | **FIRST AMENDED COMPLAINT** |
| 17 DESCENDENT STUDIOS INC., a | Date:      July 13, 2020 |
| 18 Texas corporation, and ERIC | Time:      8:30 a.m. |
| PETERSON, an individual, | Courtroom: 9D |
| 19 | |
| 20            Defendants. | |
| 21 DESCENDENT STUDIOS INC., a | |
| Texas corporation, | |
| 22 | |
| 23            Counterclaimant, | |
| 24     vs. | |
| 25 LITTLE ORBIT LLC, a California | Judge: Hon. David O. Carter |
| 26 Limited Liability Company, | Complaint Filed:     1/16/2020 |
| 27            Counterdefendant. | |
| 28 | |

# **TABLE OF CONTENTS**

I.     FACTS…………………………………………………………………………1

II.    ARGUMENT AND DISCUSSION OF AUTHORITY....................................... 3

    A.    Failure To Plead Facts Showing Subject Matter Jurisdiction................. 3

    B.    Failure To Plead With Particularity Facts Showing Negligent
        Misrepresentation Or Fraud ...................................................... 5

    C.    The Economic Loss Rule ......................................................... 8

    D.    Failure to Plead Facts Establishing Personal Jurisdiction ...................... 9

III.   CONCLUSION ............................................................. 14

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*19th Capital Grp., Inc. v. 3 GGG's Truck Lines, Inc.*,

5

2018 U.S. Dist. LEXIS 226595 (C.D. Cal. 2018) ................................................. 4

6

*Aliya Medcare Financial, LLC v. Nickell*,

7

156 F. Supp. 3d 1105 (C.D. Cal. 2015) ................................................. 6

8

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,

9

223 F.3d 1082 (9th Cir. 2000) ................................................. 12

10

*Bristol-Meyers Squibb Co. v. Superior Court*,

137 S. Ct. 1773 (2017) ................................................. 9, 12

11

*Burdick v. Superior Court*,

12

233 Cal. App. 4th 8, 183 Cal. Rptr. 3d 1 (2015) ................................................. 14

13

*Burger King Corp. v. Rudzewicz*,

14

471 U.S. 462 (1985) ................................................. 10, 11

15

*Calder v. Jones*,

16

465 U.S. 783 (1984) ................................................. 9, 10, 12, 14

17

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n*,

18

125 F. Supp. 2d 1194 (C.D. Cal. 2000) ................................................. 10, 12, 13, 14

19

*Chaffey Joint Union High Sch. Dist. v. FieldTurf United States, Inc.*,

20

2016 U.S. Dist. LEXIS 195567 (C.D. Cal. 2016) ................................................. 8

21

*Conwest, Inc. v. American Operator Services, Inc.*,

765 F. Supp. 1467 (C.D Cal. 1991) ................................................. 7

22

*Cybersell, Inc. v. Cybersell, Inc.*,

23

130 F.3d 414 (9th Cir. 1997) ................................................. 13

24

*Davis v. Metro Prods., Inc.*,

25

885 F.2d 515 (9th Cir. 1989) ................................................. 12

26

*Delay v. Rosenthal Collins Group*,

27

585 F.3d 1003 (6th Cir. 2009) ................................................. 4

28

*Errico v. Pacific Capital Bank, NA*,
   753 F. Supp. 2d 1034 (N.D. Cal. 2010) ...................................................5

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
   100 F. Supp. 2d 1086 (C.D. Cal. 1999) ...........................................5, 6, 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ...............................................................................12

*Gorman v. Jacobs*,
   597 F.Supp.2d 541 (E.D. Pa. 2009) .......................................................14

*Grand Fabrics Int'l v. Melrose Textile*,
   2018 U.S. Dist. LEXIS 227594 (C.D. Cal. 2018) .....................................8

*High Tech Pet Prods. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*,
   2014 U.S. Dist. LEXIS 29772 (E.D. Cal. Mar. 6, 2104) .......................10

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ...................................................................4

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ...................................................................4

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .................................................................5

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ...............................................................................10

*Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*,
   414 Fed. Appx. 62 (9th Cir. 2011) ...........................................................4

