1   NADA I. SHAMONKI (SBN 205359)
    nshamonki@mintz.com
2   **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
    2029 Century Park East, Suite 3100
3   Los Angeles, CA 90067
    Telephone: (310) 586-3200
4   Facsimile:  (310) 586-3202

5   MICHAEL C. WHITTICAR (*admitted pro hac vice*)
    mikew@novaiplaw.com
6   **NOVA IP LAW, PLLC**
    7420 Heritage Village Plaza, Suite 101
7   Gainesville, VA 20155
    Telephone: (571) 386-2980
8   Facsimile: (855) 295-0740

9   Attorneys for Defendant/Counterclaimant
    DESCENDENT STUDIOS INC. and
10  Defendant ERIC PETERSON

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  LITTLE ORBIT LLC, a California          Case No. 8:20-cv-00089-DOC-JDE
14  Limited Liability Company,
                                            **REPLY BRIEF IN SUPPORT OF**
15                         Plaintiff,       **DEFENDANTS' MOTION TO**
                                            **DISMISS PLAINTIFF'S FIRST**
16          vs.                             **AMENDED COMPLAINT**

17  DESCENDENT STUDIOS INC., a              Date:      July 20, 2020
18  Texas corporation, and ERIC            Time:      8:30 a.m.
    PETERSON, an individual,                Courtroom: 9D
19
20                         Defendants.
21  DESCENDENT STUDIOS INC., a
    Texas corporation,
22
23                         Counterclaimant,
24          vs.
25  LITTLE ORBIT LLC, a California          Judge: Hon. David O. Carter
26  Limited Liability Company,              Complaint Filed:     1/16/2020
27                         Counterdefendant.
28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................. 1

II.     ARGUMENT AND DISCUSSION OF AUTHORITY ...................................... 2

        A.      Failure To Plead Facts Showing Subject Matter Jurisdiction ................. 2

        B.      Failure To Plead With Particularity Facts Showing Negligent
                Misrepresentation Or Fraud ...................................................... 3

        C.      The Economic Loss Rule ...................................................... 10

        D.      Failure to Plead Facts Establishing Personal Jurisdiction .................... 11

III.    CONCLUSION ................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aliya Medcare Financial, LLC v. Nickell*,
    156 F. Supp. 3d 1105 (C.D. Cal. 2015) ................................................................9

*Burdick v. Superior Court*,
    233 Cal. App. 4th 8, 183 Cal. Rptr. 3d 1 (2015) ...........................................2, 14

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ..........................................................................................12

*Calder v. Jones*,
    465 U.S. 783 (1984)..........................................................................12, 13, 14, 15

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n*,
    125 F. Supp. 2d 1194 (C.D. Cal. 2000) ...............................................2, 12, 13, 14

*Chaffey Joint Union High Sch. Dist. v. FieldTurf United States, Inc.*,
    2016 U.S. Dist. LEXIS 195567 (C.D. Cal. 2016) ..............................................10

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
    765 F. Supp. 1467 (C.D. Cal. 1991) ................................................................4, 5

*Cty. of Santa Clara v. Astra United States, Inc.*,
    428 F. Supp. 2d 1029 (N.D. Cal. 2006).................................................................5

*Cybersell v. Cybersell*,
    130 F.3d 414 (9th Cir. 1997) ...................................................................2, 13, 14

*Delay v. Rosenthal Collins Group*,
    585 F.3d 1003 (6th Cir. 2009) ............................................................................2

*Ebeid v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) .........................................................................5, 6

*Egan v. Mutual of Omaha*,
    24 Cal. 3d 809, 169 Cal Rptr. 691, 620 P. 2d 141 (1979)..................................13

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
    100 F. Supp. 2d 1086 (C.D. Cal. 1999)............................................................10

*Gorman v. Jacobs*,
    597 F.Supp.2d 541 (E.D. Pa. 2009) ................................................................2, 14

*Grand Fabrics Int'l v. Melrose Textile*,
    2018 U.S. Dist. LEXIS 227594 (C.D. Cal. 2018) ..............................................10

*Henry v. Ass'd Indem. Corp.*,
    217 Cal. App. 3d 1405, 266 Cal Rptr. 578 (1990) ............................................13

*Herremans v. BMW of N. Am., LLC*,
    2014 U.S. Dist. LEXIS 145957 (C.D. Cal. 2014) ....................................5, 6, 7, 8

*High Tech Pet Prods. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*,
    2014 U.S. Dist. LEXIS 29772 (E.D. Cal. 2104) ................................................12

*Johnson v. Columbia Props. Anchorage, LP*,
    437 F.3d 894 (9th Cir. 2006) ...............................................................................2

