UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00089-DOC-JDE  Date: September 4, 2020

Title: LITTLE ORBIT LLC v. DESCENDENT STUDIOS INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
| --- | --- |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| --- | --- |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING MOTION TO DISMISS [31]**

Before the Court is a Motion to Dismiss ("Motion") (Dkt. 13), accompanied by a supporting Memorandum (Dkt. 13-1), brought by Defendants Descendent Studios Inc. ("Descendent") and Eric Peterson (collectively, the "Defendants"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court now DENIES Defendants' Motion.

**I.  Background**

**A.  Facts**

The following facts are drawn from Plaintiff Little Orbit LLC's ("Plaintiff") First Amended Complaint ("FAC") (Dkt. 28). Plaintiff is a company engaged in the creation, development, publication, advertisement, marketing, and selling of video games. FAC ¶ 3. Defendant Descendent, and its CEO, Defendant Peterson, are also involved in video game development. *Id.* ¶¶ 4-5.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00089-DOC-JDE                                                                 Date: September 4, 2020

Page 2

In or around November 2014, several game developers, including Defendant Peterson, announced that they were forming Descendent Studios (i.e., one of the instant Defendants) to develop a game with the working title "Ships That Fight Underground."[1] *Id.* ¶ 9. This game was styled after the popular series of "Descent" video games from the 1990s. *Id.* ¶¶ 7-9. Around this time, Defendant Peterson became the CEO of Defendant Descendent. In or around March 2015, after signing a licensing agreement, Defendants were able to use the "Descent" name, and "Ships That Fight Underground" was renamed "Descent: Underground." *Id.* ¶ 11. Defendants used a Kickstarter campaign, which raised over $600,000, to help fund the development of "Descent: Underground." *Id.* ¶ 12.

In or around August 2017, Defendants approached Plaintiff to inquire about further financial support to complete the development of "Descent: Underground." *Id.* ¶ 13. In exchange for financial support, Plaintiff would be made the distributor of "Descent: Underground" and receive payment and royalties. *Id.* Defendants represented to Plaintiff their ability to complete the game, including written representations in the parties' eventual Development Agreement, effective September 1, 2017. *Id.* ¶¶ 14-20. The Development Agreement also established schedules for development, payment, etc. *Id.* ¶¶ 21-23.

Although "Descent: Underground" was originally scheduled for a May 2018 release, problems in development pushed that deadline back to November 2018 and then to February 2019. *Id.* ¶ 24. Despite these missed dates, Plaintiff and Defendants discussed ways for Defendants to finish the game and agreed upon a Terms Sheet dated November 28, 2018. *Id.* ¶ 26. Defendants eventually missed the February 2019 deadline and "numerous" extended deadlines thereafter. *See id.* ¶¶ 28-29. Defendants also failed to meet the specifications for the game established in the Development Agreement. *Id.* ¶ 30. Plaintiff also believes that the license for the "Descent" name has since been canceled. *Id.* ¶ 32.

Apart from the alleged failure to deliver the game as agreed, Plaintiff also alleges that Defendant Peterson made false statements "to the gaming community" in an effort to blame Plaintiff for the failed development of "Descent: Underground." *Id.* ¶ 40. Plaintiff lists a number of such alleged statements, all of which blame Plaintiff for the game's stalled development. *Id.* ¶ 42. Defendant Peterson also allegedly accused Plaintiff of trying to run Defendants out of business and take ownership of Defendants' intellectual property. *Id.*

---

[1] The Court, for obvious reasons, declines to abbreviate this title with an acronym.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00089-DOC-JDE   Date: September 4, 2020

Page 3

### B. Procedural History

Plaintiff filed its original Complaint (Dkt. 1) on January 16, 2020. After the Court granted a stipulation to amend, Plaintiff filed its First Amended Complaint (Dkt. 28) on May 14, 2020, bringing the following five claims:

(1) breach of contract;
(2) negligent misrepresentation;
(3) fraud;
(4) trade libel/commercial disparagement; and
(5) declaratory relief.

See generally FAC.

Defendants filed the instant Motion on June 4, 2020. On June 22, 2020, Plaintiff filed its Opposition (Dkt. 35), and Defendants submitted a Reply (Dkt. 38) on July 7, 2020.

