NADA I. SHAMONKI (SBN 205359)
nshamonki@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

MICHAEL C. WHITTICAR (*admitted pro hac vice*)
mikew@novaiplaw.com
**NOVA IP LAW, PLLC**
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Telephone: (571) 386-2980
Facsimile: (855) 295-0740

Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>Defendants. | Case No. 8:20-cv-00089-DOC-JDE<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND FOR AN** ▬▬▬<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]** |
| DESCENDENT STUDIOS INC., a Texas corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>Counterdefendant. | Date: May 24, 2021<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Judge: Hon. David O. Carter<br><br>Complaint Filed: 1/16/2020 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 24, 2021, at 8:30 a.m. or as soon thereafter as the matter can be heard by the above-entitled Court, in the Courtroom 9D of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA, 92701, Defendants will, and hereby do, move the Court for an order enforcing the Binding Settlement Terms Sheet, to permanently extend the Court's jurisdiction to do so, and for ▆▆▆▆▆▆.

This motion is made following the good faith conference of counsel pursuant to L.R. 7-3, which took place on March 30, 2021 (¶¶ 3-4 to the Michael C. Whitticar Declaration filed concurrently herewith).

1. This motion to enforce the Binding Settlement Terms Sheet is necessary due to Plaintiff's failure to comply with the Binding Settlement Terms Sheet in several different respects.

2. First, Plaintiff incorrectly and erroneously asserts that ▆▆▆▆ as used throughout the Binding Settlement Terms Sheet actually means Plaintiff's ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Plaintiff's interpretation of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is contrary to the ordinary legal definition of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ discussed during the mediation. Plaintiff's interpretation of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is also contrary to the intent of the parties in ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ to enable it to recoup its upcoming future costs and expenses. There was no discussion at the mediation of ▆▆▆▆▆▆▆▆▆ anything other than its plain language dictionary definition: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is not a term that was defined in the parties' prior Development Agreement. That agreement used the term ▆▆▆▆▆ which is a very different term with a very different meaning. The term ▆▆▆▆▆ was never mentioned at the mediation nor in the parties' settlement negotiations. Therefore, the Court should find and hold that

-1-

1 ▇▇▇ as used in the Binding Settlement Terms Sheet means ▇▇▇
2 ▇▇▇

3  3. The second dispute is that the Binding Settlement Terms Sheet was
4 signed on November 17, 2020, almost five months ago. It required three ▇▇▇
5 ▇▇▇, two of which were due within 120 days of
6 signing a written memorialization. Neither of these first two ▇▇▇ has been
7 made, not only because Little Orbit has not signed the written memorialization, but
8 also because it has plainly stated that it has no intention of making any of the
9 agreed-upon ▇▇▇ (Ex. A to Eric Peterson Declaration
10 ("Peterson Decl.") filed concurrently herewith).
11  4. Descendent has requested that Little Orbit place ▇▇▇
12 pending the signing of the written memorialization, but Little Orbit has failed and
13 refused to do so. Descendent therefore is concerned that Little Orbit lacks the ▇▇▇
14 ▇▇▇ Descendent, is stalling for time, and lacks the intent and ability to make the
15 ▇▇▇.[1] This is especially concerning given the projected ▇▇▇
16 ▇▇▇ to adequately complete
17 and market the game.
18  5. Descendent requests the Court to order Little Orbit to put ▇▇▇
19 ▇▇▇
20 ▇▇▇ when the terms of the written
21 memorialization are signed or decided upon by the Court.
22  6. The third major point of disagreement is whether the ▇▇▇
23 ▇▇▇ Paragraph 4 of the Binding Terms Sheet is, as Little Orbit
24 erroneously insists, ▇▇▇ complete failure to
25 make ▇▇▇ required under the Binding Terms Sheet, at Paragraphs 1
26 through 3.

---

[1] The email attached as Exhibit A to the Peterson Decl. clearly shows that LO plans to skip all three agreed-upon ▇▇▇ and to covertly impose its own misguided and erroneous definition of ▇▇▇

-2-

1. 7. Paragraph 4 of the Binding Terms Sheet simply provides as follows:

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

(Docket No. 48-1) (emphasis supplied).

