NADA I. SHAMONKI (SBN 205359)
nshamonki@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

MICHAEL C. WHITTICAR (*admitted pro hac vice*)
mikew@novaiplaw.com
**NOVA IP LAW, PLLC**
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Telephone: (571) 386-2980
Facsimile: (855) 295-0740

Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>　　　　　　Defendants.<br><br>DESCENDENT STUDIOS INC., a Texas corporation,<br><br>　　　　　　Counterclaimant,<br><br>vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　　　Counterdefendant. | Case No. 8:20-cv-00089-DOC-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND FOR** ▬▬▬<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Date:　　May 24, 2021<br>Time:　　8:30 a.m.<br>Courtroom: 9D<br><br>Judge: Hon. David O. Carter<br><br>Complaint Filed:　1/16/2020 |

1    Defendants Descendent Studios, Inc. ("Descendent") and Eric Peterson
2 ("Peterson") (collectively the "Defendants"), by the undersigned counsel, hereby
3 respectfully submit this memorandum in support of their Motion to Enforce the
4 Binding Settlement Terms Sheet and to permanently extend the Court's jurisdiction
5 to do so, and for ▮▮▮▮▮▮▮▮▮▮▮

## I. INTRODUCTION

On November 17, 2020, the parties participated in the Settlement Conference before Magistrate Judge Early. As noted in Judge Early's Minutes of Settlement Conference [Docket No. 68], the "parties reached a settlement of this matter, the material terms of which are contained in writing, signed electronically with the parties' and counsels' consent, and filed as attachment hereto under seal." The attachment at Docket 68-1 is the Binding Settlement Terms Sheet, which is also attached as part of Exhibit C to the Eric Peterson Declaration ("Peterson Decl.") filed concurrently herewith. The agreement reached in the Binding Settlement Terms Sheet was a final and binding Settlement Agreement even though the parties may draft and execute a further, more detailed memorialization.

## II. ARGUMENT

"[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *City of Equities Anaheim v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim)*, 22 F.3d 954, 957 (9th Cir. 1994). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).

This motion to enforce the Binding Settlement Terms Sheet is necessary due to Plaintiff's failure to comply with the Binding Settlement Terms Sheet in several different respects.

1  First, Plaintiff incorrectly and erroneously asserts that ▮▮▮▮ as used
2  throughout the Binding Settlement Terms Sheet actually means Plaintiff's
3  ▮▮▮▮
4  ▮▮▮▮. Plaintiff's interpretation of ▮▮▮▮
5  ▮▮▮ is contrary to the ordinary legal definition of ▮▮▮▮
6  and was never discussed during the mediation. According to Black's Law
7  Dictionary, the very first definition of ▮▮▮▮
8  ▮▮▮▮ B.A. Garner, Black's Law Dictionary,
9  ▮▮▮ (11th Ed. 2019). Plaintiff's interpretation of ▮▮▮▮
10 ▮▮▮ is also contrary to the intent of the parties in allocating as much as
11 percent of the early ▮▮▮▮ to ▮▮▮▮
12 ▮▮▮▮. There was no discussion at the mediation of
13 meaning anything other than its plain language dictionary definition:
14 ▮▮▮▮ is not a term that was defined in the parties' prior
15 Development Agreement. That agreement used the term ▮▮▮ which on its
16 face is a very different term with a very different meaning. Therefore, the Court
17 should find and hold that ▮▮▮ as used in the Binding Settlement Terms
18 Sheet means ▮▮▮▮, because ▮▮▮ was never
19 discussed during the mediation and settlement negotiations.
20  The second dispute is that the Binding Settlement Terms Sheet was signed on
21 November 17, 2020, almost five months ago. It required three ▮▮▮▮
22 ▮▮▮▮, two of which were due within 120 days of signing a
23 written memorialization. Neither of these first ▮▮▮ has been made, not
24 only because Little Orbit has not signed the written memorialization, but also
25 because Little Orbit has plainly stated that it has no intention of making any of the
26 agreed-upon ▮▮▮▮. (Ex. A to Peterson Decl.).
27  Descendent has requested that Little Orbit place ▮▮▮▮ pending the
28 signing of the written memorialization, but Little Orbit has failed and refused to do

1   so. Descendent therefore is concerned that Little Orbit lacks the ███
2   Descendent, is stalling for time, and lacks the intent and ability to make the
3   ███.[1] This is especially concerning given the projected ███
4   ███ that will be needed for ███ adequately complete
5   and market the game.
6       Descendent requests the Court to order ███
7   ███ and to order
8   ███ Descendent when the terms of the written memorialization are
9   signed or decided upon by the Court.
10      The third major point of disagreement is whether the ███ provided for
11  in Paragraph 4 of the Binding Settlement Terms Sheet is, as Little Orbit erroneously
12  insists, Descendent's sole remedy for Little Orbit's complete failure to make ███
13  ███ required under the Binding Settlement Terms Sheet, at Paragraphs
14  1 through 3.
15      Paragraph 4 of the Binding Settlement Terms Sheet simply provides as
16      follows:
17  ███
18  
19  (Docket No. 48-1) (emphasis supplied).
20      This was expressly stated as a remedy for any one ███ (singular) that
21  was not made "<u>on time</u>", but was never stated nor agreed to be ███ <u>sole or</u>
22  <u>exclusive remedy</u> for any one or more ███ (plural) that are not made <u>at all</u>, and
23  especially not for all three ███ not being made <u>at all</u>. Little Orbit is trying to
24  stretch the language of Paragraph 4 beyond its clear logical and plain grammatical
25  meaning, because LO lacks the intention and also apparently t███ to
26  make the required ███. However, it is clear that Paragraph 4 was

