NADA I. SHAMONKI (SBN 205359)
nshamonki@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

MICHAEL C. WHITTICAR (*admitted pro hac vice*)
mikew@novaiplaw.com
**NOVA IP LAW, PLLC**
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Telephone: (571) 386-2980
Facsimile: (855) 295-0740

Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>　　　　　Defendants.<br>_____<br>DESCENDENT STUDIOS INC., a Texas corporation,<br><br>　　　　　Counterclaimant,<br><br>　vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　　Counterdefendant. | Case No. 8:20-cv-00089-DOC-JDE<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND FOR ▮▮▮**<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Date:　　May 24, 2021<br>Time:　　8:30 a.m.<br>Courtroom: 9D<br><br>Judge: Hon. David O. Carter<br><br>Complaint Filed:　1/16/2020 |

1   Defendants have filed a Motion to Enforce the Binding Settlement Terms
2   Sheet, to permanently extend the Court's jurisdiction to do so ███████████
3   ██
4   Having considered the submissions and the arguments of the parties, the Court
5   hereby finds and orders as follows:
6      1.   Defendants' motion to enforce the Binding Settlement Terms Sheet is
7   granted due to Plaintiff's failure to comply with the Binding Settlement Terms Sheet
8   in several different respects.
9      2.   █████████ as used in the Binding Settlement Terms Sheet and
10  Settlement Agreement Memorialization means ████████████████████
11     3.   Little Orbit is ordered to ████████████████
12  ███████████████████████ within ten (10) calendar days of the
13  entry of this Order.
14     4.   Paragraph 4 of the Binding Terms Sheet is not Descendent's sole
15  remedy for Little Orbit's complete failure to ████████████ required under
16  the Binding Settlement Terms Sheet, through Paragraphs 1 through 3.
17     5.   Paragraph 4 of the Binding Settlement Terms Sheet was expressly stated
18  as a remedy for any one ██████ (singular) that was not made "<u>on time</u>", but was
19  never stated nor agreed to be Descendent's sole or exclusive remedy for any one or
20  more ██████ (plural) that are not made <u>at all</u>, and especially not for ████
21  ████ not being made <u>at all</u>.  Paragraph 4 was intended to address only the
22  <em>timing</em> of ████████, and not to establish an exclusive remedy for ██ failing to make
23  one or more ████████ <u>ever or at all</u>.
24     6.   █████████ will be in material breach if it fails to make any one or more
25  ████████ at all, or if it fails to make any two or more ██████ on time.
26  █████████ has threatened that it will not market or promote the game if
27  █████████ correct definition of █████████████████████
28  █████████████████

-1-

8. However, as an ██████████████████████ has a legal obligation to use its best efforts in good faith to maximize and promote sales of the game. *See Branley v. Crosby Research Foundation, Inc.*, 73 Cal. App. 2d 103, 112 (1st Div. Ct. App. 1946), *citing* Cal. Civ. Code §§ 1655, 1656. *See also Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1120 (2nd Dist. Ct. App. 2008) (covenants to use good faith and best efforts are "routinely implied" ████ ████████████████ rights in exchange for a percentage of profits or royalties). *Cf.* Cal. Comm. Code §2306(2) (█████████ contracts for the sale of goods require the buyer "to use best efforts to promote their sales."). This includes at least the reasonable and customary amount of advertising and promotion.

9. The Court hereby finds and orders that ██████████████████ ██████, must use its best efforts in good faith to develop, market, promote, advertise, and sell the game, including but not limited to conducting a reasonable and customary amount of advertising and promotion.

10. A written settlement memorialization which accurately reflects the parties' agreement as reflected in the Binding Settlement Terms Sheet is attached to the Eric Peterson Declaration in Support of Defendants' Motion as Exhibit C. Little Orbit shall sign and return that document to Defendants' counsel within three (3) business days.

11. The Court permanently retains jurisdiction to enforce the Binding Settlement Terms Sheet and written memorialization of settlement.

12. Within thirty (30) days, ██████████████████████ ██████████████ for preparing, filing and writing its Motion to Enforce pursuant to Paragraph 18 of the Binding Settlement Terms Sheet.

SO ORDERED.

DATED:

                                              Honorable David O. Carter
                                              U.S. District Court Judge

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On April 16, 2021, I filed a copy of the following document(s):

**[REDACTED] [PROPOSED] ORDER ON DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND FOR** ████████████

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com

Executed on April 16, 2021, at Los Angeles, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto
Diane Hashimoto