M. DANTON RICHARDSON (State Bar No. 141709)
mdantonrichardson@yahoo.com
LEO E. LUNDBERG, JR. (State Bar No. 125951)
leo.law.55@gmail.com
LAW OFFICES OF M. DANTON RICHARDSON
131 N. El Molino Ave., Suite 310
Pasadena, CA 91101
*Attorneys for Plaintiff,*
LITTLE ORBIT LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>　　　　Defendants.<br>_____<br>DESCENDENT STUDIOS INC., a Texas corporation,<br><br>　　　　Counterclaimant,<br><br>　vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　Counter Defendant.<br>_____ | Case No.: 8:20-cv-00089-DOC-JDE<br><br>Judge:　　Hon. David O. Carter<br><br>**PLAINTIFF LITTLE ORBIT LLC'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND FOR** ▆▆▆▆▆▆▆▆▆▆<br><br>[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]<br><br>**Date: May 24, 2021**<br>**Time: 8:30 a.m.**<br>**Courtroom: 9D** |

1
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

## I. INTRODUCTION

Defendants' Motion is basically asking this Court re-write and also add terms to the Settlement Terms Sheet entered into between the parties. That is not authorized under the law and the Motion should be denied. In fact, what the Motion clearly establishes is that there was never a meeting of the minds between the parties as to the essential terms required for a settlement of this action and the Court should therefore declare that the Settlement Terms Sheet is not valid and set a new trial and related dates in this matter.

## II. ARGUMENT

### A. The Settlement Terms Sheet Agreement Cannot Be Enforced Because There Has Not Been A Meeting of The Minds on Essential Terms

The Defendants are contending ▮▮▮▮▮ must be given a meaning detached from the parties' prior agreement even though no specific meaning ▮▮▮▮▮ was ever mentioned nor discussed during the parties' negotiations. That is because, as Plaintiff understood it, such finer points were already addressed and settled in the Development Agreement in the dispute. Declaration of Matthew Scott ("Scott Decl."), ¶ 8. In that regard it must be remembered that the Settlement Terms Sheet was not a newly minted agreement between the parties which started from scratch but was based, at least in Plaintiff's understanding during the negotiations at least, on the Agreement already in place between the parties which was merely tweaked to some extent. Scott Decl., ¶ *. The very nature of the Terms Settlement Sheet itself shows this – it was basically a short form bullet point listing of key terms and did not flesh out all of the details. Plaintiff assumed those details were provided by the Agreement in dispute. Scott Decl., ¶ 8. Defendant, at least now, disagrees. Unfortunately, that dispute evidences that the parties did not have a clear meeting of the minds in entering into the Settlement Terms Sheet.

The dispute as to ▮▮▮▮▮ is a perfect example. One can argue after the fact what was meant by the parties but without the parties clearly expressing ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ it is uncertain and shows there was never a clear meeting of the minds. Defendants argue that Black's Law Dictionary definition should be used to supply that much needed definition, but why? The parties never consulted that meaning during their discussions. More importantly, the very argument that a dictionary should be consulted to

1  supply needed meaning shows the parties never had a meeting of the minds as to their respective
2  understandings of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Put simply, without defining ▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the parties clearly had different
4  understandings of the term as used in this context, one party (Plaintiff) had a belief based on the
5  parties' prior Agreement and the other party (Defendants) had a belief (or so they say now)
6  based on a legal dictionary definition.
7       The dispute raised by Defendants regarding ▮▮▮▮▮▮ of the Settlement Terms Sheet
8  also shows the parties never had a meeting of the minds.  That clause provides that ▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮  Plaintiff understood ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is not only not what the
11 clause provides but also clearly evidences there was no meeting of the minds.
12      State contract law governs whether the parties have reached an enforceable agreement
13 settling the claims alleged in Plaintiff's complaint. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir.
14 2014) (citing *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993).) (recognizing
15 that "a settlement agreement is governed by principles of state contract law . . . even where a
16 federal cause of action is "settled'").  Under California contract law, where there has been no
17 meeting of the minds there is no contract.

