M. DANTON RICHARDSON (State Bar No. 141709)
mdantonrichardson@yahoo.com
LEO E. LUNDBERG, JR. (State Bar No. 125951)
leo.law.55@gmail.com
LAW OFFICE OF M. DANTON RICHARDSON
131 N. El Molino Ave., Suite 310
Pasadena, CA 91101
*Attorneys for Plaintiff,*
LITTLE ORBIT LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>　　　　Defendants.<br>_____<br>DESCENDENT STUDIOS INC., a Texas corporation,<br><br>　　　　Counterclaimant,<br><br>　vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>　　　　Counter Defendant.<br>_____ | Case No.: 8:20-cv-00089-DOC-JDE<br><br>Judge:　　Hon. David O. Carter<br><br>**PLAINTIFF LITTLE ORBIT LLC'S OBJECTIONS TO THE DECLARATION OF ERIC PETERSON IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND** ▇▇▇▇▇▇<br>▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇<br><br>**[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]**<br><br>**Date: May 24, 2021**<br>**Time: 8:30 a.m.**<br>**Courtroom: 9D**<br><br>**Complaint Filed: 1/16/2020** |

Plaintiff, LITTLE ORBIT, LLC ("Plaintiff" or "Little Orbit") hereby objects to the Declaration of Eric Peterson In Support of Defendants' Motion To Enforce The Binding Settlement Terms Sheet, To Extend The Court's Jurisdiction And ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮, as follows:

| TESTIMONY | OBJECTIONS |
|---|---|
| 2. The facts stated in Defendants' Motion to Enforce the Binding Settlement Terms Sheet are true and correct. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture<br><br>The facts set forth in Defendants' Motion to Enforce the Binding Settlement Terms Sheet do not accurately reflect the discussions, negotiations and understanding of the parties leading to the execution of the Binding Settlement Terms Sheet. The Binding Settlement Terms Sheet did not encompass the full terms of settlement and issues remained to be determined. Defendants' representations of settlement discussions are inaccurate and incomplete. Defendants admit the parties never discussed the meaning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and there was no need to do so as the original agreement accurately reflected ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendants' Motion to Enforce does not accurately reflect the parties' understanding. To the extent Defendants disagree as to the meaning ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as set forth in the original Distribution Agreement there was no meeting of the minds and therefore no enforceable agreement. |

| TESTIMONY | OBJECTIONS |
|---|---|
| 3. Exhibit A is a genuine and authentic copy of an email from Matt Scott of Little Orbit to me dated March 23, 2021. | Hearsay, FRE 802; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408<br><br>This email evidences ongoing settlement negotiations and discussions between the parties in their efforts to agree to a formal long for agreement. The parties never reached a meeting of the minds. |
| 4. Exhibit B is a genuine and authentic copy of a second email from Matt Scott of Little Orbit to me dated March 23, 2021. | Hearsay, FRE 802; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408<br><br>This email evidences ongoing settlement negotiations and discussions between the parties in their efforts to agree to a formal long for agreement. The parties never reached a meeting of the minds. |
| 5. Exhibit C accurately reflects the terms and conditions set forth in the Binding Terms Sheet and the parties' settlement negotiations. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408<br><br>Exhibit C is not an accurate reflection of the terms and conditions set forth in the Binding Terms Sheet but includes numerous additional terms to which the parties never discussed or agreed. For example, there was never any agreement ▓▓▓ ▓▓▓ any different than what was provided for in the Development Agreement. Therefore, there was never a meeting of the minds sufficient to form a contract or binding, enforceable agreement that ▓▓▓ ▓▓▓. |
| 6. Plaintiff's interpretation of ▓▓▓ ▓▓▓ contrary to the intent of the parties ▓▓▓ ▓▓▓ There was no | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial |

| TESTIMONY | OBJECTIONS |
|---|---|
| discussion at the mediation of ▮▮▮ meaning anything other than its plain language dictionary definition: ▮▮▮ ▮▮▮. | than probative, FRE 403; Offer of Compromise, FRE 408; Lacks foundation.<br><br>Little Orbit's understanding was that ▮▮▮ ▮▮▮ according to the Distributor Agreement previously executed by the parties. There was no discussion or agreement regarding altering ▮▮▮ ▮▮▮ from the original Development Agreement. To the extent Defendants contend otherwise this establishes there was and is no meeting of the minds.<br><br>Mr. Peterson has set forth no basis for knowing Little Orbit's intent. Mr. Peterson's argument that ▮▮▮ ▮▮▮ ▮▮▮ is simply false and was not anything that was ever discussed or agreed to by Plaintiff. In fact, under the original Development Agreement at issue ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ from the original Development Agreement. Compare Settlement Terms Sheet and the Development Agreement, Scott Declaration, Exhibit A, Schedule 1 at page 13.<br><br>During settlement discussions Little Orbit had no intent to place itself in a worse ▮▮▮ position by way of settlement than it would have by enforcing the original agreement. To the extent that the settlement would do so, which is exactly what Defendants' are arguing for, there was no meeting of the minds of the parties and therefore no binding compromise agreement. |

| TESTIMONY | OBJECTIONS |
|---|---|
| 8. Descendent has requested that ▇▇▇ Descendent therefore is concerned ▇▇▇ This is especially concerning given ▇▇▇ | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture.<br><br>Defendants' conjecture as to ▇▇▇ is irrelevant and pure conjecture. ▇▇▇ and never had any intention to do so. |
| 9. The email attached as Exhibit A clearly shows that ▇▇▇ | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture.<br><br>There has not been ▇▇▇ Moreover, the Binding Settlement Terms Sheet set forth ▇▇▇ Little Orbit's interpretation of ▇▇▇ r is exactly that as set forth in the parties' original Distribution Agreement. There was never any discussion during settlement negotiations of the term ▇▇▇ or its meaning. There has never been a meeting of the minds of the parties regarding Defendants' interpretation of the term ▇▇▇ The term ▇▇▇ is an essential element and as there was clearly no meeting of the minds on that term and therefore there is no binding agreement between the parties. |
| 10. Paragraph 4 of the Binding Terms Sheet was intended to address ▇▇▇ | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of |

| TESTIMONY | OBJECTIONS |
|---|---|
|  | Compromise, FRE 408; Speculation and Conjecture.<br><br>That is not what ▮▮▮▮ provides. Defendants' private interpretation of ▮▮▮▮ of the Binding Terms Sheet merely evidences that there was no meeting of the minds and therefore no binding settlement agreement. |
| 11. Descendent did not intend to and would not have ▮▮▮▮▮▮▮▮▮▮. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture.<br><br>Little Orbit would ▮▮▮▮▮▮▮▮▮▮▮▮. Rather, this disputed clause simply ▮▮▮▮▮▮. The very fact there is dispute as to this term, however, shows there was no meeting of the minds and therefore no binding settlement agreement. |
| 12. ▮▮▮▮▮▮▮▮▮▮ is enforced or accepted. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture.<br><br>Defendant is improperly relying on statements from the parties' on-going settlement discussions taken out of context.<br><br>▮▮▮▮▮▮▮▮▮▮ |
| 13. A ▮▮▮▮▮▮▮▮▮▮ as reflected in the Binding Terms Sheet is attached as Exhibit C. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial |

| TESTIMONY | OBJECTIONS |
|---|---|
| | than probative, FRE 403; Offer of Compromise, FRE 408<br><br>Exhibit C is not ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ forth in the Binding Terms Sheet but adds ▮▮▮▮▮▮ ▮▮▮▮▮ which the parties never agreed, nor even discussed in many instances. There was never a meeting of the minds sufficient to form a contract or binding, enforceable agreement. |

DATED: May 3, 2021         **LAW OFFICE OF M. DANTON RICHARDSON**


By:   /s/ M. Danton Richardson
         M Danton Richardson

*Attorney for Plaintiff,*
Little Orbit LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd Day of May 2021, the foregoing **PLAINTIFF LITTLE ORBIT LLC'S OBJECTIONS TO THE DECLARATION OF ERIC PETERSON IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND** ▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ was filed with the Court's CM/ECF system and was served on the following counsel of record via email:

    Michael C. Whitticar; VSB No. 32968
    NOVA IP Law, PLLC
    7420 Heritage Village Plaza, Suite 101
    Gainesville, VA 20155
    Tel:  571-386-2980
    Fax:  855-295-0740
    Email: mikew@novaiplaw.com
    Counsel for Defendants

    NADA I. SHAMONKI (SBN 205359)
    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    2029 Century Park East, Suite 3100
    Los Angeles, CA 90067
    Telephone: (310) 586-3200
    Facsimile: (310) 586-3202
    Email: nshamonki@mintz.com
    Counsel for Defendants

                                                    /s/ M. Danton Richardson
                                                       M. Danton Richardson