M. DANTON RICHARDSON (State Bar No. 141709)
mdantonrichardson@yahoo.com
LEO E. LUNDBERG, JR. (State Bar No. 125951)
leo.law.55@gmail.com
LAW OFFICE OF M. DANTON RICHARDSON
131 N. El Molino Ave., Suite 310
Pasadena, CA 91101
*Attorneys for Plaintiff,*
LITTLE ORBIT LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company, | Case No.: 8:20-cv-00089-DOC-JDE |
| Plaintiff, | Judge: Hon. David O. Carter |
| vs. | **DECLARATION OF MATTHEW SCOTT IN SUPPORT OF PLAINTIFF LITTLE ORBIT LLC'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND ▓▓▓▓▓▓▓** |
| DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual, | |
| Defendants. | |
| DESCENDENT STUDIOS INC., a Texas corporation, | **[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]** |
| Counterclaimant, | Date: May 24, 2021 |
| vs. | Time: 8:30 p.m. |
| | Ctrm: 9D |
| LITTLE ORBIT LLC, a California Limited Liability Company, | |
| Counter Defendant. | Complaint filed: January 16, 2020 |

1

DECLARATION OF MATTHEW SCOTT IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

# DECLARATION OF MATTHEW SCOTT

I, Matthew Scott, declare:

1. I am a managing member of Plaintiff Little Orbit LLC ("Plaintiff" or "Little Orbit") in the above-captioned matter. The facts stated herein are within my own personal knowledge unless otherwise stated. If called to testify, I would and could testify competently to the facts stated in this declaration.

2. I make this declaration in support of Plaintiff's Opposition to Defendants' Motion to Enforce the Binding Settlement Terms Sheet, To Extend the Court's Jurisdiction and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

3. Little Orbit is a worldwide video game developer and publisher formed in January 2010 with a focus on AAA license-based entertainment products. Little Orbit has developed and published games on all relevant gaming platforms and continues to pioneer electronic entertainment for consumers of all ages. Over 20 games have been published by Little Orbit including "Kung Fu Panda: Showdown of Legendary Legends", "Adventure Time: Finn and Jake Investigations", "Young Justice", "Falling Skies the Game", "APB Reloaded," and "Fallen Earth."

4. It is my understanding that Defendant Descendent Studios ("Descendent") was formed by Defendant Eric Peterson and others to develop a new version of the groundbreaking "Descent" video game previously released by InterPlay (the "Game"). When Descendent ran out of funds it solicited Little Orbit's financial assistance in completing development of the Game in August of 2017 and promised not only to deliver a completed game but an assignment of the "Descent" license which Descendent had obtained from InterPlay as part of the "Development Agreement" the parties entered into. This Development Agreement allowed for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Some of these ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2

DECLARATION OF MATTHEW SCOTT IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

██████████████████████████████████ Additionally, over the course of development, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████ Attached hereto as **Exhibit A** is a true and correct copy of the Development Agreement in issue in this action.

5. Little Orbit instituted this action as a result of Descendent's breach of its contractual obligations under the Development Agreement and a Terms Sheet addendum by failing to timely deliver a completed Game meeting the specifications and requirements of the parties' agreements and also failing to complete the assignment of the "Descent" trademark license (and other claims as more fully addressed in the First Amended Complaint in this action). Attached hereto as **Exhibit B** is a true and correct copy of the Terms Sheet addendum in issue in this action.

6. Little Orbit's original commitment ███████████████████████████ ████████ given Descendent's delays and repeated failure to meet the required development milestones ██████████████████████████████████████ even though the Game was far from complete when Little Orbit finally terminated the Agreement due to Descendent's failure to deliver.

7. The parties participated in a Settlement Conference with Magistrate Judge Early on November 17, 2020. During the negotiations between the parties, through Judge Early as well as some separate discussions I had with Mr. Peterson, the focus was on ████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████ Thereafter the focus was on ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████ In order to settle, ████████████████████████████ ████████████████████████████████████████████████████████████████████

3

DECLARATION OF MATTHEW SCOTT IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

1
2
3
4 ▇▇▇ There was no discussion as to ▇▇▇.
5 Rather, if ▇▇▇
6 ▇▇▇
7 ▇▇▇
8      8.     The ▇▇▇ agreed to between the parties in the Settlement Terms Sheet was
9 slightly different than what was agreed to in the parties' original Development Agreement and it
10 was my understanding, given ▇▇▇ was the reference point and foundation for such
11 discussions, would be subject ▇▇▇ as provided for in the
12 Development Agreement.  It was my understanding that we were negotiating ▇▇▇
13 ▇▇▇.
14 I never understood otherwise as Defendants never brought up any claim nor argument that the
15 ▇▇▇
16 ▇▇▇
17      9.     Defendants claim in their Motion that ▇▇▇
18 ▇▇▇
19 ▇▇▇
20 ▇▇▇ Motion at 1:20-22.  That is simply not true
21 and such claim is contradicted by the fact that ▇▇▇
22 ▇▇▇
23 ▇▇▇
24 ▇▇▇ Those ▇▇▇ are
25 very different from the ▇▇▇
26 ▇▇▇  The difference in the Settlement Terms Sheet is that the parties agreed ▇▇▇
27 ▇▇▇ and to give
28



4

DECLARATION OF MATTHEW SCOTT IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

1  ██████████████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████
4  ██████████████████████████████████████████████████████████████████
5  ███████████████████████████████████████████████████ as claimed by
6  Defendants.

7       10.    Once I received the long form agreement as drafted by Defendants' counsel it
8  became obvious there was a very big misunderstanding between the parties as to █████
9  ██████████████████████████████████████████████████████████████████
10 █████████████████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████████████████
12 Defendants argue some legal definition of ███████ should control but why?  I never consulted
13 any legal or other definition for the meaning of ████████ nor was there any discussion as to its
14 meaning given the parties were working to settle a dispute regarding a particular agreement
15 which already defined how █████████████████████████.  Attached hereto as **Exhibit C** is a
16 true and correct copy of the redlined long form agreement in issue in this action containing the
17 changes requested by Plaintiff to the original draft provided by Defendants.

18      11.    Defendants also argue that the Agreement between the parties does not use the
19 term █████████████████████████  Unfortunately, I never focused on that fine distinction
20 until seeing it mentioned in Defendants' Motion papers.  Rather, during the Settlement
21 Conference the focus was on ████████████████████████████████████████████ under
22 the Agreement in dispute.  That to me was the starting point and it was ███████████████
23 ████████████████████████████████████████████████████  I felt this
24 was a █████████████████████████████████████████████████
25 ████████████████

26      12.    Defendants also argue that ████████████████████████ should effectively be re-
27 written as ██████████████████████████████████████████████

5

DECLARATION OF MATTHEW SCOTT IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

never agreed to be ▓▓▓ During the time of the Settlement Conference, I had some separate discussions with Mr. Peterson. During those discussions, I clearly stated to Mr. Peterson ▓▓▓ I thus proposed ▓▓▓ As such, it was clear the parties' intent was precisely to provide ▓▓▓ in the agreement itself. In fact, it was the Plaintiff's goal to cover all contingencies ▓▓▓ to prevent any Motion to Enforce as is now pending before the Court and taking up the Court's time.

13. During my discussions with Mr. Peterson during the Settlement Conference he confirmed ▓▓▓. That was good to know ▓▓▓ I relied on that representation in entering into the settlement on behalf of Little Orbit.

14. During our efforts to resolve the impasse between the parties regarding the long form agreement, I had discussions with Mr. Peterson regarding ▓▓▓ At first Mr. Peterson ▓▓▓ When I reminded Mr. Peterson of his statements to me ▓▓▓ Attached hereto as **Exhibit D** is a true and correct copy of the email string in which Mr. Peterson makes such admission.

15. The ▓▓▓ is not what I bargained for at the Settlement Conference ▓▓▓ Rather, I was told by Mr. Peterson (in my view, promised) ▓▓▓

6

DECLARATION OF MATTHEW SCOTT IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

1   been terminated and I ▮▮▮▮▮▮▮▮▮▮▮.  As noted in the "Binding
2   Settlement Terms Sheet" in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3   ▮▮▮▮  I understood that reference to be to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and I feel Little Orbit has been cheated out of ▮▮
6   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ discussed by the parties during the Settlement Conference.

    16.   ▮▮▮▮▮▮▮▮▮▮ also confirms yet another breach of the terms of the
Agreement, namely, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of Exhibit A.

    17.   Defendants' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are baseless and
no more than mere speculation.  Little Orbit ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ under the agreement but ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮  Rather, the parties' disputes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮ have revealed a much bigger issue – as revealed and highlighted by the
Defendants' Motion - that the parties had substantially different understandings regarding the
short form listing of the terms of their settlement.  I did not understand the terms to have the
meanings now argued for by Defendants and would never have agreed to any such settlement
had I understood that was how Defendants understood the wording used.

    I declare the foregoing to be true and correct under penalty of perjury under the laws of
the United States.  Executed on May 3, 2021, in Orange, California.

                                                    _____
                                                    Matthew Scott, Declarant

# EXHIBIT A

# [THIS EXHIBIT IS BEING FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]

# EXHIBIT B

# [THIS EXHIBIT IS BEING FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]

# EXHIBIT C

# [THIS EXHIBIT IS BEING FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]

# EXHIBIT D

# [PORTIONS OF THIS EXHIBIT ARE BEING FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]

**From:** eric.peterson@feverpitchstudios.com
**Sent:** Tuesday, April 13, 2021 11:16 AM
**To:** Matt Scott
**Subject:** RE: ███████████████████

███████████████████████████████████████████████████
████████████████████████

████████████████████████████████████████

I think we are all done waiting, we had a deal 4 months ago…..should have ████████████ done by now……but whatever.

EP

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd Day of April 2021, the foregoing **DECLARATION OF MATTHEW SCOTT IN SUPPORT OF PLAINTIFF LITTLE ORBIT LLC'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, TO EXTEND THE COURT'S JURISDICTION AND** ▮▮▮▮▮▮▮▮▮▮ was filed with the Court's CM/ECF system and was served on the following counsel of record via email:

    Michael C. Whitticar; VSB No. 32968
    NOVA IP Law, PLLC
    7420 Heritage Village Plaza, Suite 101
    Gainesville, VA 20155
    Tel:  571-386-2980
    Fax: 855-295-0740
    Email: mikew@novaiplaw.com
    Counsel for Defendants

    NADA I. SHAMONKI (SBN 205359)
    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    2029 Century Park East, Suite 3100
    Los Angeles, CA 90067
    Telephone: (310) 586-3200
    Facsimile: (310) 586-3202
    Email: nshamonki@mintz.com
    Counsel for Defendants

                                      /s/ M. Danton Richardson
                                        M. Danton Richardson

8

DECLARATION OF MATTHEW SCOTT IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE