NADA I. SHAMONKI (SBN 205359)
nshamonki@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

MICHAEL C. WHITTICAR (*admitted pro hac vice*)
mikew@novaiplaw.com
**NOVA IP LAW, PLLC**
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Telephone: (571) 386-2980
Facsimile: (855) 295-0740

Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>Defendants. | Case No. 8:20-cv-00089-DOC-JDE<br><br>**DECLARATION OF ERIC PETERSON IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET**<br><br>**[REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]** |
| DESCENDENT STUDIOS INC., a Texas corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>Counterdefendant. | Date: May 24, 2021<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Judge: Hon. David O. Carter<br><br>Complaint Filed: 1/16/2020 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company, | ) ) ) Case No.: 8:20-cv-00089-DOC-JDE |
| Plaintiff, | ) ) Judge:   Hon. David O. Carter |
| vs. | ) ) ) [REDACTED] |
| DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual. | ) ) ) ) |

## DECLARATION OF ERIC PETERSON

1. I, Eric Peterson, am over 18 years of age, of sound mind, and competent to testify to the facts stated herein. I have personal knowledge of the facts stated herein. I am the President of Descendent Studios, Inc. ("Descendent").

2. The facts stated in Defendants' Reply in Support of Defendants' Motion to Enforce the Binding Settlement Terms Sheet are true and correct.

3. Here, Little Orbit's secret, unexpressed intent that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was never expressed to Defendants, who had no idea of that purported intent and understanding for weeks after the BSTS was signed. In addition, given the vast differences between the BSTS and the Development Agreement, there is no reason that Defendants should have known about LO's erroneous and incorrect interpretation.

4. The BSTS was carefully negotiated by skilled counsel at arms length, Defendants own the relevant ▮▮▮▮▮▮▮▮▮▮ to the game, and royalties are typically based on ▮▮▮▮ and not on ▮▮▮▮▮▮▮▮▮, which are subjective and easy to manipulate. Furthermore, Defendants' evidence would have clearly shown that Little Orbit's many ▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ were responsible for the ▮▮▮▮▮▮▮▮▮▮ based on which Little

Orbit ▮▮▮▮▮▮▮▮▮▮ Development Agreement and term sheet addendum in February of 2019.

5. Little Orbit ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ long ago in February of 2019, which is what caused this litigation.

6. The parties' relationship under the Binding Settlement Terms Sheet ▮▮▮▮▮▮▮▮▮▮ relationship under the Development Agreement. To the contrary, under the Binding Settlement Terms Sheet, Descendent assumed ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ after transferring ▮▮▮▮▮▮▮▮▮▮ Little Orbit.

7. The Binding Settlement Terms Sheet was a completely different animal from the terminated ▮▮▮▮▮▮▮▮. The Binding Settlement Terms Sheet simply and objectively was not a continuation of the ▮▮▮▮▮▮▮▮ in whole or in part.

8. Little Orbit could not have reasonably expected the meaning of words not used or defined in the ▮▮▮▮▮▮▮▮ to have the same meaning as the very different term ▮▮▮▮ when used in the very different Binding Settlement Terms Sheet.

9. The parties simply did not base the ▮▮▮▮ in the BSTS on the Development Agreement. Rather, they were the product of back-and-forth dickering and negotiations.

10. ▮▮▮▮ provided for as a remedy for non-payment in the BSTS is not a penalty and would not be a windfall to Descendent. Under the Binding Settlement Terms Sheet, Defendants get the ▮▮▮▮ on the back end of the ▮▮▮ stream in any event. If there is a ▮▮▮ breach by Little Orbit, part of the ▮▮▮ just gets advanced in time. Little

2

Orbit still gets ▮▮▮▮ later on, even if there is ▮▮▮▮ by Little Orbit. That means that if the game sells well, the early ▮▮▮▮ after a ▮▮▮▮ by Little Orbit yields no additional ▮▮▮ whatsoever to Descendent in the long run. That cannot possibly be a disproportionate or punitive penalty clause.

11. Properly viewing the grave risks and potential damages that Little Orbit's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ pose to Little Orbit's ability to complete the ▮▮▮▮, merely accelerating ▮▮▮▮ eventually due to Defendants in any event is neither a windfall nor a punitive penalty.

12. Defendants are and should be entitled to sue Little Orbit for the settlement ▮▮▮▮ This is especially so because Defendants are releasing their very clear right to an additional ▮▮▮▮ due under the breached and wrongfully terminated Terms Sheet Amendment to the Development Agreement. The accelerated (but not additional ▮▮▮▮ is reasonable and proportionate and neither punitive nor a penalty.

13. The BSTS merely grants Little Orbit a "license" to use the game code which it already has in its possession for testing and education purposes. (BSTS ¶12). The minor work which Descendent performed for only about a week after Little Orbit wrongly terminated the Development Agreement in February of 2019 consisted of minor debugging work and removal of Little Orbit's preferred and specified API (Application Program Interface). Therefore, that work was contrary to Little Orbit's specified development path and would not be useful to Little Orbit.

14. Contrary to Little Orbit's incorrect assertion, this work was never discussed or offered to Little Orbit in connection with the Binding Settlement Terms Sheet negotiations, in part because it would be of little or not use to Little Orbit. It is at best unclear and worst fictional



whether and how Little Orbit developed its alleged subjective "understanding" that Defendants continued to develop the game ▉▉▉▉▉ Little Orbit's ▉▉▉▉▉ Simply put, that assertion is made up and not factual and the alleged ▉▉▉▉▉ simply did not take place.

15. ▉▉▉▉▉ which deviated from Little Orbit's development path. If the court decides that LO is entitled to ▉▉▉ work done to remove Little Orbit's mistakes, then Defendants are willing to convey or transfer the "additional" ▉▉▉▉▉ Little Orbit's development path. However, the alleged failure by Defendants to provide Little Orbit with something that was never promised nor even discussed and which would be worthless to Little Orbit is not a substantial failure of consideration.

## VERIFICATION

I, Eric Peterson, on this 10TH Day of May, 2021 pursuant to the laws of the State of Texas and the United States of America, hereby certify and declare under oath and under penalty of perjury that the foregoing is true and correct and that the facts stated in this Declaration are true and correct.



Eric Peterson
President
Descendent Studios, Inc.

4

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On May 10, 2021, I filed a copy of the following document(s):

**[REDACTED] DECLARATION OF ERIC PETERSON IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET**

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com

Executed on May 10, 2021, at Los Angeles, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto_____
Diane Hashimoto