UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LITTLE ORBIT, LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | No. SACV 20-00089-DOC (JDEx)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　This Report and Recommendation is submitted to the Honorable David O. Carter, United States District Judge, pursuant to 28 U.S.C. § 636, General Order 05-07 of the United States District Court for the Central District of California, and the Court's May 19, 2021 Order (Dkt. 77).

　　　　On November 17, 2020, following a settlement conference, "the parties reached a settlement of the matter, the material terms of which are contained in a writing, signed electronically with the parties' and counsels' consent," a

copy of which was filed under seal. See Dkt. 48, 48-1 (under seal). Although the material terms of the Settlement Agreement are filed under seal, the Court finds the following matters contained in the Settlement Agreement are not confidential. The document is titled "Settlement Terms"; the document obligates "Little Orbit" to pay "Descendent" certain sums within certain dates measured, at least in part, from the "signing [of a] written memorialization"; and "[e]ach party intends to be bound by this Agreement and recognize that <u>it is a final and binding Settlement Agreement</u> even though the parties <u>may</u> draft and execute <u>a further</u>, more detaned written memorialization." Dkt. 48-1 (emphasis added).

On April 16, 2021, Defendants Descendent Studios Inc and Eric Peterson ("Defendants") filed a Motion to Enforce the Settlement Agreement, with a request for attorneys' fees, (Dkt. 61, collectively referred to herein with Dkt. 65 as "Motion"), with a supporting Memorandum of Points and Authorities ("Dkt. 61-1, "Mem.") and evidence (Dkt. 61-2, 61-3), portions of which were later approved for filing under seal (Dkt. 65, 65-1 to 65-3).

On May 3, 2021, Plaintiff Little Orbit LLC ("Plaintiff") filed an Opposition to the Motion (Dkt. 67, "Opp."), with supporting evidence (Dkt. 67-1) and objections to Defendants' evidence (Dkt. 67-1), portions of all of which were authorized to be filed under seal.

On May 10, 2021, Defendants filed a Reply (Dkt. 73), additional evidence (Dkt. 73-1), responses to Plaintiff's evidentiary objections (Dkt. 73-2), and objections to Plaintiff's evidence (Dkt. 73-3).[1]

---

[1] After the close of briefing, on May 17, 2021, without prior authorization, Plaintiff filed a request for judicial notice. Dkt. 75. Local Rule 7-10 provides for the filing of a reply memorandum in support of a motion, and directs: "Absent prior written order of the Court, the opposing party shall not file a response to the reply." As it was filed without authorization, the Court does not consider Dkt. 75.

On May 19, 2021, the Judge Carter issued an order referring the Motion to the assigned Magistrate Judge with a hearing, by videoconference, set for May 24, 2021 at 12:00 p.m. The videoconference hearing on the Motion proceeded on that date and time, and after the argument of counsel, the undersigned took the Motion under submission.

With respect to the parties' evidentiary objections, the Court has considered only admissible evidence in connection with this Report.

Considering the admissible evidence and the arguments of counsel, the Court finds as follows:

1. The Settlement Agreement (Dkt. 48-1) is, as it states, "a final and binding Settlement Agreement even though the parties" contemplated that they "may draft and execute a further, more detailed written memorialization";
2. The fact that the parties did not execute a further, more detailed written memorialization did not render the "final and binding Settlement Agreement" unenforceable;
3. The parties had a "meeting of the minds" regarding the meaning of the terms used in the Settlement Agreement, with such terms being unambiguous in the context in which they were used;
4. In fairness, as the parties did not execute a "further, more detailed written memorialization," to the extent the Settlement Agreement used the phrase "within [__] days of signing [a] written memorialization" as a triggering event, such triggering date shall be the date of this Report;
5. Due to finding (4), above, the Motion is premature and thus should be denied; and

/ / /

  6. Neither side is a "prevailing party" in connection with the Motion because neither side obtained the relief sought in connection with brining or opposing the Motion.

 IT IS THERFORE RECOMMENDED that the District Judge issue an order: (1) approving and accepting this Report and Recommendation; (2) denying the Motion (Dkt. 61, 65); (3) directing that to the extent the Settlement Agreement (Dkt. 48-1) used the phrase "within [__] days of signing [a] written memorialization" or similar language as a triggering event, such triggering date shall be the date of this Report; and (4) denying the parties' cross-requests for an award of attorneys' fees.

Dated: May 24, 2021

_____
JOHN D. EARLY
United States Magistrate Judge

4