| | |
|---|---|
| 1 | NADA I. SHAMONKI (SBN 205359) |
| 2 | nshamonki@mintz.com<br>**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.** |
| 3 | 2029 Century Park East, Suite 3100<br>Los Angeles, CA 90067 |
| 4 | Telephone:  (310) 586-3200<br>Facsimile:   (310) 586-3202 |
| 5 | MICHAEL C. WHITTICAR (*admitted pro hac vice*) |
| 6 | mikew@novaiplaw.com<br>**NOVA IP LAW, PLLC** |
| 7 | 7420 Heritage Village Plaza, Suite 101<br>Gainesville, VA 20155 |
| 8 | Telephone:  (571) 386-2980<br>Facsimile:  (855) 295-0740 |
| 9 | Attorneys for Defendant/Counterclaimant |
| 10 | DESCENDENT STUDIOS INC. and<br>Defendant ERIC PETERSON |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>                              Plaintiff,<br><br>     vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>                              Defendants. | Case No. 8:20-cv-00089-DOC-JDE<br><br>**DECLARATION OF MICHAEL C. WHITTICAR IN SUPPORT OF DEFENDANTS' SECOND MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, FOR A MONEY JUDGMENT, AND FOR AN AWARD OF ATTORNEYS' FEES**<br><br>Date:        August 23, 2021<br>Time:       8:30 a.m.<br>Courtroom: 9D |
| DESCENDENT STUDIOS INC., a Texas corporation,<br><br>                              Counterclaimant,<br><br>     vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>                              Counterdefendant. | Judge: Hon. David O. Carter<br><br>Complaint Filed:    1/16/2020 |

I, Michael C. Whitticar, declare as follows:

1. I am licensed to practice law in the Commonwealth of Virginia and have been admitted to practice before this court *pro hac vice* in this case. I am an attorney with NOVA IP Law, PLLC ("Nova IP"), counsel for Defendants Descendent Studios Inc. and Eric Peterson ("Defendants"). I submit this declaration in support of Defendants' Second Motion to Enforce the Binding Settlement Terms Sheet, for a Money Judgment, and for an Award of Attorneys' Fees.

2. I am over the age of 18 and make this declaration of my own knowledge. I could and would competently testify as to the matters set forth below if called upon to do so.

3. The Defendants have demanded, but have not received, the Little Orbit bank statements and its financial accounting software and reports from November 1, 2020 through the present, plus disclosures as to the status of Little Orbit's fund raising efforts and development efforts.

4. In the settlement of disputes or litigation, it is common to have intellectual property ("IP") licenses which are not accompanied by any obligation by the licensor to deliver the IP to the settling licensee. There is no implied obligation to deliver the licensed IP to the adverse party.

5. Defendants noted in their opposition to the motion to set aside, and directly to Mr. Richardson by telephone, that Little Orbit has never actually stated or testified that it had not in fact had possession of or access to any of the allegedly missing game IP assets. Mr. Richardson said that that issue would be addressed in Little Orbit's reply brief. It was not. Little Orbit still has provided no statements or testimony that it did not actually have or have access to any of the allegedly missing game IP assets.

6. While the Defendants are content with the BSTS, they are always willing to engage in constructive re-negotiations with Little Orbit over the BSTS. The Defendants simply need to get paid first. Also, the Defendants want Little Orbit to

-1-

1  engage in reasonable, responsive, meaningful private negotiations, not just more
2  threats and posturing, before again imposing on the Court to re-settle the same case.
3  In fact, the Defendants have offered Little Orbit two potential paths for renegotiating
4  the BSTS. (*See* Ex. B to the Richardson Reply Declaration).  However, it is telling
5  that Little Orbit has not made a single settlement proposal nor payment in the nearly
6  four weeks since it skipped the first settlement payment and moved to set aside the
7  BSTS.

8      7.   Mr. Richardson, when we met and conferred by telephone on June 21,
9  2021, merely threatened to file a duplicative motion to set aside without stating what
10 the basis for it would be and without asking whether Defendants would agree to it or
11 could address or rectify the undeclared grounds for it.

12     8.   Pursuant to Local Rule 7-3, I conferred in good faith by telephone with
13 Danton Richardson, Plaintiff's counsel, on July 6th, 2021, in a good faith effort to
14 resolve the issues presented in this motion.  We have been unable to resolve these
15 issues without the Court's intervention.

16     9.   My attorney's fees incurred for preparing and drafting this motion and
17 related documents to enforce the Settlement Agreement exceed the amount of $7,500.
18 My paralegal and I each have put over 20 hours each into preparing these documents.
19 My rate is $250.00 per hour and my Paralegal's rate is $125.00 per hour.

20     I declare under penalty of perjury that the above is true and correct.
21     Executed This 21st Day of July, 2021, in Prince William County, Virginia.

                                                             _____
                                                             Michael C. Whitticar

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On July 21, 2021, I filed a copy of the following document(s):

**DECLARATION OF MICHAEL C. WHITTICAR IN SUPPORT OF DEFENDANTS' SECOND MOTION TO ENFORCE THE BINDING SETTLEMENT TERMS SHEET, FOR A MONEY JUDGMENT, AND FOR AN AWARD OF ATTORNEYS' FEES**

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com

Executed on July 21, 2021, at Los Angeles, California.  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto_____
Diane Hashimoto