M. DANTON RICHARDSON (State Bar No. 141709)
mdantonrichardson@yahoo.com
LAW OFFICES OF M. DANTON RICHARDSON
131 N. El Molino Ave., Suite 310
Pasadena, CA 91101
*Attorneys for Plaintiff,*
LITTLE ORBIT LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual, <br><br> Defendants. <br> _____ <br> DESCENDENT STUDIOS INC., a Texas corporation, <br><br> Counterclaimant, <br><br> vs. <br><br> LITTLE ORBIT LLC, a California Limited Liability Company, <br><br> Counter Defendant. <br> _____ | Case No.: 8:20-cv-00089-DOC-JDE <br><br> Judge: Hon. David O. Carter <br><br> **PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF SUPERSEDEAS BOND TO STAY ENFORCEMENT OF ORDER PENDING APPEAL** <br><br> **[FILED CONCURRENTLY WITH THE SUPPORTING DECLARATION OF M. DANTON RICHARDSON AND A [PROPOSED] ORDER]** <br><br> **Date: November 1, 2021** <br> **Time: 8:30 a.m.** <br> **Courtroom: 9D** |

1

PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF
MOTION AND MOTION FOR APPROVAL
OF SUPERSEDEAS BOND
CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 1, 2021, at 8:30 a.m. or as soon thereafter as the matter can be heard by the above-entitled Court, in Courtroom 9D of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA, 92701, Plaintiff Little Orbit LLC will, and hereby does, move the Court for an order approving Plaintiff posting a cash Supersedeas Bond to stay the Court's Order of July 27, 2021, denying Plaintiff's Motion to Set Aside Binding Settlement Terms Sheet, and granting Defendant's Motion to Enforce Binding Settlement Terms Sheet pending appeal.

This motion is made following a good faith conference of counsel pursuant to L.R. 7-3, which took place on September 23, 2021 (¶ 5, Declaration of M. Danton Richardson, filed concurrently herewith). No agreement could be reached as to the amount of the supersedeas bond.

WHEREFORE, Plaintiff respectfully asks the Court to grant Plaintiff's Motion for Approval of Supersedeas Bond.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of M. Danton Richardson, the other papers and records on file in this action, and such further oral and any and all other evidence as may come before the Court upon the hearing of this matter.

DATED: October 1, 2021       **LAW OFFICES OF M. DANTON RICHARDSON**

By:   /s/ M. Danton Richardson
         M Danton Richardson

***Attorney for Plaintiff,***
Little Orbit LLC

2

PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF
MOTION AND MOTION FOR APPROVAL
OF SUPERSEDEAS BOND
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

## I. INTRODUCTION

This Court issued its Order of July 27, 2021, denying Plaintiff's Motion To Set Aside Binding Settlement Terms Sheet, And Granting Defendant's Motion To Enforce Binding Settlement Terms Sheet (the "Order"). Plaintiff has appealed that Order. Declaration of M. Danton Richardson filed in support of this Motion ("Richardson Decl."), ¶ 3.

Plaintiff filed a Motion for a Stay of the Order pending the appeal with the Ninth Circuit Court of Appeals but that request was denied by Order issued September 21, 2021. Since that ruling Plaintiff has met and conferred with Defendants' counsel and has provided the materials ordered by the Order regarding Defendants' demand for "adequate assurance." Richardson Decl., ¶ 4.

This Motion addresses the financial portion of the Order, which ordered that Plaintiff pay to Defendants the sum of $100,000, and seeks the Court's approval of Plaintiff posting a cash Supersedeas Bond ("Bond") to stay the Order.

Plaintiff has every intent of complying with its obligations under the Binding Settlement Terms Sheet ("BSTS") but there is a substantial question on appeal as to whether the payments ordered by the Court are due as the BSTS includes a remedy provision should any of the required "upfront" payments not be paid timely, and that is for Defendant Descendent Studios Inc. to be paid a bigger share of the initial revenues to make up for those missed payments.

Plaintiff believes a cash Bond in the amount of $150,0000 is more than sufficient to protect the interests of Defendants pending Plaintiff's appeal from the Order. Therefore, Plaintiff respectfully requests the Court to approve Plaintiff posting cash with the Court in the amount of $150,000 and stay enforcement of the Court's July 27, 2021, Order pending Plaintiff's appeal.

## II. ARGUMENT

The Federal Rules of Civil Procedure provide for a stay of a judgment upon approval of a bond or other security.

> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect

3

PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF
MOTION AND MOTION FOR APPROVAL
OF SUPERSEDEAS BOND
CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE

> when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed.R.Civ.P. 62(b). Here, Plaintiff proposes posting cash with the Clerk of Court.

The purpose of the bond offers "dual protections" for both the judgment creditor and the judgment debtor.

> The rationale for a supersedeas bond is that there can be no certainty about who is in the right until the appeals are done; the party that lost should not have to pay the winner until the district court's decision is finally affirmed, but in the meantime, the party that won in district court should not be at risk of the money disappearing.

*Exxon Valdez v. Exxon Mobil Corp.,* 568 F.3d 1077, 1085 (9th Cir. 2009). The judgment debtor is able to hold the judgment in abeyance pending a favorable result on appeal, while the judgment creditor is ensured of the availability of funds to cover the judgment, along with appropriate interest, in the event the judgment is affirmed.

An appellant is entitled to a stay as a matter of right upon the posting of a supersedeas bond in an amount sufficient to cover the judgment and interest, and consistent with any applicable local rules. *American Mfrs Mut. Ins. Co. v. American Broadcasting–Paramount Theatres*, 87 S.Ct. 1, 3 (1966) (Mem. Op. Of Harlan, Cir. J.) ("a party taking an appeal from the district court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with" the relevant federal rules); *Wilmer v. Board of County Comm'rs of Leavenworth County, Kan.*, 844 F.Supp. 1414, 1417 (D.Kan. 1993), aff'd, 28 F.3d 114 (10th Cir.1994) (same); See *Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 458 (D.S.C.2006) (same). See also *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) *Hebert* , 953 F.2d at 938 ("Rule 62[(b)] entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond."); *Ascher v. Gutierrez*, 66 F.R.D. 548, (D.D.C. 1975) (same).

The purpose of the bond is to preserve the *status quo* pending the outcome of the appeal. *Bass v. First Pac. Networks, Inc.,* 219 F3d 1052, 1055 (9th Cir. 2000).

4

PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF
MOTION AND MOTION FOR APPROVAL
OF SUPERSEDEAS BOND
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

The bond protects the rights of an appellee and ensures the appellee will be able to collect the judgment/order (plus interest) should the court of appeals affirm the judgment. *See Rachel v. Banana Republic, Inc.*, 831 F2d 1503, 1505, fn. 1 (9th Cir. 1987).

The Order on appeal addressed two payments allegedly due to Defendants' under the Binding Settlement Terms Sheet ("BSTS") in the amount of $50,000.00 each, or a total of $100,000. Plaintiff therefore proposes a bond in the amount of $150,000.00. This amount is 1.5 times the amount in dispute and is more than sufficient to cover the two payments in issue and any interest which may accrue pending the appeal of the Court's Order of July 27, 2021.[1]

The Court of Appeals has put Plaintiff's appeal on an expedited briefing schedule. Plaintiff's Opening Brief is due on October 12, 2021. The answering brief is due November 12, 2021, and the optional reply brief is due within 21 days after service of the answering brief. Plaintiff expects the Court of Appeals will reach a decision quickly on this appeal. As such, Defendants' interests will be more than adequately protected by the proposed Bond of $150,000.00.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion and approve plaintiff depositing a cash Bond with the Clerk of Court in an amount of no more than $150,000 to stay the Court's Order of July 27, 2021, denying Plaintiff's Motion To Set Aside Binding Settlement

//
//
//
//
//

---

[1] Compare, United States District Court for the Eastern District of California, Local Rule 151(d) which provides a "bond shall be 125 percent of the amount of the judgment." See also, *Cotton ex rel. McClure v. City of Eureka*, 860 F.Supp.2d 999 (N.D.Cal. 2012), appeal dismissed (supersedeas bond in the amount of 1.25 times the judgment amount).

5

PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF
MOTION AND MOTION FOR APPROVAL
OF SUPERSEDEAS BOND
CIVIL ACTION No. 8:20-cv-00089-DOC-JDE

Terms Sheet, And Granting Defendant's Motion To Enforce Binding Settlement Terms Sheet pending Plaintiff's appeal from that Order.

DATED: October 1, 2021                LAW OFFICES OF M. DANTON RICHARDSON

                                      By:   /s/ M. Danton Richardson
                                            M Danton Richardson

                                      *Attorney for Plaintiff,*
                                      Little Orbit LLC

6

PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF
MOTION AND MOTION FOR APPROVAL
OF SUPERSEDEAS BOND
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st Day of October, 2021, the foregoing **PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF SUPERSEDEAS BOND TO STAY ENFORCEMENT OF ORDER PENDING APPEAL** was filed with the Court's CM/ECF system and was served on the following counsel of record via email:

Michael C. Whitticar; VSB No. 32968
NOVA IP Law, PLLC
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Tel:  571-386-2980
Fax:  855-295-0740
Email: mikew@novaiplaw.com
Counsel for Defendants

NADA I. SHAMONKI (SBN 205359)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: nshamonki@mintz.com
Counsel for Defendants

　　　　　　　　　　　　　　　　　　　　/s/ M. Danton Richardson
　　　　　　　　　　　　　　　　　　　　M. Danton Richardson

7

PLAINTIFF LITTLE ORBIT LLC'S NOTICE OF
MOTION AND MOTION FOR APPROVAL
OF SUPERSEDEAS BOND
CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE