1  M. DANTON RICHARDSON (State Bar No. 141709)
   mdantonrichardson@yahoo.com
2  LAW OFFICE OF M. DANTON RICHARDSON
3  131 N. El Molino Ave., Suite 310
   Pasadena, CA 91101
4  *Attorneys for Plaintiff,*
   LITTLE ORBIT LLC
5

6

7                    **UNITED STATES DISTRICT COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| 9  LITTLE ORBIT LLC, a California Limited Liability Company, | ) Case No.: 8:20-cv-00089-DOC-JDE |
| 10 | ) |
| | ) Judge:      Hon. David O. Carter |
| 11              Plaintiff, | ) |
| | ) **PLAINTIFF LITTLE ORBIT LLC'S** |
| 12          vs. | ) **OBJECTIONS TO THE** |
| | ) **DECLARATION OF ERIC** |
| 13 | ) **PETERSON IN SUPPORT OF** |
| DESCENDENT STUDIOS INC., a Texas | ) **DEFENDANTS' MOTION TO** |
| 14 corporation, and ERIC PETERSON, an | ) **ENFORCE THE COURT'S JULY 27,** |
| individual, | ) **2021 ORDER, FOR CONTEMPT** |
| 15 | ) **SANCTIONS, FOR A DECLARATION** |
| 16              Defendants. | ) **OF ENTITLEMENT TO SUSPEND OR** |
| | ) **TERMINATE THE SETTLEMENT** |
| 17 _____ | ) **AGREEMENT AND IP LICENSE,** |
| 18 DESCENDENT STUDIOS INC., a Texas | ) **AND TO ENJOIN LITTLE ORBIT** |
| corporation, | ) **FROM RELEASING THE GAME** |
| 19 | ) |
| 20              Counterclaimant, | ) **[REDACTED]** |
| 21 | ) |
| | ) **Date: November 22, 2021** |
| 22          vs. | ) **Time: 8:30 a.m.** |
| | ) **Courtroom: 9D** |
| 23 LITTLE ORBIT LLC, a California Limited | ) **Complaint Filed: 1/16/2020** |
| Liability Company, | ) |
| 24 | ) |
| 25              Counter Defendant. | ) |
| _____ | ) |
| 26 | |

1

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE

Plaintiff, LITTLE ORBIT, LLC ("Plaintiff" or "Little Orbit") hereby objects to the Declaration of Eric Peterson In Support Of Defendants' Motion To Enforce The Court's July 27, 2021 Order, For Contempt Sanctions, For A Declaration Of Entitlement To Suspend Or Terminate The Settlement Agreement And Ip License, And To Enjoin Little Orbit From Releasing The Game, as follows:

| TESTIMONY | OBJECTIONS |
|---|---|
| 2. Little Orbit is threatening to publish an "early access" version the game at issue in November of 2021. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture |
| 2. Early access release generally is not used by publishers but rather by impecunious developers attempting to raise money to finish and complete the Beta test versions of their products. Descendent released an early access version in 2015. That is not what a publisher does and we had no need to use Little Orbit to do that. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture |
| 2. What Little Orbit is trying to release in November of 2021 is a sub-Beta test version, meaning that it is not even a complete Beta-test version. Beta means that the game's code and contents are complete. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture |
| 2. Little Orbit admittedly has not completed the API authentication or matchmaking for the game.  These are major tasks. API is a gate keeper that keeps track of players' earned or purchased inventory. It stores that information in the cloud, and every time you boot up your game it reaches out to get authentication as to what you have access to in your game's inventory status. This can be months of work, considering that every time you unlock something in the game it needs to properly load that info from your client to the | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture; lacks foundation, FRE 602. |

2

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE

| TESTIMONY | OBJECTIONS |
|---|---|
| API in the cloud and you need to be able to test that process. This is a major red flag hidden in some non-specific text in the Exhibit 1 Little Orbit Status Report. | |
| 3. Little Orbit still has not made any license fee or settlement payments since the Binding Settlement Terms Sheet ("BSTS") was signed in November of 2020. | Irrelevant, FRE 402; More prejudicial than probative, FRE 403; <br><br> The BSTS provides an alternative means of compensation if payments are not made.  This term for alternate compensation was expressly agreed to by Descendent. Descendent is attempting to prejudice Little Orbit by improperly implying Little Orbit is not living up to its agreement when that is not the case.  Little Orbit filed this lawsuit because it was Descendent which failed to live up to its contractual obligations and Descendent failed to provide the game IP as required. |
| 4.  Based on my 28 years of experience in game development, the sales volumes of similar games, and the fact that the first year sales revenues for most games is 50% to 60% of their total sales, I conservatively estimate that Descendent's damages from Little Orbit delaying the release by not starting in November of 2020, by not using good faith best efforts, and by not starting immediately on development and promotion of the game, by not paying the license fees and settlement payments will be at least $2 million in the first year. This conclusion is buttressed by the fact that Descendent has invested over $1 million into development of the game, and Little Orbit asserts that it has invested over $2.5 million into development of the game. I have over 25 years of experience in the video game development industry. This is my | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture; lacks foundation, FRE 602. <br><br> Defendants' Exhibit 9 and opinion as to sales volumes is irrelevant and pure conjecture. The BSTS provides an alternative means of compensation if payments are not made.  This term for alternate compensation was expressly agreed to by Descendent. Descendent is simply attempting to prejudice Little Orbit by improperly implying Little Orbit is not living up to its agreement when that is not the case.  Little Orbit filed this lawsuit because it was Descendent which failed to live up to its contractual obligations and Descendent failed to provide the game IP as required. |

3

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE

| TESTIMONY | OBJECTIONS |
|---|---|
| opinion to a reasonable degree of professional certainty based on the data and estimates collected in Exhibit 9. A second "early release" of the game would irreparably harm the success of the game and would effectively deprive Descendent of its take-back rights pursuant to Section 13 of the BSTS. | |
| 5. In the negotiations leading up to the BSTS, the early ▮▮▮ revenue split of the first ▮▮▮▮ in revenues was never stated nor agreed to be Descendent's sole or exclusive remedy for any payments (plural) that are not made at all, and especially not for all three payments not being made at all. Section 4 was intended to address only the timing of payments, and not to establish an exclusive remedy for Little Orbit failing to make payments ever or at all. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture.

Moreover, the Binding Settlement Terms Sheet set forth the remedy for any failure by Little Orbit to pay the scheduled payments. In fact, Defendants first draft of a long form settlement agreement expressly acknowledged that the remedy clause was the exclusive remedy for missing payments 2 and 3 while trying to make distinction for payment which is not found in the BSTS.  See Richardson Decl., Exhibit A. |
| 6.  At the judicial settlement conference, Little Orbit stated that it might have difficulty making the second and third settlement payments on time, and that it might need some time to raise more funds from investors. The issue was delayed payments, not the risk of payments not being made at all. That is why the non-exclusive Section 4 remedy was to advance the timing of the flow of revenues to Descendent rather than to increase the total amount of revenues due to Descendent. Section 4 merely moves a ▮▮▮▮ chunk of ▮▮▮ revenue splits from the back of the revenue stream to the front of the revenue stream. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture.

Defendants' private interpretation of Paragraph 4 of the Binding Terms Sheet merely evidences that there was no meeting of the minds and therefore no binding settlement agreement.

Moreover, Defendants' logic is severely flawed as moving a ▮▮▮ revenue split from the back end of the deal to front in fact provides Defendants with a bigger share of |

4

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE

| TESTIMONY | OBJECTIONS |
|---|---|
| | the initial revenues, something they would not otherwise be entitled to. |
| 7.  Under any potentially applicable deadline, Little Orbit is now at least $100,000 and over ninety days behind in its payments, soon to be $200,000 and five months behind as of November 24, 2021. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture.<br><br>The BSTS provides an alternative means of compensation if payments are not made.  This term for alternate compensation was expressly agreed to by Descendent. Descendent is attempting to prejudice Little Orbit by improperly implying Little Orbit is not living up to its agreement when that is not the case.  Little Orbit filed this lawsuit because it was Descendent which failed to live up to its contractual obligations and Descendent failed to provide the game IP as required. |
| 8.  Descendent published an early access version of the game in 2015. It did not need Little Orbit or any other publisher to do that. A second early access publication would disrupt the game project, causing irreparable harm, and probably precluding Descendent from effectively exercising its recovery and release rights pursuant to Paragraph 13 of the BSTS. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408; Speculation and Conjecture; lacks foundation, FRE 602.<br><br>Descendent's argument is way off base considering the BSTS does not place any type of limitations or conditions on the type of release called for by the agreement.  Rather, Defendants are trying to add limitations where there are none other than the game must be released to "sell".  Little Orbit filed this lawsuit because it was Descendent which failed to live up to its contractual obligations and Descendent failed to provide the game IP as required.  Little Orbit's release strategy is simply attempting to generate interest in the |

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

| TESTIMONY | OBJECTIONS |
|---|---|
| | game which has waned due to the delay in its ultimate release. |
| 9.  Attached hereto as Exhibit 1 is a genuine and authentic copy of the game development progress report sent by Little Orbit to Defendants on October 1, 2021. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Offer of Compromise, FRE 408<br><br>Exhibit 1 is proof of Little Orbit's commitment to developing and marketing the game. |
| 10.  Attached hereto as Exhibit 2 is a genuine and authentic copy of the Ninth Circuit order denying a stay pending appeal. | Irrelevant, FRE 402; More prejudicial than probative, FRE 403;<br><br>The denial of a stay by the Ninth Circuit did not address the merits of the dispute.  Little Orbit has a pending motion for a supersedeas bond to stay the Order pending appeal. |
| 11.  Attached hereto as Exhibit 3 is a genuine and authentic copy of a September 23, 2021 email between Michael C. Whitticar and Danton Richardson on which I was copied. | Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403;<br><br>The BSTS provides an alternative means of compensation if payments are not made.  This term for alternate compensation was expressly agreed to by Descendent.  Little Orbit has a pending motion for a supersedeas bond to stay the Order pending appeal. |
| 12.  Attached hereto as Exhibit 4 is a genuine and authentic copy of a cash flow statement sent to Defendants by Little Orbit. | Hearsay, FRE 802; Improper Opinion, FRE 701; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture.<br><br>The cash flow statement does not reflect the total of Little Orbits assets or investment into the game.  Little Orbit has more than sufficient funds to complete and market the game, but Descendent is attempting to impose terms upon Little Orbit that were never agreed to as there was no meeting of the |

6

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE

| TESTIMONY | OBJECTIONS |
|---|---|
| | minds on essential terms, including "revenue." |
| 13.  Attached hereto as Exhibit 5 is a genuine and authentic copy of a letter sent to Michael C. Whitticar from Danton Richardson on September 23, 2021. | Hearsay, FRE 802; Irrelevant, FRE 402; |
| 14.  Attached hereto as Exhibit 6 is a genuine and authentic copy of a balance sheet sent by Little Orbit to Defendants. | Hearsay, FRE 802; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture. |
| 15.  Attached hereto as Exhibit 7 is a genuine and authentic copy of the relevant portion of Little Orbit's reply brief in support of its motion for a stay pending appeal. | Hearsay, FRE 802; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; |
| 16.  Attached hereto as Exhibit 8 is a genuine and authentic copy of the relevant portions of Little Orbit's motion for a stay pending appeal. | Hearsay, FRE 802; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; |
| 17.  Attached hereto as Exhibit 9 is a genuine and authentic copy of my sales and revenues projections from the game's release. | Hearsay, FRE 802; Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Speculation and Conjecture. |

DATED: November 2, 2021        **LAW OFFICE OF M. DANTON RICHARDSON**


By:   /s/ M. Danton Richardson
        M Danton Richardson

***Attorney for Plaintiff,***
Little Orbit LLC

7

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-CV-00089-DOC-JDE

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd Day of November 2021, the foregoing PLAINTIFF LITTLE ORBIT LLC'S  OBJECTIONS TO THE DECLARATION OF ERIC PETERSON IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 27, 2021 ORDER, FOR CONTEMPT SANCTIONS, FOR A DECLARATION OF ENTITLEMENT TO SUSPEND OR TERMINATE THE SETTLEMENT AGREEMENT AND IP LICENSE, AND TO ENJOIN LITTLE ORBIT FROM RELEASING THE GAME was filed with the Court's CM/ECF system and was served on the following counsel of record via email:

Michael C. Whitticar; VSB No. 32968
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Tel:   571-386-2980
Fax:  855-295-0740
Email: mikew@novaiplaw.com
Counsel for Defendants

NADA I. SHAMONKI (SBN 205359)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: nshamonki@mintz.com
Counsel for Defendants

/s/ M. Danton Richardson
M. Danton Richardson

OBJECTIONS TO THE DECLARATION OF ERIC
PETERSON IN SUPPORT OF MOTION TO ENFORCE
THE COURT'S JULY 27, 2021 ORDER AND OTHER RELIEF

CIVIL ACTION NO. 8:20-cv-00089-DOC-JDE