NADA I. SHAMONKI (SBN 205359)
nshamonki@mintz.com
**Mintz Levin Cohn Ferris Glovsky and Popeo P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  (310) 586-3200
Facsimile:   (310) 586-3202

MICHAEL C. WHITTICAR (*admitted pro hac vice*)
mikew@novaiplaw.com
**Nova IP Law, PLLC**
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Telephone:  (571) 386-2980
Facsimile:  (855) 295-0740

Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>               Plaintiff,<br><br>   vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>               Defendants. | Case No. 8:20-cv-00089-DOC-JDE<br><br>**DECLARATION OF MICHAEL C. WHITTICAR IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 27, 2021 ORDER, FOR CONTEMPT SANCTIONS, FOR A DECLARATION OF ENTITLEMENT TO SUSPEND OR TERMINATE THE SETTLEMENT AGREEMENT AND IP LICENSE, AND TO ENJOIN LITTLE ORBIT FROM RELEASING THE GAME** |
| DESCENDENT STUDIOS INC., a Texas corporation,<br><br>             Counterclaimant,<br><br>   vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>            Counterdefendant. | **[REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]**<br><br>Date:      November 22, 2021<br>Time:      8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. David O. Carter<br><br>Complaint Filed:   1/16/2020 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LITTLE ORBIT LLC, a California Limited Liability Company,** ) | **Case No.: 8:20-cv-00089-DOC-JDE** |
| ) | |
| **Plaintiff,** ) | **Judge:      Hon. David O. Carter** |
| ) | |
| vs. ) | |
| ) | |
| **DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual.** ) | |

## DECLARATION OF MICHAEL C. WHITTICAR

1.      I, Michael C. Whitticar, am over eighteen years of age, of sound mind, and competent to testify to the facts stated herein. I have personal knowledge of the facts stated in this declaration.

2.      Attached as Exhibits A1 through A5 to this Declaration are genuine and authentic copies of five emails with slightly different, successive versions of the BSTS, going from the first version to the final version, sent out during the November 17, 2020 settlement conference in this case.

3.      Discussions with Interplay and other potential publishers and developers were forthrightly disclosed to Little Orbit without objection as part of settlement negotiations in which all three parties were participating.

4.      A genuine and authentic copy of the Ninth Circuit order denying Little Orbit's motion for a stay pending appeal is attached hereto as Exhibit B.

5.      After incorrectly informing the Court that it has obtained an "expedited" appeal, Little Orbit then failed to disclose to the Court that it sought and obtained a one-month extension

of the briefing deadline, meaning that only Little Orbit's opening brief is likely to be filed by the time the November 17, 2021 game completion and release deadline and the November 24, 2021 third payment deadlines both expire.

## **VERIFICATION**

I, Michael C. Whitticar, on this 8th Day of November, 2021 pursuant to the laws of the State of California, the Commonwealth of Virginia and the United States of America, hereby certify and declare under oath and under penalty of perjury that the foregoing is true and correct and that the facts stated in this Declaration are true and correct.

_____
Michael C. Whitticar

# EXHIBIT A-1

# [PORTIONS OF EXHIBIT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]

M Gmail

DEFENDANT'S EXHIBIT A-1

Michae... gmail.com>

## Settlement Terms Sheet
1 message

**Michael Whitticar** <mikew@novaiplaw.com>                           Tue, Nov 17, 2020 at 6:13 PM
To: Mr Danton Richardson <mdantonrichardson@yahoo.com>, Leo Lundberg <leo.law.55@gmail.com>
Cc: Eric Peterson <eric.peterson@feverpitchstudios.com>

Please review the attached.

Best regards,

Mike Whitticar

NOVA IP Law, PLLC
7420 Heritage Village Plaza
Suite 101
Gainesville, VA 20155
Telephone: (571) 386-2980
Fax: 855-295-0740
www.novaiplaw.com
mikew@novaiplaw.com

📄 **LO Descendant Settlement Terms Sheet.docx**
16K

## BINDING SETTLEMENT TERMS SHEET

1. Little Orbit pays D███ up front within 30 days.

2. Little Orbit pays D███ within 90 days of signing.

3. Little Orbit pays D███ within 60 days of release or 6 months after signing, whichever is first.

4. If any payment not made on time, LO pays D██ percent of next ███ in revenues.

5. Little Orbit pays D███ on first 2m in revenue.

6. Little Orbit pays D███ on second 2m in revenue.

7. Little Orbit pays ███ of revenues on everything else.

8. Little Orbit pays ███ royalty on revenues on any other use of IP (sequels, China, etc.)

9. Mutual Non Disparagement and confidentiality, except for mutually agreed press release(s)

10. Delivery of all Kickstarter data by D to Little Orbit.

11. D gets full transparency and timely access to all platforms sales data

12. Defendant provides exclusive license to LO on all game IP, but non-exclusive on Interface/architecture.  LO gets tm license from Interplay, or not.

13. If Little Orbit does not release game on all consoles and platforms in 1 year from signing, exclusivity of license terminates, Defendant can do the game, pays Little Orbit ███ of revenues up to total payout cap of ███.

14. ███ revenue split on any revenue sales, up to ███ to Little Orbit

15. Delivery of all Kickstarter data by D to LO.

# EXHIBIT A-2

# [PORTIONS OF EXHIBIT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]



Michael V ⸺ ail.com>

DEFENDANT
EXHIBIT
A-2

## Revised Terms Sheet

1 message

**Michael Whitticar** <mikew@novaiplaw.com>                                          Tue, Nov 17, 2020 at 6:34 PM
To: Eric Peterson <eric.peterson@feverpitchstudios.com>, Mr Danton Richardson <mdantonrichardson@yahoo.com>
Cc: leo.law55@gmail.com

Here is the revised sheet.

NOVA IP Law, PLLC
7420 Heritage Village Plaza
Suite 101
Gainesville, VA 20155
Telephone:  (571) 386-2980
Fax:  855-295-0740
www.novaiplaw.com
mikew@novaiplaw.com

---

📄 **LO Descendant Settlement Terms Sheet V2.docx**
   16K

## BINDING SETTLEMENT TERMS SHEET

1. Little Orbit pays D⬛ up front within 30 days.

2. Little Orbit pays D⬛ within 90 days of signing.

3. Little Orbit pays D⬛ within 60 days of release or 6 months after signing, whichever is first.

4. If any payment not made on time, LO pays ⬛ percent of first ⬛ in revenues after default.

5. Little Orbit pays D⬛ on first ⬛ million in revenue.

6. Little Orbit pays D⬛ on second ⬛ million in revenue.

7. Little Orbit pays D⬛ of revenues on everything else.

8. Little Orbit pays D⬛ royalty on revenues on any other use of IP (sequels, China, etc.)

9. Mutual Non Disparagement and confidentiality, except for mutually agreed press release(s)

10. Delivery of all Kickstarter data by D to Little Orbit.

11. D gets full transparency and timely access to all platforms sales data

12. Descendant provides exclusive license to LO on all game IP, but non-exclusive on Interface/architecture. LO gets tm license from Interplay, or not.

13. If Little Orbit does not release and sell game in 1 year from signing, exclusivity of license terminates, Descendant can do the game, pays Little Orbit ⬛ of revenues up to total payout cap of ⬛.

14. LO will use good faith best efforts to get the game approved on all major consoles (Sony, Nintendo and Xbox) as soon as possible.

# EXHIBIT A-3

# [PORTIONS OF EXHIBIT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]





Michael Whi                                    com>

## Third and Final Terms Sheet

1 message

**Michael Whitticar** <mikew@novaiplaw.com>                        Tue, Nov 17, 2020 at 6:53 PM
To: Eric Peterson <eric.peterson@feverpitchstudios.com>, Mr Danton Richardson <mdantonrichardson@yahoo.com>,
leo.law55@gmail.com

Here it is.

Please email acceptance and consent.

Thanks!

MCW

NOVA IP Law, PLLC
7420 Heritage Village Plaza
Suite 101
Gainesville, VA 20155
Telephone:   (571) 386-2980
Fax:   855-295-0740
www.novaiplaw.com
mikew@novaiplaw.com

---

📄 **Final LO Descendent Settlement Terms Sheet V4.docx**
23K

## BINDING SETTLEMENT TERMS SHEET

1.  Little Orbit pays Descendent ███ up front within 30 days.

2.  Little Orbit pays Descendent ███ within 90 days of signing written memorialization.

3.  Little Orbit pays Descendent ███ within 60 days of release or 6 months after signing,
    whichever is first.

4.  If any payment not made on time, LO pays D ██ percent of first ███ in revenues after
    default.

5.  Little Orbit pays Descendent ███ on first $2 million in revenue.

6.  Little Orbit pays Descendent ███ on second $2 million in revenue.

7.  Little Orbit pays Descendent ███ of revenues on everything else.

8.  Little Orbit pays Descendent ███ royalty on revenues on any other use of IP (sequels,
    China, etc.)

9.  Mutual Non Disparagement and confidentiality, except for mutually agreed press
    release(s).  Parties will agree to a joint release.

10. Delivery of all pre-order data, Kickstarter data and early backer data to be provided by D
    to Little Orbit.

11. Descendent gets full transparency and timely access to all platforms sales data.

12. Descendent provides exclusive license to LO on all game IP, but non-exclusive on
    Interface/architecture.  LO gets tm license from Interplay, or not.

13. If Little Orbit does not release and sell game in 1 year from signing, Descendant may
    terminate the license, Descendent can do the game, pays Little Orbit ███ of revenues up
    to total payout cap of ██ million.

14. LO will use good faith best efforts to get the game approved on all major consoles (Sony, Nintendo and Xbox) as soon as possible.

15. Each party represents and warrants that the signatories hereto (including counsel) have all necessary company or corporate authority to enter into this Agreement.

16. Each party intends to be bound by this Agreement and recognizes that it is a final and binding Settlement Agreement even though the parties may draft and execute a further, more detailed written memorialization.

_____

Eric Peterson For Himself and Descendent Studios

_____/s/ Michael C. Whitticar_____

Michael C. Whitticar for Eric Peterson and Descendent Studios

_____

Matt Scott for Little Orbit

_____

Danton Richardson for Little Orbit

5

# EXHIBIT A-4

# [PORTIONS OF EXHIBIT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]

 Gmail

DEFENDANT'S
EXHIBIT
A-4



Michael Whitti

# Fifth and Final Terms Sheet

1 message

**Michael Whitticar** <mikew@novaiplaw.com>                                    Tue, Nov 17, 2020 at 7:00 PM
To: Eric Peterson <eric.peterson@feverpitchstudios.com>, Mr Danton Richardson <mdantonrichardson@yahoo.com>
Cc: leo.law55@gmail.com

Here it is.

Thanks!

Mike Whitticar

NOVA IP Law, PLLC
7420 Heritage Village Plaza
Suite 101
Gainesville, VA 20155
Telephone:  (571) 386-2980
Fax:  855-295-0740
www.novaiplaw.com
mikew@novaiplaw.com

📄 **Final LO Descendent Settlement Terms Sheet V5.docx**
24K

## BINDING SETTLEMENT TERMS SHEET

1. Little Orbit pays Descendent ▮▮▮▮ up front within 30 days of signing written memorialization.

2. Little Orbit pays Descendent ▮▮▮▮ within 120 days of signing written memorialization.

3. Little Orbit pays Descendent ▮▮▮▮ within 60 days of release or 6 months after signing written memorialization, whichever is first.

4. If any payment not made on time, LO pays D ▮▮ percent of first ▮▮▮ in revenues after default.

5. Little Orbit pays Descendent ▮▮▮▮ on first ▮ million in revenue.

6. Little Orbit pays Descendent ▮▮▮▮ on second ▮ million in revenue.

7. Little Orbit pays Descendent ▮▮▮▮ of revenues on everything else.

8. Little Orbit pays Descendent ▮▮▮ royalty on revenues on any other use of IP (sequels, China, etc.)

9. Mutual Non Disparagement and confidentiality, except for mutually agreed press release(s). Parties will agree to a joint release.

10. Delivery of all pre-order data, Kickstarter data and early backer data to be provided by D to Little Orbit.

11. Descendent gets full transparency and timely access to all platforms sales data.

12. Descendent provides exclusive license to LO on all game IP, but non-exclusive on Interface/architecture. LO gets tm license from Interplay, or not.

13. If Little Orbit does not release and sell game in 1 year from signing, Descendant may terminate the license, Descendent can do the game, pays Little Orbit ███ of revenues up to total payout cap of ████████.

14. LO will use good faith best efforts to get the game approved on all major consoles (Sony, Nintendo and Xbox) as soon as possible.

15. Each party represents and warrants that the signatories hereto (including counsel) have all necessary company or corporate authority to enter into this Agreement.

16. Each party intends to be bound by this Agreement and recognizes that it is a final and binding Settlement Agreement even though the parties may draft and execute a further, more detailed written memorialization.

17. Royalties on revenues from non-digital sales through brick and mortar retail stores will be half of those provided for above.

_____

Eric Peterson For Himself and Descendent Studios


_____/s/ Michael C. Whitticar_____

Michael C. Whitticar for Eric Peterson and Descendent Studios


_____

Matt Scott for Little Orbit

Danton Richardson for Little Orbit

# EXHIBIT A-5

# [PORTIONS OF EXHIBIT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED APRIL 20, 2021]

 Gmail

Michael Wh  l.com>

## Really Final Settlement Agreement

1 message

**Michael Whitticar** <mikew@novaiplaw.com>                                    Tue, Nov 17, 2020 at 7:11 PM
To: Mr Danton Richardson <mdantonrichardson@yahoo.com>, Eric Peterson <eric.peterson@feverpitchstudios.com>
Cc: leo.law55@gmail.com

Here it is.

Thanks all!

Michael C. Whitticar

NOVA IP Law, PLLC
7420 Heritage Village Plaza
Suite 101
Gainesville, VA 20155
Telephone:  (571) 386-2980
Fax:  855-295-0740
www.novaiplaw.com
mikew@novaiplaw.com

📄 **Really Final LO Descendent Settlement Terms Sheet V6.docx**
    24K

## BINDING SETTLEMENT TERMS SHEET

1. Little Orbit pays Descendent ▮▮▮ up front within 30 days of signing written memorialization.

2. Little Orbit pays Descendent ▮▮▮ within 120 days of signing written memorialization.

3. Little Orbit pays Descendent ▮▮▮ within 60 days of release or 6 months after signing written memorialization, whichever is first.

4. If any payment not made on time, LO pays Descendent ▮ percent of first ▮▮▮ in revenues after default.

5. Little Orbit pays Descendent ▮▮▮ on first ▮ million in revenue.

6. Little Orbit pays Descendent ▮▮▮ on second ▮ million in revenue.

7. Little Orbit pays Descendent ▮▮▮ of revenues on everything else.

8. Little Orbit pays Descendent ▮▮▮ royalty on revenues on any other use of IP (sequels, China, etc.)

9. Mutual Non Disparagement and confidentiality, except for mutually agreed press release(s).  Parties will agree to a joint release.

10. Delivery of all pre-order data, Kickstarter data and early backer data to be provided by Descendent to Little Orbit.

11. Descendent gets full transparency and timely access to all platforms sales data.

12. Descendent provides exclusive license to LO on all game IP, but non-exclusive on Interface/architecture.  LO gets tm license from Interplay, or not.

13. If Little Orbit does not release and sell game in 1 year from signing written
    memorialization, Descendent may terminate the license, Descendent can do the game,
    pays Little Orbit ███ of revenues up to total payout cap of █████████

14. LO will use good faith best efforts to get the game approved on all major consoles (Sony,
    Nintendo and Xbox) as soon as possible.

15. Each party represents and warrants that the signatories hereto (including counsel) have all
    necessary company or corporate authority to enter into this Agreement.

16. Each party intends to be bound by this Agreement and recognizes that it is a final and
    binding Settlement Agreement even though the parties may draft and execute a further,
    more detailed written memorialization.

17. Royalties on revenues from non-digital sales will be half of those provided for above.

18. Substantially prevailing party in any further disputes may recover attorneys' fees and
    expenses up to $400 per hour.

19. Mutual general releases.   Mutual releases of all claims asserted in the litigation.

_____

Eric Peterson For Himself and Descendent Studios


_____ /s/ Michael C. Whitticar_____

Michael C. Whitticar for Eric Peterson and Descendent Studios


_____

Matt Scott for Little Orbit


_____

Danton Richardson for Little Orbit

# EXHIBIT B



UNITED STATES COURT OF **APPEALS**

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company, | No. 21-55852 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00089-DOC-JDE Central District of California, Santa Ana |
| v. | ORDER |
| DESCENDENT STUDIOS, INC., a Texas corporation; ERIC PETERSON, an individual, | |
| Defendants-Appellees. | |

Before: HAWKINS and LEE, Circuit Judges.

Appellant's request to exceed the page limits in support of its stay motion

(Docket Entry No. 4-3) and appellant's motion to file an oversized reply (Docket

Entry No. 16) are granted. The stay motion and reply have been filed.

The motions to file under seal certain confidential settlement information in

support of the parties' briefing on appellant's stay motion (Docket Entry Nos. 6

and 12) are granted. *See* 9th Cir. R. 27-13. The Clerk will publicly file the parties'

sealing motions (Docket Entry Nos. 6-1 and 12-1) but will maintain under seal the

unredacted filings and exhibits (Docket Entry Nos. 6-2, 6-3, 12-2, and 17).

Appellant's emergency motion to stay the district court's July 27, 2021 order

pending this appeal (Docket Entry No. 4) is denied. Appellant fails to demonstrate

LCC/MOATT

that complying with the challenged order during the pendency of this appeal is
likely to result in irreparable injury. *See Doe #1 v. Trump*, 957 F.3d 1050, 1059
(9th Cir. 2020) ("[A stay applicant] has the burden of showing that irreparable
injury is likely to occur during the period before the appeal is decided."); *see also
Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs
an order believes that order is incorrect the remedy is to appeal, but, absent a stay,
he must comply promptly with the order pending appeal."); *Al Otro Lado v. Wolf*,
952 F.3d 999, 1008 (9th Cir. 2020) ("[S]elf-inflicted wounds are not irreparable
injury.").

The opening brief remains due October 12, 2021. The answering brief
remains due November 12, 2021. The optional reply brief remains due within 21
days after service of the answering brief.

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On November 8, 2021, I filed a copy of the following document(s):

**[REDACTED] DECLARATION OF MICHAEL C. WHITTICAR IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 27, 2021 ORDER, FOR CONTEMPT SANCTIONS, FOR A DECLARATION OF ENTITLEMENT TO SUSPEND OR TERMINATE THE SETTLEMENT AGREEMENT AND IP LICENSE, AND TO ENJOIN LITTLE ORBIT FROM RELEASING THE GAME**

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com


Executed on November 8, 2021, at Los Angeles, California.  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto_____
Diane Hashimoto