*Lorenz v. Sauer*,
   807 F.2d 1509 (9th Cir. 1987) .................................................................5

*Mackason v. Diamond Fin. LLC*,
   347 F. Supp. 2d 53 (S.D.N.Y. 2004) ........................................................4

*Millennium Enterprises v. Millennium Music*,
   33 F. Supp. 2d 907 (D. Or. 1999) ..........................................................13

*Miranda v. Bank of America, N.A.*,
   2014 U.S. Dist. LEXIS 40404 (C.D. Cal. 2014) ......................................4

*Moore v. Kayport Package Express, Inc.*,
    855 F.2d 531 (9th Cir. 1989) ...................................................................7

*Nachom v. Morgan Stanley & Co.*,
    2002 U.S. Dist. LEXIS 27766 (C.D. Cal. 2002) ....................................7

*Neilson v. Union Bank of Cal., NA*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...............................................5, 6

*Pac. Contours Corp. v. Fives Machining Sys.*,
    2018 U.S. Dist. LEXIS 201677 (C.D. Cal. 2018) ..................................6

*Pebble Beach Co. v. Caddy*,
    453 F. 3d 1151 (9th Cir. 2006) .............................................................11

*Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*,
    374 F.3d 1020 (11th Cir. 2006) ..............................................................4

*Schwarzenegger v. Fred Martin Motor Co.*,
    373 F.3d 797 (9th Cir. 2004) ............................................................10, 11

*Seiferth v. Helicopteros Atuneros, Inc.*,
    472 F.3d 266 (5th Cir. 2006) ..............................................................9, 12

*Sukonik v. Wright Med. Tech., Inc.*,
    2015 U.S. Dist. LEXIS 177502 (C.D. Cal. 2015) ................................5, 6

*Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. All.
    Atlantis Int'l Distrib., LLC*,
    2013 U.S. Dist. LEXIS 163256 (C.D. Cal. Nov. 15, 2013) ...................4

*UMG Recordings, Inc. v. Global Eagle Entertainment*,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015) ..................................................8

*Vess v. Ciba-Geigy Corp.*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................5

*Walden v. Fiore*,
    571 U.S. 277 (2014)............................................................................9, 11

*Zippo Mfg. Co. v. Zippo Dot Com*,
    952 F. Supp. 1119 (E.D. Pa. 1997)........................................................13

**Other Authorities**

Fed. R. Civ. P. 8(a)(1) ................................................................1, 3, 9, 14

Fed. R. Civ. P. 9(b)................................................................................*passim*

Fed. R. Civ. P. 12(b)(1) .....................................................................1, 14

Fed. R. Civ. P. 12(b)(6) .....................................................................1, 14

Defendants Descendent Studios, Inc. ("Descendent") and Eric Peterson ("Peterson") (collectively the "Defendants"), by the undersigned counsel, hereby respectfully submit this memorandum in support of their motion to dismiss Plaintiff's First Amended Complaint ("the Complaint").  Plaintiff's Complaint is due to be dismissed pursuant to Rules 8(a)(1), 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for failing to properly and sufficiently plead subject matter jurisdiction, for failing to plead negligent misrepresentation or fraud with particularity, for being barred by the economic loss rule, and for improper venue and lack of personal jurisdiction over individual Defendant Eric Peterson.

## I.   FACTS

Plaintiff has attempted to plead diversity jurisdiction. However, Plaintiff, which is a limited liability company, fails to identify the citizenship of its members, and therefore fails to plead facts necessary to support diversity jurisdiction or from which the Defendants may determine whether diversity jurisdiction exists in this case.

In a diversity case involving a limited liability company, an LLC has the citizenship of each of its direct and indirect members. Therefore, to sufficiently plead diversity jurisdiction in cases with an LLC as a party, the Plaintiff must identify each direct and indirect member of the LLC and plead the citizenship of each.  Here, Plaintiff has failed to mention, identify or plead the citizenship of any of its own direct or indirect members. Therefore, Plaintiff's Complaint fails to sufficiently or adequately plead subject matter jurisdiction or diversity jurisdiction. Plaintiff has also failed to plead the citizenship or domicile of the individual defendant, Eric Peterson.

As to Count II, for alleged negligent misrepresentation, Plaintiff fails to plead any specific supporting facts as to how or why the alleged misrepresentations were false, other than the alleged failure to perform the contract.  Count II fails to attach any date, place or mode of communication to any other alleged misrepresentation.

-1-

The alleged misrepresentations themselves are also extremely vague and similar to the express contract terms. Paragraph 56, for example, vaguely refers to "representations related to, among other things, Plaintiff's ability to adhere to and fully comply with all industry standards as well as the express specifications in the Development Agreement as well as to meet the delivery schedule for the completed Game." (Complaint ¶ 56). Plaintiff fails to plead any specific supporting facts showing how or why these representations were false, or even why or how Defendants allegedly lacked reasonable grounds to believe that they were true, other than the generally alleged failures to perform the contract.

Paragraph 53 in Count II similarly alleges that Defendants "represented that Descendent Studios was capable of developing the Game and had a sufficient staff for doing so." Again, no date, place nor mode of communication is specified (other than as to certain express terms of the contract), all in violation of Rule 9(b). Plaintiff further fails to plead any specific supporting facts as to how or why these representations were false, or how or why Defendants supposedly lacked a reasonable belief that they were true, other that the alleged failure to perform the contract.

In Count III (actual fraud), almost every allegation is one of a broken promise relating to future events. However, no facts are pled to support promissory fraud nor lack of intent to perform at the time the promises allegedly were made. The conclusory allegations of lack of intent to perform plus breach of contract are insufficient. That is especially true where, as here, lack of intent or ability to perform is improperly pled only on information and belief, with no supporting facts. (Complaint ¶ 67).

The only (arguable) representations of existing fact pled in Count III were that Defendant "was capable" of performing and had the necessary personnel to perform. (Complaint ¶ 62(b&c)). This relates directly to the terms and negotiation of the contracts. Again, no particular facts have been pled as to how or why these representations were false, and they are just a transparent attempt to inflate and

exaggerate a simple and tenuous breach of contract claim.  No specific facts are pled as to any failure to replace any particular departing employee, nor as to what particular staffing levels were or were not sufficient or whether or not they were maintained.

With respect to the allegations incorporated by reference into Counts II and III, virtually all of the fraud and negligent misrepresentation allegations (Complaint ¶¶ 33-37) are stated on "information and belief," without any pleading of facts to support the information and belief, and are therefore insufficient to satisfy the requirements of Rule 9(b), insufficient state a fraud or negligent misrepresentation claim, and insufficient to survive a motion to dismiss.  These insufficient "information and belief" allegations include the only arguable representations of existing fact alleged in support of the fraud claim, which were representations about capability to perform the contract and sufficient staffing levels to perform the contract.  (Complaint ¶¶ 33-37).

Plaintiff's Complaint seeks recovery of only economic losses such as expenditures and lost profits.  The alleged promises and representations all relate to either alleged promissory fraud, the express terms of the contract, or negotiation of the contract. (*See* Counts II and III, Complaint Paragraph 33-37)

Other than "information and belief" allegations about interaction with an online bulletin board, Plaintiff fails to plead any contacts between Eric Peterson and California from which Plaintiff's claims against him allegedly arose.

## II.   ARGUMENT AND DISCUSSION OF AUTHORITY

### A.   Failure To Plead Facts Showing Subject Matter Jurisdiction

Plaintiff has attempted to plead diversity jurisdiction.  However, Plaintiff, which is a limited liability company, fails to identify the citizenship of its members, and therefore fails to plead facts necessary to support diversity jurisdiction or from which the Defendants may determine whether diversity jurisdiction exists in this case.

Fed. R. Civ. P. 8(a)(1) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  In a diversity case involving a

limited liability company, the LLC has the citizenship of each of its direct and indirect members. *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Delay v. Rosenthal Collins Group,* 585 F.3d 1003, 1005 (6th Cir. 2009).

Therefore, to sufficiently plead diversity jurisdiction in cases with an LLC as a party, the Plaintiff must identify each direct and indirect member of the LLC and plead the citizenship of each. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,* 414 Fed. Appx. 62, 64 (9th Cir. 2011); *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2006).

Here, Plaintiff has failed to identify the citizenship of any of its own direct or indirect members, and has likewise failed to plead the citizenship of individual defendant Eric Peterson. Therefore, Plaintiff's Complaint fails to sufficiently or adequately plead subject matter jurisdiction or diversity jurisdiction. *See Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. All. Atlantis Int'l Distrib., LLC,* 2013 U.S. Dist. LEXIS 163256 (C.D. Cal. Nov. 15, 2013) (finding removing defendants had not shown complete diversity where they had failed to identify the citizenship of members of foreign LLC); *Mackason v. Diamond Fin. LLC,* 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (same). *See also 19th Capital Grp., Inc. v. 3 GGG's Truck Lines, Inc.,* 2018 U.S. Dist. LEXIS 226595 *6 (C.D. Cal. 2018) ("Plaintiffs must identify the citizenship of each member of [the Plaintiff member] LLC to adequately allege the citizenship of [the Plaintiff member] LLC").

Pleading that someone is a "resident" simply is not sufficient to establish diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (allegations of residency are insufficient to establish citizenship or diversity jurisdiction); *Miranda v. Bank of America, N.A.,* 2014 U.S. Dist. LEXIS 40404 *4-5 (C.D. Cal. 2014) (removed case remanded because removing defendants "failed adequately to allege Miranda's citizenship since they relied solely on allegations of residency").

Plaintiff has already filed one amended complaint to try to cure this defect, but has failed to do so.  Therefore, Plaintiff's Complaint should be dismissed without prejudice to re-filing only in state or federal courts in  or having jurisdiction over Austin, Texas, where Defendants reside.

**B.      Failure To Plead With Particularity Facts Showing Negligent Misrepresentation Or Fraud**

Plaintiff's purported pleading of negligent misrepresentation (Count II) is even more deficient and fails to contain the specificity required by Fed. R. Civ. P. 9(b). The specificity requirements of Rule 9(b) apply to claims that sound in fraud or which are grounded in fraud. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).   Negligent misrepresentation is a "species of actual fraud" and sounds in fraud.  *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987).

Therefore, the specificity and particularity requirements of Rule 9(b) apply to negligent misrepresentation claims.  *See Sukonik v. Wright Med. Tech., Inc.,* 2015 U.S. Dist. LEXIS 177502 *52 (C.D. Cal. 2015) (applying 9(b) specificity requirements to a negligent misrepresentation claim); *Errico v. Pacific Capital Bank, NA,* 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010) (Rule 9(b) applies to negligent misrepresentation, which sounds in fraud);  *Neilson v. Union Bank of Cal., NA*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

Plaintiff fails to plead any particular supporting facts as to how or why the alleged misrepresentations were false, other that the alleged failure to perform the contract.  Count II fails to attach any date, or place or mode of communication to any alleged misrepresentation.   The alleged misrepresentations themselves are also extremely vague and inextricably linked with the breach of contract allegations. Paragraph 56, for example, vaguely refers to "representations related to, among other things, Plaintiff's ability to adhere to and fully comply with all industry standards as

well as the express specifications in the Development Agreement as well as to meet the delivery schedule for the completed Game." (Complaint ¶ 56). Substantively, this is nothing more than a vague allegation that Defendants must have misrepresented their skills and abilities because they allegedly breached the contract. Plaintiff fails to plead any particular supporting facts showing how or why these representations were false, or even why or how Defendants allegedly lacked reasonable grounds to believe that they were true, other than the generally alleged failures to perform the contract. This is insufficient to plead a claim for negligent misrepresentation. *Sukonik,* 2015 U.S. Dist LEXIS 177502 *53; *Neilson,* 290 F. Supp. 2d at 1142; *Glen Holly,* 100 F. Supp. 2d at 1098-1100 (plaintiff must plead with specificity what is false about a statement and give particulars as to why it is false).

Paragraph 53 in Count II similarly alleges that Defendants "represented that Descendent Studios was capable of developing the Game and had a sufficient staff for doing so." Again, other than the express terms of the contracts, no date, place, nor mode of communication is specified, all in violation of Rule 9(b). More importantly, Plaintiff further fails to plead any specific supporting facts as to how or why these representations were false, or how or why plaintiff lacked a reasonable belief that they were true, apart from the alleged failure to perform the contract.

In Count III (actual fraud), almost every allegation is of a broken promise to do something in the future, and which is also set forth in the contract. However, no facts are pled to support promissory fraud nor lack of intent to perform at the time the promises allegedly were made. Conclusory allegations of lack of intent to perform plus breach of contract are insufficient. *Aliya Medcare Financial, LLC v. Nickell*, 156 F. Supp. 3d 1105 (C.D. Cal. 2015) (when the only non-conclusory allegation is that the contract was breached, and not that the defendant made no effort to perform, this is insufficient to state a claim for promissory fraud); *Pac. Contours Corp. v. Fives Machining Sys.*, 2018 U.S. Dist. LEXIS 201677 *15 (C.D. Cal. 2018) (non-performance plus conclusory allegations of lack of intent to perform fail to state a

claim for promissory fraud; otherwise, every alleged breach of contract could be pled as fraud).  This is especially true where, as here, the supposed lack of intent or ability to perform is pled only on information and belief, with no supporting facts. (Complaint ¶ 67).

The only (arguable) representations of existing fact pled in Count III were that Defendant "was capable" of performing the contract and had the necessary personnel to perform the contract.  (Complaint ¶ 62(b&c)).  Again, no particular facts have been pled as to how or why these representations were false, and they are really just an attempt to inflate and exaggerate a simple and tenuous breach of contract claim beyond its logical and legal limits.  No specific facts are pled as to any failure to replace any particular departing employee, nor as to what particular staffing levels were sufficient or whether or not they were maintained.  This does not comply with the requirements of Rule 9(b).  *Glen Holly,* 100 F. Supp. 2d at 1098-1100 (plaintiff must plead with specificity what is false about a statement and give particulars as to why it is false).

With respect to the allegations incorporated by reference into Counts II and III, virtually all of the fraud and negligent misrepresentation allegations in the body of the Complaint (Complaint ¶¶ 33-37) are stated on "information and belief," without any pleading of facts to support the information and belief, and are therefore insufficient to satisfy the requirements of Rule 9(b), insufficient state a fraud claim, and insufficient to survive a motion to dismiss.  *Moore v. Kayport Package Express, Inc.*, 855 F.2d 531, 540 (9th Cir. 1989); *Conwest, Inc. v. American Operator Services, Inc.*, 765 F. Supp. 1467, 1471 (C.D Cal. 1991); *Nachom v. Morgan Stanley & Co.*, 2002 U.S. Dist. LEXIS 27766, *10 n. 2 (C.D. Cal. 2002).   These insufficient "information and belief" allegations include the only arguable representations of existing fact alleged in support of the fraud claim, which were representations about capability to perform and sufficient staffing levels to perform, and also the few vague

and general allegations as to why the representations supposedly were false. (Complaint ¶¶ 33-37).

### C.   The Economic Loss Rule

The alleged promises and representations all relate to either alleged promissory fraud, the express terms of the contract, or negotiation of the contract. (*See* Counts II and III, Complaint ¶¶ 33-37). Counts II and III are therefore barred by the economic loss rule. *See UMG Recordings, Inc. v. Global Eagle Entertainment*, 117 F. Supp. 3d 1092, 1104 (C.D. Cal. 2015) ("Like other species of fraud claims, however, promissory fraud claims are subject to the economic loss rule;" promissory fraud claim for economic losses barred when based on alleged lack of intent to perform contractual promises). *See also Grand Fabrics Int'l v. Melrose Textile*, 2018 U.S. Dist. LEXIS 227594 *7 (C.D. Cal. 2018) (promissory fraud claim based on failure to meet product specifications was barred when "the misrepresentation at the center of Defendant's claim is the contract itself"); *Chaffey Joint Union High Sch. Dist. v. FieldTurf United States, Inc.*, 2016 U.S. Dist. LEXIS 195567 *9 (C.D. Cal. 2016) (negligent misrepresentation claims are barred when based on the breaches of alleged promises and representations which closely parallel the alleged breaches of contract or which were used to induce the contract).

In short, neither Count II for negligent misrepresentation nor Count III for fraud is pled with the particularity required by Rule 9(b), and they are barred by the economic loss rule. Both counts are due to be dismissed with prejudice, because Plaintiff has already amended its complaint previously in an unavailing effort to cure these very same defects. It is clear that Plaintiff is merely inflicting unnecessary cost and expense by exaggerating a simple and tenuous alleged breach of contract claim into even more tenuous and unsupported fraud and negligent misrepresentation claims.

### D.     Failure to Plead Facts Establishing Personal Jurisdiction

Fed. R. Civ. P. 8(a)(1) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  Plaintiff has failed to plead facts showing any sufficient basis for personal jurisdiction over Defendant Eric Peterson.

General jurisdiction allows a plaintiff to sue a defendant in the forum regardless of the subject matter of the litigation.  However, "only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Meyers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1780 (2017).  Indeed, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Id.*  The Complaint is devoid of allegations of facts showing that Eric Peterson is subject to general jurisdiction in California, and implicitly acknowledges that general jurisdiction does not exist.  Given that Peterson is alleged to be a resident (but not a citizen) of Texas, he is not subject to the exercise of general jurisdiction by the Court.

A court gains specific jurisdiction over a defendant under two circumstances: if the defendant intentionally commits a tort outside the forum that is purposefully directed or expressly aimed at the forum, or if the defendant purposefully avails itself of the privilege of doing business in the forum <u>and</u> the plaintiff's claims arises from the defendant's conduct in the forum.  *Calder v. Jones*, 465 U.S. 783, 789 (1984); *Walden v. Fiore*, 571 U.S. 277, 290-91 (2014); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

In the instant case, Plaintiff alleges that Eric Peterson, an individual residing in Texas, engaged in negligent misrepresentation, fraud, and trade libel/commercial disparagement.  Specific jurisdiction only exists in this matter if Mr. Peterson purposefully availed himself of the privilege of doing business in California <u>and</u> committed acts in California which gave rise to Plaintiff's claims.  *Id.*; *Walden*, 571 U.S. at 290-91; *Helicopteros*, 472 F.3d at 275.

1   Regarding the defamation claim, the purposeful availment requirement under

2   the *Calder* "effects test" is only satisfied "when a non-resident defendant undertakes

3   activities outside the forum state that are both aimed at and have their primary effect

4   in the forum state." *Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F.

5   Supp. 2d 1194, 1199-201 (C.D. Cal. 2000); *citing Calder v. Jones*, 465 U.S. 783,

6   789-90.

7   The inquiry into the "minimum contacts" required to create specific

8   jurisdiction focuses on the relationship among "the defendant, the forum, and the

9   litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).  For a state

10  to exercise jurisdiction consistent with due process, that relationship must arise

11  "from actions by the defendant himself that create a substantial connection with the

12  forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).  "The

13  plaintiff cannot be the only link between the defendant and the forum.  Rather, it is

14  the defendant's conduct that must form necessary connection with the forum State

15  that is the basis for its jurisdiction over him." *High Tech Pet Prods. v. Shenzhen*

16  *Jianfeng Elec. Pet Prod. Co.*, 2014 U.S. Dist. LEXIS 29772 at *17 (E.D. Cal. Mar.

17  6, 2104).

18  When analyzing specific personal jurisdiction, the Ninth Circuit utilizes a

19  three-prong test.  First, in a case such as this one, the defendant must either

20  purposely direct his activities toward California, or purposefully avail himself of the

21  privilege of doing business in California, and by doing so invoke the benefits and

22  protections of the forum state.  *Schwarzenegger v. Fred Martin Motor Co.*, 373 F.3d

23  797, 802 (9th Cir. 2004).  Second, the claim must arise out of or relate to the

24  defendant's California activities.  *Id.*  Third, the court's exercise of personal

25  jurisdiction over the defendant must be reasonable and comport with the notions of

26  fair play and substantial justice.  *Id.*  The purposeful direction test is applied where,

27  as here, the underlying claims are based in alleged tortious conduct.  *Id.*  Purposeful

28  direction "requires that the defendant…have (1) committed an intentional act, (2)

-10-

expressly aimed at the forum states, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 803. "Random, fortuitous, or attenuated contacts" do not amount to the requisite connection to the forum. *Burger King Corp.,* 471 U.S. at 476-78. Moreover, "[i]f any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of the sure process of law." *Pebble Beach Co. v. Caddy,* 453 F. 3d 1151, 1155 (9th Cir. 2006). "[F]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a **substantial** connection with the forum State." *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (emphasis supplied). The court looks to "the defendant's contacts **with the forum State itself**, not the defendant's contacts with persons who reside there." *Id.* (emphasis supplied). Moreover, the Supreme Court has consistently rejected the notion that the minimum contacts inquiry can be satisfied by a mere demonstration of contacts between the Plaintiff or a third party and the forum state. *Id.* at 286. The relationship between a defendant and the forum state "must arise out of contacts that the defendant himself creates with the forum state," (not with a person who resides there), and "the plaintiff cannot be the only link between the defendant and the forum." *Id.*

Here, Plaintiff has failed to establish any basis for specific jurisdiction over Mr. Peterson for three reasons: (1) it has not pled facts showing that Plaintiff's claims arise out of Defendant Eric Peterson's contacts with the forum state; (2) Plaintiff has failed to plead facts showing that Defendant Eric Peterson purposely availed, purposely directed, or expressly aimed his contacts with the forum state; and (3) Plaintiff has failed to plead facts showing the minimum contacts with the forum state required to satisfy Due Process.

The Plaintiff's connections with the forum state are insufficient to confer specific jurisdiction over a defendant, even if it was reasonably foreseeable that the plaintiff would suffer a harm in that state. *Walden*, 571 U.S. at 284-91. If the defendant's contacts with the forum state do not include the complained-of action

which creates the basis for a plaintiff's cause of action, those contacts do not give rise to specific jurisdiction.  *Bristol-Myers Squibb*, 137 S.Ct. 1773, at 1780; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Helicopteros*, 472 F.3d at 275; *Calder*, 465 U.S. at 789.

Plaintiff has failed to allege that Mr. Peterson made any trips to California, or where anybody was located when any allegedly false promises or representations were made. Plaintiff does not allege any contacts with California out of which its claims arose.  Notably, Plaintiff does not allege that Eric Peterson had any contacts with the forum state or that he attempted to cause injuries in the forum state.

Furthermore, under the fiduciary-shield doctrine, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."  *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).  In summary, Plaintiff has alleged no contacts with California sufficient to permit the exercise of personal jurisdiction.

In order to establish purposeful availment in a defamation/trade libel case, a Plaintiff must prove that a non-resident defendant has undertaken "activities outside the forum state that are both aimed at and have their primary effect in the forum state."  *Callaway Golf*, 125 F. Supp. 2d at 1199-201; *citing Calder v. Jones,* 465 U.S. at 789-90

Further, the contacts with the forum state must have a but-for relationship to Plaintiff's claims against Defendant.  "To fulfill the second prong, the 'contacts constituting purposeful availment must be the ones that give rise to the current dispute,' as measured by the 'but for' causation test."  *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).  *See also Callaway Golf*, 125 F. Supp. 2d at 1202-04.  Plaintiff's Complaint fails to plead facts showing that that the contacts constituting purposeful availment are the very same contacts which give rise to the current dispute.  Indeed, Plaintiff fails to plead or identify any

physical contacts at all by Defendant Eric Peterson with the forum state, including no trips or visits to California.

Online message boards which are not purposely directed at the forum state, even if the Web site is accessible to, and used by, California residents do not establish that the claims "arise from" forum-related activities.  The Ninth Circuit has applied a "sliding scale" approach to determining whether personal jurisdiction exists from contacts based on conduct over the Internet.  *See Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419 (9th Cir. 1997).  Personal jurisdiction may exist when the contacts in question are based on "active" Web sites.  *Callaway Golf,* 125 F. Supp. 2d at 1202-04.  However, "[a]t the other end of the scale are "passive" Web sites, through which the defendant simply posts information to those who access the site, such as advertisements and informational pieces about the Web site host." *Callaway Golf*, 125 F. Supp. 2d at 1202-04, *citing Millennium Enterprises v. Millennium Music,* 33 F. Supp. 2d 907, 915 (D. Or. 1999).

"A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction."  *Millennium* at 916; *see also Cybersell*, 130 F.3d at 419; and *see Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (E.D. Pa. 1997) (same); *Callaway Golf*, 125 F. Supp. 2d at 1202-04 ("Defendant's Web site has many of the features the Ninth Circuit described as 'passive' or not sufficiently interactive to warrant personal jurisdiction in Cybersell").  Here, Plaintiff alleges an even lesser amount of purposeful direction at California than a passive Web site controlled by a potential Defendant.  Far from an "active" Web site in which a business owner actively and purposefully directs its activity in forum state and is interactive with its users and conducts business online with members of the forum state with its users or customers, here Plaintiff merely alleges "upon information and belief" that Defendants made disparaging comments in message boards of gaming communities.  This is simply making "information available to those who are interested," and is

therefore "not grounds for the exercise of personal jurisdiction."  *Callaway Golf,* 125 F. Supp. at 1202-04.

Indeed, specifically regarding defamatory statements posted on the Internet, "simply (a) knowing that the plaintiff is in the forum state, (b) posting negative statements about the plaintiff's forum-related activities, and (c) referring to the forum in one's writing will not suffice to satisfy the *Calder* effects test."  *Burdick v. Superior Court*, 233 Cal. App. 4th 8, 20-22, 183 Cal. Rptr. 3d 1, 9 (2015); *quoting Gorman v. Jacobs*, 597 F.Supp.2d 541, 548 (E.D. Pa. 2009).  In *Calder,* the reporter and editor had "expressly aimed their conduct at California."  Further, "it was not the publication of the defamatory article in the National Enquirer that created jurisdiction in California.  Instead, it was the intentional conduct by the reporter and the editor, combined with their knowledge that the defamatory article would be published by a newspaper that had its greatest circulation in California, that created jurisdiction."  *Burdick,* 233 Cal. App. 4th 8 at 25-26, 183 Cal. Rptr. 3d 1 at 13.

The few contacts alleged in the Complaint, which were alleged only on "information  and belief," simply fail to constitute contacts "directed into the forum" and fail as a matter of law under the *Calder* effects test.  The alleged comments were not "expressly aimed" at California, and there is no allegation that there was any greater circulation in California than any other location.  The Complaint therefore utterly fails to allege or establish any activities outside the forum state that are both "*aimed at and have their primary effect in the forum state*" as required under the *Calder* effects test.  *See Callaway Golf*, *supra*.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is due to be dismissed for failure to adequately or sufficiently plead subject matter jurisdiction pursuant to Rules 8(a)(1), 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to plead fraud and negligent misrepresentation with sufficient particularity, and for improper venue and lack of personal jurisdiction over

individual Defendant Eric Peterson.  In addition, Plaintiff's fraud and negligent misrepresentation claims are barred by the economic loss rule because they are inextricably intertwined with Plaintiff's breach of contract claim.  Because Plaintiff has already amended its Complaint once to try to cure the same defects, this case should be dismissed generally with prejudice, or without prejudice only to re-file the breach of contract and disparagement claims in state or federal courts in or having jurisdiction over Austin, Texas, where Defendants reside.

Dated: June 4, 2020

Respectfully submitted,

By: _____

Counsel

Nada I. Shamonki (SBN 205359)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: nshamonki@mintz.com

Michael C. Whitticar (*admitted pro hac vice*)
NOVA IP Law, PLLC
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Tel:  571-386-2980
Fax:  855-295-0740
E-mail: mikew@novaiplaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On June 4, 2020, I filed a copy of the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com


Executed on June 4, 2020, at Los Angeles, California.  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto_____
Diane Hashimoto