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ...............................................................................3

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..............................................................................4

*United States ex rel. Lee v. SmithKline Beecham, Inc.*,
    245 F.3d 1048 (9th Cir. 2001) ..........................................................................5, 6

*Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*,
    414 Fed. Appx. 62 (9th Cir. 2011) .......................................................................3

*Lorenz v. Sauer*,
    807 F.2d 1509 (9th Cir. 1987) ..............................................................................4

*United States ex rel. Mason v. State Farm Mut. Auto. Ins. Co.*,
    2008 U.S. Dist. LEXIS 56218 (D. Idaho 2008) ................................................5, 6

*McFarland v. Memorex Corp.*,
    493 F. Supp. 631 (N.D. Cal. 1980) ......................................................................4

*Millennium Enterprises v. Millennium Music*,
    33 F. Supp. 2d 907 (D. Or. 1999) ......................................................................13

*Miranda v. Bank of America, N.A.*,
    2014 U.S. Dist. LEXIS 40404 (C.D. Cal. 2014) ..................................................3

*Moore v. Kayport Package Express, Inc.*,
   855 F.2d 531 (9th Cir. 1989) ............................................................................4, 5

*Nachom v. Morgan Stanley & Co.*,
   2002 U.S. Dist. LEXIS 27766 (C.D. Cal. Oct. 9, 2002) ...................................4, 5

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ................................................................................5, 6

*Oracle USA, Inc. v. XL Glob. Servs.*,
   2009 U.S. Dist. LEXIS 59999 (N.D. Cal. July 13, 2009) ...................................11

*Pac. Contours Corp. v. Fives Machining Sys.*,
   2018 U.S. Dist. LEXIS 201677 (C.D. Cal. 2018) ..................................................9

*Pinnacle Fitness and Recreation Management LLC v. Jerry and Vickie Family and Trust*,
   2010 U.S. Dist. LEXIS 131592, 2010 WL 5141686 (S.D Cal. 2010) ...............13

*In re Quarterdeck Office Sys. Sec. Litig.*,
   1992 U.S. Dist. LEXIS 21411 (C.D. Cal. Nov. 4, 1992) .............................5, 6, 9

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
   806 F.2d 1393 (9th Cir. 1986) ...........................................................................3, 4

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) .................................................................................12

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990) ..............................................................................12

*UMG Recordings, Inc. v. Global Eagle Entertainment*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ................................................................10

*Vess v. Ciba-Geigy Corp.*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................4

*Walden v. Fiore*,
   571 U.S. 277 (2014)................................................................................................12

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ............................................................................7, 8

*In re Worlds of Wonder Sec. Litig.*,
   694 F. Supp. 1427 (N.D. Cal. 1988)........................................................................4

*Zippo Mfg. Co. v. Zippo Dot Com*,
   952 F. Supp. 1119 (W.D. Pa. 1997) .............................................................2, 14

**Court Rules**

Fed. R. Civ. P. 8(a) ........................................................................................................7

Fed. R. Civ. P. 8(a)(1) ...............................................................................1, 2, 11, 15

Fed. R. Civ. P. 9(b)........................................................................ 1, 3-7, 10, 11, 15

Fed. R. Civ. P. 12(b)(1) .........................................................................................1, 15

Fed. R. Civ. P. 12(b)(6) .........................................................................................1, 15

1    Defendants Descendent Studios, Inc. ("DSI") and Eric Peterson ("Peterson")
2    (collectively the "Defendants"), by the undersigned counsel, hereby respectfully
3    submit this reply brief in support of their motion to dismiss.  Plaintiff's Amended
4    Complaint is due to be dismissed pursuant to Rules 8(a)(1), 12(b)(1) and 12(b)(6) of
5    the Federal Rules of Civil Procedure for failing to properly and sufficiently plead
6    subject matter jurisdiction, for failing to sufficiently plead negligent
7    misrepresentation or fraud, and for improper venue and lack of personal jurisdiction
8    over individual Defendant Eric Peterson.

9    ## I.   INTRODUCTION

10    Plaintiff's First Amended Complaint should be dismissed for three reasons:
11    First, Plaintiff fails to plead or support subject matter jurisdiction as required under
12    Fed. R. Civ. P. 8(a)(1).  Plaintiff fails to properly identify the citizenship of its
13    members, and therefore fails to plead facts necessary to support diversity jurisdiction.

14    Second, Plaintiff fails to properly plead its fraud and negligent
15    misrepresentation claims with the required heightened pleading particularity required
16    by Fed. R. Civ. P. 9(b).  This is not a case in which the narrow corporate fraud
17    exception to the heightened pleading standard applies (such as securities fraud).
18    Moreover, the Plaintiff's fraud claims still fall grossly short of the slightly relaxed
19    particularity standard under the corporate fraud exception, which still requires that
20    the pleading include facts showing that the alleged statements were knowingly false
21    when made.  Plaintiff's pleading of alleged falsity based on "information and belief"
22    is especially deficient.

23    Third, Plaintiff fails to properly plead any basis for specific jurisdiction over
24    Defendant Eric Peterson in the forum state as required under the Due Process Clause.
25    Plaintiff's claims against Peterson fail to pass muster under the Calder Effects Test
26    and fail to establish that Defendant Petersen had sufficient minimum contacts with
27    the forum state.  The Ninth Circuit has made clear that the "mere existence of a
28    contract" is not grounds for personal jurisdiction.  Further, Web sites, such as those

in which a defendant simply posts information to those who access the site, including advertisements and informal pieces about the Web site host, are "passive." *Callaway Golf Corp. v. Royal Canadian Golf Ass'n,* 125 F. Supp. 2d 1194, 1202-04 (C.D. Cal. 2000). "Passive internet contacts are not grounds for exercising personal jurisdiction. *Id.* at 1202-04; *Cybersell v. Cybersell,* 130 F.3d 414, 419 (9th Cir. 1997); *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

Plaintiff's allegations, which plead "upon information and belief" that Defendants made disparaging comments in message boards of gaming communities, plead only passive Internet contact and therefore plead no sufficient basis for the exercise of personal jurisdiction. Even in cases of alleged defamation, the content of the statements must be specifically directed into the forum to create personal jurisdiction. Mere knowledge that a plaintiff is in the forum state, posting negative comments about forum-related activities, and referring to the forum does not satisfy the Calder Effects Test. *Burdick v. Superior Court*, 233 Cal. App. 4th 8, 20-22, 183 Cal. Rptr. 3d 1, 9 (2015); *citing Gorman v. Jacobs*, 597 F.Supp.2d 541, 548 (E.D. Pa. 2009).

## II.    ARGUMENT AND DISCUSSION OF AUTHORITY

### A.    Failure To Plead Facts Showing Subject Matter Jurisdiction

As discussed in the Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff attempted but failed to properly plead diversity jurisdiction. Plaintiff, which is a limited liability company, fails to identify the citizenship of its members, and therefore fails to plead facts necessary to support diversity jurisdiction.

Fed. R. Civ. P. 8(a)(1) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." In a diversity case involving a limited liability company, the LLC has the citizenship of each of its direct and indirect members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Delay v. Rosenthal Collins Group,* 585 F.3d 1003, 1005 (6th Cir. 2009). In order to sufficiently plead diversity jurisdiction in cases with an LLC as a party,

1   the Plaintiff must identify each direct and indirect member of the LLC and plead the

2   citizenship of each.  *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414

3   Fed. Appx. 62, 64 (9th Cir. 2011).

4     Here, Plaintiff has failed to identify the citizenship of any of its own direct or

5   indirect members, and has likewise failed to plead the citizenship of individual

6   defendant Eric Peterson.  Therefore, Plaintiff's Complaint fails to sufficiently or

7   adequately plead subject matter jurisdiction or diversity jurisdiction.  Pleading that

8   someone is a "resident" simply is not sufficient to establish diversity jurisdiction.

9   *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (allegations of

10  residency are insufficient to establish citizenship or diversity jurisdiction); *Miranda*

11  *v. Bank of America, N.A.*, 2014 U.S. Dist. LEXIS 40404 *4-5 (C.D. Cal. 2014)

12  (removed case remanded because removing defendants "failed adequately to allege

13  Miranda's citizenship since they relied solely on allegations of residency").

14    Plaintiff has already filed one amended complaint to try to cure this defect, but

15  has failed to do so.  Therefore, Plaintiff's Complaint should be dismissed without

16  prejudice to re-filing only in state or federal courts in or having jurisdiction over

17  Austin, Texas, where Defendants reside.

18    **B.**  **Failure To Plead With Particularity Facts Showing Negligent**

19        **Misrepresentation Or Fraud**

20    Plaintiff's fraud claims, Count II for negligent misrepresentation and Count III

21  for fraudulent misrepresentation, are even more deficient and fail to contain the

22  specificity required by Fed. R. Civ. P. 9(b).  Rule 9(b) requires a plaintiff to "state

23  with particularity" the "circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).

24  The Ninth Circuit has interpreted this rule to require "the time, place, and specific

25  content of the false representations as well as the identities of the parties to the

26  misrepresentation."  *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806

27  F.2d 1393, 1400-01 (9th Cir. 1986).  However, "*Schreiber* cannot be read as holding

28  that mere recitation of the content of alleged misrepresentations and the context in

which they were made is sufficient to satisfy Rule 9(b).  Rather, the requisite factual allegations established by the Ninth Circuit in *Schreiber* are required for a purpose." *Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1470-72 (C.D. Cal. 1991); *quoting McFarland v. Memorex Corp.*, 493 F. Supp. 631, 639 (N.D. Cal. 1980).  Indeed, "[g]iven that allegations of fraud are particularly injurious to business and professional reputations, a fraud claim may withstand a Rule 9(b) challenge only if it states 'the manner in which [the alleged misrepresentations] are false, and the facts that support an inference of fraud by each defendant." *Comwest,* 765 F. Supp. at 1470-72; *quoting McFarland,* 493 F. Supp. at 639.  These particularity requirements apply to any claims which sound in fraud or which are grounded in fraud.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Negligent misrepresentation is a "species of actual fraud" and sounds in fraud.  *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987).

The Ninth Circuit as well as the Central District of California have made clear that the particularity requirements under Rule 9(b) are not met by claims which are based on "information and belief."  "It is well settled that fraud 'allegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded.'" *Comwest,* 765 F. Supp. at 1470-72; *quoting In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1432-33 (N.D. Cal. 1988).  *See also Nachom v. Morgan Stanley & Co.,* 2002 U.S. Dist. LEXIS 27766, at *5 n. 2 (C.D. Cal. Oct. 9, 2002) ("Allegations made on information and belief are usually insufficient to support a claim of fraud"); *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

With respect to the allegations incorporated by reference into Counts II and III, virtually all of the fraud and negligent misrepresentation allegations in the body of the Amended Complaint (¶¶ 33-37) are stated on "information and belief," without any pleading of facts to support the information and belief, and are therefore

insufficient to satisfy the requirements of Rule 9(b), insufficient to state a fraud claim, and insufficient to survive a motion to dismiss.  *Moore*, 855 F.2d at 540; *Comwest*, 765 F. Supp. at 1471; *Nachom*, 2002 U.S. Dist. LEXIS 27766, *10 n. 2.  These insufficient "information and belief" allegations include the only arguable representations of existing fact alleged in support of the fraud claim, which were representations about capability to perform and sufficient staffing levels to perform, and also the few vague and general allegations as to why the representations were false.  (Amended Complaint ¶¶ 33-37).

Even in the narrow, inapplicable class of corporate fraud cases in which the Rule 9(b) particularity requirements are slightly relaxed, (typically securities fraud cases), the complaint still must state the facts upon which the belief is based, and which support the idea that the statements were knowingly false when made.  *See*, *e.g.*, *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993); *In re Quarterdeck Office Sys. Sec. Litig.*, 1992 U.S. Dist. LEXIS 21411 at *6-8 (C.D. Cal. Nov. 4, 1992).  Plaintiff attempts to side-step the heightened particularity requirements of Rule 9(b) for its fraud claims by claiming that this is corporate fraud.  (Opp. at p. 8).

It is true that, to some extent, Rule 9(b) requirements "may be relaxed to permit discovery in a *limited class* of corporate fraud cases where the evidence of fraud is within a defendant's exclusive possession."  *Cty. of Santa Clara v. Astra United States, Inc.*, 428 F. Supp. 2d 1029, 1036-37 (N.D. Cal. 2006) (emphasis added); *citing United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).  *See also Herremans v. BMW of N. Am., LLC*, 2014 U.S. Dist. LEXIS 145957 at *49-51 n.79 (C.D. Cal. 2014) ("A lenient application of Rule 9(b) is allowed in a '*limited class* of corporate fraud cases where the evidence of fraud is within a defendant's exclusive possession'"); *quoting United States ex rel. Mason v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 56218 (D. Idaho 2008); *Ebeid v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) ("in the securities fraud context we have held that 'Rule 9(b) may be relaxed to permit discovery in a *limited class* of corporate

fraud cases where the evidence is within a defendant's exclusive possession.'") *SmithKline Beecham, Inc.*, 245 F.3d at 1052.

However, "this [limited corporate fraud] exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("'suspicious circumstances' do not constitute a sufficient factual basis for allegations of insider trading.  We conclude that the district court accurately determined that [plaintiff] failed to plead [defendant's] role in the alleged insider trading with sufficient particularity under Rule 9(b)."); *see also In re Quarterdeck Office Sys. Sec. Litig.*, 1992 U.S. Dist. LEXIS 21411 at *6-8; *Herremans*, 2014 U.S. Dist. LEXIS 145957 at *49-51 n.79; *United States ex rel. Mason*, No. CV07-297-S-EJL, 2008 U.S. Dist. LEXIS 56218; *Ebeid v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) ("We are not persuaded that this limited [corporate fraud exception] principle should be applied in this case.  To jettison the particularity requirement simply because it would facilitate a claim by an outsider is hardly grounds for overriding the general rule, especially because the FCA is geared primarily to encourage insiders to disclose information necessary to prevent fraud on the government.  While Ebeid is not required to allege 'all facts supporting each and every instance' of [fraud,]... Rule 9(b) still requires Ebeid to plead the fraud with some level of specificity").

Importantly, the required facts pled to support a fraud claim must actually support the claim that the statements were knowingly false when made.  A recitation of "circumstances surrounding [defendants'] performance" is insufficient without providing "support for [defendants'] contention that defendants' contention that defendants' statements were false when made or that defendants had knowledge of such falsity." *In re Quarterdeck,*1992 U.S. Dist. LEXIS 21411 at **6-8.  Indeed, "hindsight is clearly unactionable, absent facts indicating the falsity of the representations when made." *Id.*

1        For example, in *Herremans*, a plaintiff alleged that BMW had knowledge of a
2   defect in a Mini-Cooper before it made allegedly false representations to the client
3   during negotiations on the sale of a vehicle.  Even in this instance of corporate fraud
4   for failure to disclose, where the court did allow a relaxed pleading standard under
5   Rule 9(b), the court explained that "it must assess whether, under Rule 8(a), her
6   allegations plausibly plead that BMW knew of the defect prior to her purchase of a
7   Mini-Cooper." *Herremans,* 2014 U.S. Dist. LEXIS 145957 at *49-59.  In *Herremans*,
8   the plaintiff attempted to overcome the requirement to plead sufficient facts to support
9   a showing that the statements were knowingly false when made by pleading facts to
10  show that there had been "numerous" customer complaints on the vehicle before and
11  after the sale of the car.  *Id.*  However, the court dismissed the fraud claims because
12  the statements were "vague, conclusory, and fail[ed] to plausibly allege BMW's
13  knowledge of the defect." *Id.*

14       Similarly, in *Wilson*, plaintiffs sued HP, alleging that it had concealed a design
15  defect in laptop computers.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1138 (9th
16  Cir. 2012).  Plaintiffs asserted that the defendants knew of the defect prior to the sale,
17  claiming that defendants had access to information regarding the risk that laptops
18  would overheat.  *Id.* at 1146-47.  The plaintiffs also alleged that consumer complaints
19  showed notice.  However, the court noted that the allegations of HP's notice and that
20  HP was "familiar with" the defect were deficient because they were "merely
21  conclusory." *Id.* at 1147.

22       In the present case, Plaintiff has failed to plead any facts to support the
23  allegation that the alleged statements that Defendants could "comply with all industry
24  standards," "meet the delivery schedule for the completed Game," and that
25  Defendants were "capable of developing the Game and had a sufficient staff for doing
26  so" were knowingly false when made.  Rather, like the plaintiffs in *Wilson* and
27  *Herremans*, Plaintiff makes vague, conclusory statements which fail to plausibly
28  allege or properly support that Defendants' statements were knowingly false when

made.  Moreover, unlike in *Wilson* and *Herremans*, this case is not the narrow type of "limited" corporate case for which the corporate exception applies.  To the contrary, the parties were co-developing the game and game software hand-in-glove for the long duration of the project.  Further, in *Wilson* and *Herrermans*, both plaintiffs pled that numerous customer complaints had been filed with the corporate defendants, but both courts still found that there was insufficient factual support because the allegations were "merely conclusory."  In the present case, Plaintiff fails to plead *any* specific supporting facts as to how or why the alleged misrepresentations were false, other than the alleged eventual failure to perform the contract down the road.

Count II fails to attach any date, recipient, place or mode of communication to any alleged misrepresentation.  Plaintiff, in its Opposition to Defendants' Motion to Dismiss, falsely claims that this statement is not true and cites to the mode of communication listed for *Count III.*  (Opp. at p. 10).  However, *Count II* is completely devoid of any date, recipient, place, or mode of communication as to any alleged misrepresentation.  *Count III* is also deficient for vagueness and for being based on mere conclusory statements.

The alleged misrepresentations themselves are also extremely vague. Paragraph 56 of Count II, for example, vaguely refers to a representation about Plaintiff's ability to comply with industry standards.  (Amended Complaint ¶ 55). Substantively, this is nothing more than a vague allegation that Defendants must have misrepresented their skills and abilities because they allegedly eventually breached the contract down the road.  Paragraph 53 similarly alleges that Defendants "represented that Descendent Studios was capable of developing the Game and had a sufficient staff for doing so." Again, no date, place, recipient nor mode of communication is specified.  More importantly, Plaintiff fails to plead any supporting facts as to why these representations were false, or why plaintiff lacked a reasonable

belief that they were true, apart from the alleged eventual failure to perform the contract by the completion date.

In Count III (actual fraud), almost every allegation is a of a broken promise to do something in the future.  However, no facts are pled to support promissory fraud nor lack of intent to perform at the time the promises allegedly were made.  Conclusory allegations of lack of intent to perform plus breach of contract are insufficient.  *Aliya Medcare Financial, LLC v. Nickell*, 156 F. Supp. 3d 1105 (C.D. Cal. 2015) (when the only non-conclusory allegation is that the contract was breached, and not that the defendant made no effort to perform, this is insufficient to state a claim for promissory fraud);  *Pac. Contours Corp. v. Fives Machining Sys.*, 2018 U.S. Dist. LEXIS 201677 *15 (C.D. Cal. 2018) (non-performance plus conclusory allegations of lack of intent to perform fail to state a claim for promissory fraud; otherwise, every alleged breach of contract could be pled as fraud).  This is especially true where, as here, lack of intent or ability to perform is pled only on information and belief, with no supporting facts. (Amended Complaint ¶ 67).  Indeed, as discussed above, "hindsight is clearly unactionable, absent facts indicating the falsity of the representations when made." *In re Quarterdeck,* 1992 U.S. Dist. LEXIS 21411, at *6-8.  The only (arguable) representations of existing fact pled in Count III were that Defendant "was capable" of performing the contract and had the necessary personnel to perform the contract.  (Amended Complaint ¶ 62(b&c)).  Again, no particular facts have been pled as to how or why these representations were false, and they are really just an attempt to inflate and exaggerate a simple and tenuous breach of contract claim beyond its logical and legal limits.  No specific facts are pled as to any failure to replace any particular departing employee, nor as to what particular staffing levels were sufficient or whether or not they were maintained.  Plaintiff argues that fraudulent intent may be based on circumstantial evidence.  (Opp. at p. 11).  However, Plaintiff fails to include any circumstantial evidence aside from the allegation that the promises were eventually broken when the game eventually was

not completed on time.  This does not comply with the particularity requirements of Rule 9(b).  *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1098-1100 (C.D. Cal. 1999) (plaintiff must plead with specificity what is false about a statement and give particulars as to why it is false).

In short, neither Count II for negligent misrepresentation nor Count III for fraud is pled with the particularity required by Rule 9(b).  Both counts are vague, conclusory, and fail to plead any facts showing that any of the alleged statements were knowingly false when made.  As such, both claims are due to be dismissed with prejudice, because Plaintiff has already amended its complaint previously in an unavailing effort to cure these very same defects.

## C.     The Economic Loss Rule

The alleged promises and representations all relate to either alleged promissory fraud, the express terms of the contract, or negotiation of the contract. (*See* Counts II and III, Amended Complaint ¶¶ 33-37).  Counts II and III are therefore barred by the economic loss rule.  *See UMG Recordings, Inc. v. Global Eagle Entertainment*, 117 F. Supp. 3d 1092 (C.D. Cal. 2015) ("Like other species of fraud claims, however, promissory fraud claims are subject to the economic loss rule;" promissory fraud claim for economic losses are barred when based on alleged lack of intent to perform contractual promises).  *See also Grand Fabrics Int'l v. Melrose Textile*, 2018 U.S. Dist. LEXIS 227594 *7 (C.D. Cal. 2018) (promissory fraud claim based on failure to meet product specifications was barred when "the misrepresentation at the center of Defendant's claim is the contract itself"); *Chaffey Joint Union High Sch. Dist. v. FieldTurf United States, Inc.*, 2016 U.S. Dist. LEXIS 195567 *9 (C.D. Cal. 2016) (negligent misrepresentation claims are barred when based on the breaches of alleged promises and representations which closely parallel the alleged breaches of contract or which were used to induce the contract).

As Plaintiff stated in its opposition, "the fundamental rule in California is that no tort cause of action will lie where the breach of duty is nothing more than a

violation of a promise which undermines the expectations of the parties to an agreement." (Opp. at p. 12), *quoting Oracle USA, Inc. v. XL Glob. Servs.*, 2009 U.S. Dist. LEXIS 59999 at *12-13 (N.D. Cal. July 13, 2009).   The alleged misrepresentations are nothing more than contractual promises which were later allegedly broken.   As discussed above, both fraud counts, which were based on "information and belief", are vague, conclusory, and fail to plead facts showing that any of the alleged statements were knowingly false when made.   Therefore, the allegations fail to support fraudulent inducement under the heightened pleading standards of Rule 9(b).   Both fraud claims amount to nothing more than alleged violation of contractual promises, with no direct or circumstantial allegations of fact showing that that Defendants supposedly lacked the intent to perform the promises when made.   Consequently, the economic loss rule still applies.

Both Count II and Count III are barred by the economic loss rule.   Both counts are due to be dismissed with prejudice, because Plaintiff has already amended its complaint previously in an unavailing effort to cure these very same defects.   It is clear that Plaintiff is merely inflicting unnecessary cost and expense by exaggerating a simple and tenuous alleged breach of contract claim to try to twist it into even more tenuous and unsupported fraud and negligent misrepresentation claims.

### D.      Failure to Plead Facts Establishing Personal Jurisdiction

Fed. R. Civ. P. 8(a)(1) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."   Plaintiff has failed to plead facts showing any sufficient basis for personal jurisdiction over Defendant Eric Peterson.

As discussed in Defendant's Motion to Dismiss, the Amended Complaint is devoid of allegations that Peterson is subject to general jurisdiction in California, and implicitly acknowledges that general jurisdiction does not exist.   Given that Peterson is alleged to be a resident (but not a citizen) of Texas, he is not subject to the exercise of general jurisdiction by the Court.

A court gains specific jurisdiction over a defendant under two circumstances: if the defendant intentionally commits a tort outside the forum that is purposefully directed or expressly aimed at the forum, or if the defendant purposefully avails itself of the privilege of doing business in the forum <u>and</u> the plaintiff's claims arises from the defendant's in-forum acts.  *Calder v. Jones*, 465 U.S. 783, 789 (1984); *Walden v. Fiore*, 571 U.S. 277, 290-91 (2014); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).  In the instant case, Plaintiff alleges that Eric Peterson, an individual residing in Texas, engaged in negligent misrepresentation, fraud, and trade libel/commercial disparagement.  Regarding the defamation claim, the purposeful availment requirement under the *Calder* "effects test" is only satisfied "when a non-resident defendant undertakes activities outside the forum state that are both aimed at and have their primary effect in the forum state."  *Callaway Golf,* 125 F. Supp. 2d at 1199-2001, *citing Calder v. Jones*, 465 U.S. at 789-90.  For a state to exercise jurisdiction consistent with due process, that relationship must arise "from actions by the defendant himself that create a *substantial* connection with the forum State."  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (emphasis added).  "The plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form necessary connection with the forum State that is the basis for its jurisdiction over him."  *High Tech Pet Prods. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*, 2014 U.S. Dist. LEXIS 29772 at *17 (E.D. Cal. 2104).

Importantly, the Ninth Circuit has made it clear that "the mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction.  Instead, we must look to 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine if the defendant's contacts are '*substantial*' and not merely 'random, fortuitous, or attenuated.'"  *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *quoting Burger King*, 471 U.S. at 478.  Beyond the mere existence of a contract between the parties, Plaintiff pleads no other contacts

with the forum state to establish personal jurisdiction.  Plaintiff fails to allege that Mr. Peterson made any trips to California, or where anybody was located when any allegedly false promises or representations were made.  Plaintiff does not allege any contacts with California out of which its claims arose.  Importantly, Plaintiff does not allege that Eric Peterson had any contacts with the forum state or that he attempted to cause damage or injury in the forum state.

If and to the extent Plaintiff relies on any forum or venue selection clause in search of jurisdiction over Mr. Erickson, Plaintiff's reliance is misplaced.  A non-party to a contract is not bound by the contract.  *Egan v. Mutual of Omaha*, 24 Cal. 3d 809, 824, 169 Cal Rptr. 691, 620 P. 2d 141 (1979); *Henry v. Ass'd Indem. Corp.*, 217 Cal. App. 3d 1405, 266 Cal Rptr. 578 (1990).  Thus, when an officer or director has not agreed to be bound by a forum selection clause, he or she is not in fact bound by it.  *Pinnacle Fitness and Recreation Management LLC v. Jerry and Vickie Family and Trust*, 2010 U.S. Dist. LEXIS 131592, 2010 WL 5141686 at *2 (S.D Cal. 2010).

In order to establish purposeful availment in a defamation/trade libel case, a plaintiff must prove that a non-resident defendant has undertaken "activities outside the forum state that are both aimed at and have their primary effect in the forum state." *Callaway Golf*, 125 F. Supp. 2d at 1199-201; *citing Calder v. Jones*, 465 U.S. at 789-90.  The Ninth Circuit has applied a "scale" approach to determining whether personal jurisdiction exists from contacts based on conduct over the Internet.  *See Cybersell*, 130 F.3d at 419.  Personal jurisdiction may exist when the contacts in question are based on "active" Web sites.  *Callaway Golf*, 125 F. Supp. 2d at 1202-04.  A Web site is "passive" where a defendant "simply posts information to those who access the site, such as advertisements and informational pieces about the Web site host." *Callaway Golf,* 125 F. Supp. 2d at 1202-04, *citing Millennium Enterprises v. Millennium Music,* 33 F. Supp. 2d 907, 915 (D. Or. 1999).  "A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Millennium*, 33 F. Supp. 2d at

1   916; *see also Cybersell*, 130 F.3d at 419; and *see Zippo*, 952 F. Supp. at 1124 ("A

2   passive Web site that does little more than make information available to those who

3   are interested in it is not grounds for the exercise personal jurisdiction").

4         Here, Plaintiff alleges an even lesser amount of purposeful direction at

5   California than a passive Web site allegedly controlled by a potential defendant.

6   Rather than an "active" Web site in which a business owner actively and purposefully

7   directs its activity in forum state and is interactive with its users and conducts business

8   online with members of the forum state with its users or customers, here Plaintiff

9   merely alleges "upon information and belief" that Defendants made disparaging

10   comments in message boards of gaming communities.  This is akin to the making

11   "information available to those who are interested," and therefore is "not grounds for

12   the exercise of personal jurisdiction." *Callaway Golf*, 125 F. Supp. at 1202-04.

13         Indeed, specifically regarding defamatory statements posted on the Internet,

14   "simply (a) knowing that the plaintiff is in the forum state, (b) posting negative

15   statements about the plaintiff's forum-related activities, and (c) referring to the forum

16   in one's writing will not suffice to satisfy the *Calder* effects test." *Burdick v. Superior*

17   *Court*, 233 Cal. App. 4th 8, 20-22, 183 Cal. Rptr. 3d 1, 9 (2015); *quoting Gorman*,

18   597 F.Supp.2d at 548.  In *Calder*, the reporter and editor "expressly aimed their

19   conduct at California."  Further, "it was not the publication of the defamatory article

20   in the National Enquirer that created jurisdiction in California.  Instead, it was the

21   intentional conduct by the reporter and the editor, combined with their knowledge that

22   the defamatory article would be published by a newspaper that had its greatest

23   circulation in California, that created jurisdiction." *Burdick*, 233 Cal. App. 4th at 25-

24   26, 183 Cal. Rptr. 3d at 13.  Unlike *Calder*, where the defamatory article was

25   published with a knowledge that the newspaper in which it was published had its

26   greatest circulation in California, and where the defendants had "expressly aimed

27   their conduct at California," (*Id.)*, Defendants' alleged comments were on an online

28

gaming discussion board which was not in California, did not have its greatest readership in California, and was not expressly aimed at California.

The few contacts alleged in the Complaint, including the "mere existence of a contract", and allegations based only on "information and belief," including comments published on a passive website simply fail to constitute contacts "directed into the forum" and fail as a matter of law under the *Calder* effects test.  The alleged comments were not "expressly aimed" at California, and there is no allegation or evidence that there was any greater circulation in California than in any other location. The Complaint therefore utterly fails to allege or establish any activities outside the forum state that are both "*aimed at and have their primary effect in the forum state*" as required under the *Calder* effects test.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is due to be dismissed for failure to adequately or sufficiently plead subject matter jurisdiction pursuant to Rules 8(a)(1), 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to plead fraud and negligent misrepresentation with sufficient particularity, and for improper venue and lack of personal jurisdiction over individual Defendant Eric Peterson.   In addition, Plaintiff's fraud and negligent misrepresentation claims are barred by the economic loss rule because they are inextricably intertwined with Plaintiff's breach of contract claim.  Because Plaintiff has already amended its complaint once to try to cure the same defects, this case should be dismissed generally with prejudice, or without prejudice only to re-file the breach of contract and disparagement claims in state or federal courts in or having jurisdiction over Austin, Texas, where Defendants reside.

Dated:  July 7, 2020

Respectfully submitted,

By: _____

Counsel

Nada I. Shamonki (SBN 205359)
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: nshamonki@mintz.com

Michael C. Whitticar (*admitted pro hac vice*)
NOVA IP Law, PLLC
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Tel:  571-386-2980
Fax:  855-295-0740
E-mail: mikew@novaiplaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On July 7, 2020, I filed a copy of the following document(s):

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com


Executed on July 7, 2020, at Los Angeles, California.  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto
Diane Hashimoto