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint must be dismissed under Rule 12(b)(6) when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 555 (holding that a claim must be facially plausible in order to survive a motion to dismiss).

The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Making such a determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00089-DOC-JDE                                      Date: September 4, 2020

Page 4

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.   Discussion

Defendants seek dismissal (1) for lack of subject matter jurisdiction; (2) for lack of particularity to allege misrepresentation or fraud; (3) under the economic loss rule; and (4) for lack of personal jurisdiction. The Court will address each argument in turn.

### A.   Plaintiff Has Adequately Demonstrated Subject Matter Jurisdiction

#### 1.   Legal Standard

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For a natural person—assuming they are a U.S. citizen—state citizenship is determined by the person's state of "domicile," defined as the permanent home where they intend to remain or return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00089-DOC-JDE								Date: September 4, 2020

Page 5

principal place of business." 28 U.S.C. § 1332(c)(1). A partnership or LLC, by contrast, is deemed "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

### 2. Discussion

Defendants first argue that Plaintiff has not pleaded facts sufficient to show that the parties are diverse. While the FAC alleges the residency of all of the relevant entities, Defendants argue that this is not enough to show citizenship, as required for diversity jurisdiction. *See* Mem. at 3-4. Plaintiff responds that, in context, the FAC clearly means "citizenship" when it refers to the parties' states of residence. Opp'n at 7.

Plaintiff is correct. The FAC alleges that "this matter is between citizens of different states," FAC ¶ 1, that Plaintiff's members are Matthew Paul Scott and Wilbur Quon, *id.* ¶ 3, that both Mr. Scott and Mr. Quon are California residents, *id.*, that Defendant Descendent is incorporated and has its principal place of business in Texas, *id.* ¶ 4, and that Defendant Peterson is a Texas resident, *id.* ¶ 5. Although Plaintiff does not technically plead the specific citizenship (or domicile) for Mr. Scott, Mr. Quon, or Defendant Peterson, the Court finds the allegations of their respective residences sufficient to infer their intent to remain (and thus their domicile and citizenship), especially given that the individuals live near their respective businesses. *See* FAC ¶¶ 3-5. Notably, moreover, the Memorandum does not challenge or deny the *existence* of diversity jurisdiction—Defendants argue only that Plaintiff has not adequately *pleaded* that diversity obtains. *See* Mem. at 3-5.

The Court is thus satisfied that Plaintiff has shown diversity of citizenship by a preponderance of the evidence. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard.").

### B.     Plaintiff Has Satisfied the Strictures of Rule 9(b)

Defendants next argue that Plaintiff's claims for negligent misrepresentation and fraud do not meet the heightened pleading standard of Rule 9(b). Plaintiff disagrees and asks for leave to amend if necessary.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00089-DOC-JDE                                                      Date: September 4, 2020

Page 6

### 1. Legal Standard

Federal Rule of Civil Procedure 9(b) governs pleading the special matters of fraud, mistake, and conditions of mind. The circumstances of fraud and mistake must be pleaded "with particularity." Fed. R. Civ. P. 9(b). This standard applies to claims arising under state law, and requires a claimant to set forth "the who, what, when, where, and how" of the alleged fraud, including "what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 371 F.3d 1097, 1103, 1107 (9th Cir. 2003). When fraud is alleged against multiple defendants, the claimant may not "merely lump multiple defendants together," but must instead describe the separate role of each defendant in the alleged fraud, such that each defendant can adequately prepare a defense to the accusation of fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

### 2. Discussion

The Court finds that the FAC provides enough detail to satisfy Rule 9(b). Plaintiff provides a detailed list of the allegedly false statements (*see, e.g.*, FAC ¶¶ 18-19), when they were made (e.g., during August and September 2017, *see id.* ¶¶ 18,), who made them (principally Defendant Peterson, *see id.* ¶¶ 5, 20, 53), and how (in person, over the phone, and by email, *see id.* ¶ 62). Plaintiff also explains the falsity of the statements—for example, that Defendants did not in fact have the capacity to finish "Descent: Underground" in a timely fashion and that certain key personnel were not actually involved in the game's development. *See, e.g.*, *id.* ¶¶ 33-35. Moreover, while Plaintiff makes some of its allegations on information and belief, these beliefs are also supported by alleged facts (e.g., Defendants' repeated failure to meet deadlines or the specifications for the game), and thus do not run afoul of Rule 9(b)'s particularity requirement.

Whether Plaintiff will be able to prove the elements of negligent misrepresentation and fraud is not properly before the Court at this juncture. Defendants, though, have clear notice of the conduct underlying Plaintiff's claims and ample opportunity to prepare defenses to these accusations. Consistent with controlling Ninth Circuit interpretation of the requirements of Rule 9(b), the Court thus finds that Plaintiff has met the heightened pleading requirement and may proceed with these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00089-DOC-JDE                                                Date: September 4, 2020

Page 7

### C.     The Economic Loss Rule Does Not Preclude Plaintiff's Second and Third Claims

Defendants further argue that the claims for negligent misrepresentation and fraud are barred by the economic loss rule. Mem. at 8. Plaintiff responds that the rule is inapplicable here. Opp'n at 12.

The FAC alleges that Defendants negligently or fraudulently induced Plaintiff to enter the Development agreement. FAC ¶¶ 52-69. Generally, under California law, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999). But this rule admits of exceptions, including "where the contract was fraudulently induced." *Id.* at 551-52. As Plaintiff's second and third claims are squarely within this exception, the economic loss rule is inapplicable.

### D.     The Court Has Personal Jurisdiction over Defendant Peterson

Finally, Defendants argue that Plaintiff has not pleaded facts to demonstrate the Court's personal jurisdiction over Defendant Peterson. Mem. at 9-14. Plaintiff disagrees. *See* Opp'n at 13-19.

#### 1.     Legal Standard

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If the motion "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (internal quotation marks omitted); *see Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("If a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.").

Where, as here, no federal statute authorizes personal jurisdiction, a district court will apply the law of the state in which the court sits. Fed. R. Civ. P. 4(k)(1)(A); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). California's long-arm statute permits the exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00089-DOC-JDE                                                          Date: September 4, 2020

Page 8

Code § 410.10. Thus, "the jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Schwarzenegger*, 374 F.3d at 801). Federal due process requires that a nonresident defendant "have 'certain minimum contacts' with the relevant forum 'such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.'" *Mavrix Photo, Inc.*, 647 F.3d at 1223 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). In other words, the plaintiff's claim must "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017); *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Specific personal jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The Ninth Circuit has articulated a three-part test as follows:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Morrill*, 873 F.3d at 1142 (quoting *Schwarzenegger*, 374 F.3d at 802). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If either prong is not met, then "personal jurisdiction is not established in the forum state." *Id.* If the plaintiff meets its burden, then "the burden shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Purposeful direction is analyzed under a tripartite "effects" test, which requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00089-DOC-JDE                                     Date: September 4, 2020

Page 9

at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

### 2. Discussion

Here, the conduct at issue is Defendant Peterson's alleged negligent misrepresentation, fraud, and trade libel/commercial disparagement. *See* Mem. at 9. The Court finds that, as to each course of conduct, Defendant Peterson directed his conduct to the state of California or purposefully availed himself of the state.

First, as alleged, Defendant Peterson's various statements constitute intentional acts. Second, these statements were directed to California. Defendant Peterson sought to create a contract in California between Plaintiff and Defendant Descendent; he later made disparaging statements about the California activities of a California company. California was thus the geographic focal point of his alleged activity. And Defendant Peterson knew (or reasonably should have known) that ill effects from his alleged conduct would likely be suffered in California. The Court therefore finds that purposeful direction obtains. *See also Calder v. Jones*, 465 U.S. 783 (1984) (finding personal jurisdiction based on similar allegations of a false and injurious publication).

The instant claims also arise from these contacts with California, and Defendant Peterson has not demonstrated that it would be unreasonable to exercise jurisdiction over him. The Court therefore finds that it has personal jurisdiction over Defendant Peterson.

## IV. Disposition

For the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss in its entirety. Plaintiff may proceed on the First Amended Complaint.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                            Initials of Deputy Clerk: kd

CIVIL-GEN