8. This was expressly stated as a remedy for any one ▬▬▬ (singular) that was not made "<u>on time</u>", but was never stated nor agreed to be <u>sole or exclusive remedy</u> for any one or more ▬▬▬ (plural) that are not made <u>at all</u>, and especially not for all ▬▬▬ not being made <u>at all</u>. Little Orbit is trying to stretch the language of Paragraph 4 beyond its clear logical and plain grammatical meaning, because LO lacks the intention and also apparently the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ However, it is clear that Paragraph 4 was intended to address only the *timing* of ▬▬▬, and not to establish an exclusive remedy for ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

9. It should be noted that, if the game sells well, then the early ▬▬▬▬▬▬ provides Descendent with no additional ▬▬▬▬. Rather, it only improves ▬▬▬ and helps Descendent get part of the ▬▬▬▬▬▬. This potential ▬▬▬▬▬▬ is exactly the same as ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. ▬▬▬ did not intend to and would not have bargained away a minor advance in ▬▬▬ as the only and exclusive remedy for ▬ skipping, keeping and ▬▬▬▬▬▬▬▬▬▬.

10. The fourth major issue is that LO has threatened that it will not ▬▬▬▬ the game if Descendent's correct definition of ▬▬▬▬ is enforced or accepted. (Ex. B to Peterson Decl.).

11. However, as an ▬▬▬▬▬▬▬▬▬▬▬▬ has a legal obligation to use its best efforts in good faith to maximize and promote sales of the game.

-3-

12. Therefore, Defendants request the Court to Order that, as ███████ ███████ must use its best efforts in good faith to develop, market, advertise, and sell the game.

13. A written settlement memorialization which Descendent believes accurately reflects the parties' agreement as reflected in the Binding Settlement Terms Sheet (or which is actually more favorable to Little Orbit) is attached to the Peterson Decl. as Exhibit C.

14. Descendent requests the Court to order LO to sign Exhibit C to the Peterson Decl. and to ███████████████████████ that should have been ███ within 120 days (plus a month or two for the reasonable amount of time normally required to negotiate a written settlement memorialization).

15. Descendent further requests that the Court permanently retain jurisdiction to enforce the Binding Settlement Terms Sheet and written memorialization of settlement.

WHEREFORE, Defendants respectfully request the Court to permanently extend the Court's jurisdiction over the settlement in this case, to hear and decide Defendants' motion to enforce the Binding Settlement Terms Sheet, and to order LO to sign Exhibit C to the Peterson Decl. and to promptly ███████████ ███████████████████████████████████████████████. Pursuant to Paragraph 18 of the Binding Settlement Terms Sheet, the Court should also order ███████ ███████████████████████████████ in the amount of $4,000.00 incurred in getting LO to comply with the Binding Settlement Terms Sheet and to sign off on the written settlement memorialization.

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Eric Peterson and Michael C. Whitticar, the other papers and records on file in this action, and such further oral and documentary evidence as may come before the Court upon the hearing of this matter.

| | |
|---|---|
| Dated: April 16, 2021 | Respectfully submitted,<br><br>By: /s/ Michael C. Whitticar<br>Counsel<br><br>Nada I. Shamonki (SBN 205359)<br>MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.<br>2029 Century Park East, Suite 3100<br>Los Angeles, CA 90067<br>Telephone: (310) 586-3200<br>Facsimile: (310) 586-3202<br>Email: nshamonki@mintz.com<br><br>Michael C. Whitticar (*admitted pro hac vice*)<br>NOVA IP Law, PLLC<br>7420 Heritage Village Plaza, Suite 101<br>Gainesville, VA 20155<br>Tel: 571-386-2980<br>Fax: 855-295-0740<br>E-mail: mikew@novaiplaw.com<br><br>*Counsel for Defendants* |

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On April 16, 2021, I filed a copy of the following document(s):

**[REDACTED] DEFENDANTS' NOTICE OF MOTION AND MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND FOR AN** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

    leo.law.55@gmail.com

- **Michael Danton Richardson**

    mdantonrichardson@yahoo.com

Executed on April 16, 2021, at Los Angeles, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto
Diane Hashimoto