---

[1] The email attached as Exhibit A to Peterson Decl. clearly shows that LO plans to skip all three agreed-upon ███ and to covertly impose its own misguided and erroneous definition of ███

-3-

1 | intended to address only the *timing* of ▮▮▮, and not to establish an exclusive
2 | remedy for ▮ failing to make one or more ▮▮▮ ever or at all.
3 | It should be noted that, if the game sells well, then the early ▮▮▮
4 | ▮▮▮ provides ▮▮▮ with no additional ▮ at all. Rather, it only
5 | improves ▮▮▮ and helps ▮▮▮ get part of the back-end ▮▮▮
6 | ▮▮▮ This potential "early" ▮▮▮ is exactly the same as
7 | ▮▮▮.
8 | ▮▮▮ did not intend to and would not have bargained away a minor advance
9 | in ▮▮▮ as the only and exclusive remedy for ▮ skipping, keeping and
10 | pocketing ▮▮▮
11 | The fourth major issue is that LO has threatened that it will not market or
12 | promote the game if Descendent's correct definition of ▮▮▮
13 | ▮▮▮ enforced or accepted. (Ex. B to Peterson Decl.).
14 | However, as ▮▮▮ has a legal obligation to use its
15 | best efforts in good faith to maximize and promote sales of the game. *See Branley*
16 | *v. Crosby Research Foundation, Inc.*, 73 Cal. App. 2d 103, 112 (1st Div. Ct. App.
17 | 1946), citing Cal. Civ. Code §§ 1655,1656. *See also Wolf v. Walt Disney Pictures*
18 | *& Television*, 162 Cal. App. 4th 1107, 1120 (2nd Dist. Ct. App. 2008) (covenants to
19 | use good faith and best efforts is "routinely implied" when ▮▮▮
20 | ▮▮▮ in exchange for a percentage of profits or royalties); *Vectren*
21 | *Communications Services v. City of Alameda*, 2009 U.S. Dist. LEXIS 72811 * 13
22 | (N.D. Cal. August 18, 2009); *Ekland Marketing Company of California, Inc. v.*
23 | *Lopez*, 2007 U.S. Dist. LEXIS 48391 *4 (E.D. Cal. June 5, 2007). *Cf.* Cal. Comm.
24 | Code §2306(2) ▮▮▮ contracts for the sale of goods require the buyer
25 | "to use best efforts to promote their sales."). This includes at least the reasonable
26 | and customary amount of advertising and promotion.

1  Therefore, Defendants request the Court to order that, ███████████
2  ███ use its best efforts in good faith to develop, market, advertise, and sell the
3  game.
4       A written settlement memorialization which Descendent believes accurately
5  reflects the parties' agreement as reflected in the Binding Settlement Terms Sheet is
6  attached to the Peterson Decl. as Exhibit C.
7       Descendent requests the Court to order LO to sign Exhibit C and to ██
8  ████████████████████ that should have been ████████████ (plus a
9  month or so for the reasonable amount of time normally required to negotiate a
10 written settlement memorialization).
11      Descendent further requests that the Court permanently retain jurisdiction to
12 enforce the Binding Settlement Terms Sheet and written memorialization of
13 settlement.

### III. CONCLUSION

15      In conclusion, Defendants respectfully request the Court to permanently
16 extend the Court's jurisdiction over the settlement in this case, to hear and decide
17 Defendants' motion to enforce the Binding Settlement Terms Sheet, and to order LO
18 to sign Exhibit C to the Peterson Decl. and to promptly ████████████████
19 ██████ due under the Binding Settlement Terms Sheet. Pursuant to Paragraph
20 18 of the Binding Settlement Terms Sheet, the Court should also order LO to pay
21 Defendants' ████████████████████████████████ incurred in
22 getting LO to comply with the Binding Settlement Terms Sheet and to sign off on
23 the written settlement memorialization (¶ 6 to the Michael C. Whitticar Declaration
24 filed concurrently herewith).

-5-

Dated: April 16, 2021

Respectfully submitted,

By: /s/ Michael C. Whitticar
Counsel

Nada I. Shamonki (SBN 205359)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: nshamonki@mintz.com

Michael C. Whitticar (*admitted pro hac vice*)
NOVA IP Law, PLLC
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Tel: 571-386-2980
Fax: 855-295-0740
E-mail: mikew@novaiplaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On April 16, 2021, I filed a copy of the following document(s):

**[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND FOR** ▮▮▮▮▮▮▮▮▮▮

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

    leo.law.55@gmail.com

- **Michael Danton Richardson**

    mdantonrichardson@yahoo.com

Executed on April 16, 2021, at Los Angeles, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto
Diane Hashimoto

-1-