> A meeting of the minds is essential to the formation of a valid contract. (1 Corbin on Contracts (1963 ed.) § 107, p. 478.) If there is no meeting of the minds due to the offeror's mistake, a court will not find a contract was formed unless the offeror's conduct was such that the other party would not be misled by the mistake. ***If the proponent of the contract had reason to know of the mistake, the mistaken party can avoid the contract.*** ( Rest.2d Contracts, § 153, com. e.)

*In re First Capital Life Ins. Co.*, 34 Cal.App.4th 1283, 1288, 40 Cal.Rptr.2d 816, 820 (1995) (emphasis added).

> "[T]here is no contract until there has been a meeting of the minds on all material points." (*Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 358 [72 Cal. Rptr. 2d 598].) "Mutual intent is determinative of contract formation because ***there***

*is no contract unless the parties thereto assent, and they must assent to the same thing, in the same sense. …* Thus, the failure to reach a meeting of the minds on all material points prevents the formation of a contract even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract." (*Id*. at pp. 358–359, citation omitted.)

*Am. Emp'rs Grp., Inc. v. Emp't Dev. Dep't*, 154 Cal.App.4th 836, 846-47, 65 Cal.Rptr.3d 233, 241 (2007) (emphasis added).

  **B. The Meaning ▮▮▮▮ Must be Viewed in the Context of the Development Agreement Which was the Subject of the Parties Dispute**

  Defendants argue that the legal meaning ▮▮▮▮ from Black's Law Dictionary should be applied to the term as used in the parties' Settlement Terms Sheet. That argument is misplaced as the parties are not lawyers and there is no evidence either party ever reviewed or relied on that meaning during the Settlement Conference. Instead, the touchstone for the parties' negotiations was the parties' prior Agreement which is the subject of this dispute and which Agreement already provided for how ▮▮▮▮ was to be to determined between the parties.

  Pursuant to the terms of the Settlement Terms Sheet, ▮▮▮▮

▮▮▮▮ The wording on the Settlement Terms Sheet leaves no ambiguity. There is a specific clause that covers ▮▮▮▮ and that clause specifically applies ▮▮▮▮, contrary to Defendants' after the fact contention in their Motion.

  Simply put, the parties' discussions focused on ▮▮▮▮ with the parties' prior Agreement providing the context and foundation for those discussions. There was never any discussion let alone agreement that ▮▮▮▮ any differently than had previously been agreed to between the parties. Scott Decl., ¶¶ 8 and 10. Without some specific discussion let alone express agreement to vary such ▮▮▮▮ it is wrong of Defendants to now, after the fact, argue some legal definition

1  totally unrelated to the parties' prior Agreement and never mentioned nor discussed should be
2  controlling.
3        In reaching a settlement, Plaintiff made ▮▮▮▮
4  ▮▮▮▮ in allowing Defendant to avoid any responsibility or penalty for Defendant's total
5  failure to complete and deliver the Game on time notwithstanding the fact ▮▮▮▮
6  ▮▮▮▮
7  ▮▮▮▮ Plaintiff was willing to do so
8  because it determined ▮▮▮▮
9  ▮▮▮▮.
10       Defendants' interpretation of the Settlement Terms Sheet would give ▮▮▮▮
11 ▮▮▮▮ than the original Agreement contained, which is absurd.  There
12 simply was no logical reason for Plaintiff to agree, nor would Plaintiff ever agree, ▮▮▮▮
13 ▮▮▮▮
14 ▮▮▮▮ especially
15 given Plaintiff firmly believed it would prevail should the case proceed.
16
17     C.   ▮endants are Attempting to Re-Write ▮▮▮▮ as Provided in the
         Terms Sheet to ▮▮▮▮
18
19       Defendants also argue, contrary to the clear language of the Settlement Terms Sheet, ▮
20 ▮▮▮▮ and that ▮▮▮▮
21 ▮▮▮▮ was never agreed ▮▮▮▮
22 ▮▮▮▮.  In fact, Defendants make the argument that ▮▮▮▮
23 ▮▮▮▮ but that is false.
24 The language does not ▮▮▮▮ Defendants' interpretation defies
25 simple logic.
26       First, the Settlement Terms Sheet is very clear in addressing what happens if ▮
27 ▮▮▮▮.
28 There is nothing ▮▮▮▮
    ▮▮▮▮.  Plaintiff recognized that the

1 [REDACTED] and therefore this disputed
2 provision was expressly added [REDACTED]
3 [REDACTED]. In light of that intent, [REDACTED]
4 [REDACTED]. Scott Decl., ¶¶ 7 and 12. To the extent
5 Defendants now claim otherwise, that is yet another example of the parties not having a meeting
6 of the minds as to an essential term.
7     Second, and even more revealing, is the fact Defendants are effectively arguing that
8 [REDACTED] which is absurd and
9 [REDACTED]
10 [REDACTED]
11 [REDACTED]
12 [REDACTED]
13 [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 [REDACTED]
17 [REDACTED]
18 [REDACTED]
19 [REDACTED]
20 [REDACTED]
21 [REDACTED]
22 [REDACTED]
23 That is clearly the case here just on the face of such clause [REDACTED]
24 [REDACTED]
25 [REDACTED]
26 [REDACTED]
27 [REDACTED]. Rather,
28 as is clear, [REDACTED]. Otherwise, it would be

### D. Defendants are Effectively Asking the Court to Provide Improper Advisory Opinions as to Several Issues

Defendants are effectively asking the Court for an advisory opinion as to several issues. The first concerns ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, neither of which has happened yet. As such, there clearly has been no breach of the Settlement Terms Sheet by Plaintiff ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Defendant's request for a ruling regarding that possible future obligation is asking for an advisory opinion which is prohibited. *Montana Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir. 2014) (quoting Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1123 (9th Cir. 2009) ("the Court may not issue an advisory opinion; it may adjudicate only 'concrete legal issues, presented in actual cases, not abstractions.'"); see also *Garcia v. City of L.A.*, 481 F. Supp. 3d 1031, 1047 n.25 (C.D. Cal. 2020). Additionally, Defendant's reliance on an email between the parties trying to settle their disagreement regarding the requirement of the Settlement Terms Sheet ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is objected to as improper use of settlement discussions. Fed. R. Evid. 408; see also *Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005).

The second advisory opinion concerns the Defendants request ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 2:18-20. The is no requirement in the Settlement Terms ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants are asking the Court for an improper advisory opinion. *Id*.

Defendants are also asking the Court to order ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 4:1-3. This again is a request for an advisory opinion as to Plaintiff's contractual obligations which

Case 8:20-cv-00089-DOC-JDE   Document 68   Filed 05/03/21   Page 8 of 10   Page ID #:751

improper and such request is not even supported ████████████████████████. ████████████████████████████████████████. Scott Decl., ¶¶ 14-16.

    **E.    Defendants' ████████████████████████████ and Therefore that Constitutes a Failure of Consideration by Defendants Regarding the Settlement Terms Sheet**

As noted in the "Binding Settlement Terms Sheet" in ████████████████ ████████████████████████████████████ This was understood by Plaintiff ████ ████████████████████████████████████████████████████ ████████████ Defendants' have since confirmed ████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████. This is another ground on which the Court should deny enforcement of the Settlement Terms Sheet ████████ ████████ and instead place this action back on the Court's docket.

    **F.    **████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████

### III.    CONCLUSION

Defendants are not only wrong in their positions regarding how the Settlement Terms Sheet should be interpreted (with additional requests to even add to those terms for good measure) but the very arguments presented by Defendants' Motion to Enforce clearly show there was never any meeting of the minds regarding the essential terms. Accordingly, this Court

8
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

should deny the Motion in its entirety and declare that the Binding Settlement Terms Sheet is not valid and set a new trial and related dates in this matter.

DATED: May 3, 2021          **LAW OFFICES OF M. DANTON RICHARDSON**

By:   /s/ M. Danton Richardson
              M Danton Richardson

*Attorney for Plaintiff,*
Little Orbit LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd Day of May, 2021, the foregoing **PLAINTIFF LITTLE ORBIT LLC'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION** ▮▮▮▮▮ was filed with the Court's CM/ECF system and was served on the following counsel of record via email:

Michael C. Whitticar; VSB No. 32968
NOVA IP Law, PLLC
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Tel:  571-386-2980
Fax:  855-295-0740
Email: mikew@novaiplaw.com
Counsel for Defendants

NADA I. SHAMONKI (SBN 205359)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: nshamonki@mintz.com
Counsel for Defendants

/s/ M. Danton Richardson
M. Danton Richardson

10
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE