NADA I. SHAMONKI (SBN 205359)
nshamonki@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

MICHAEL C. WHITTICAR (*admitted pro hac vice*)
mikew@novaiplaw.com
**NOVA IP LAW, PLLC**
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Telephone: (571) 386-2980
Facsimile: (855) 295-0740

Attorneys for Defendant/Counterclaimant
DESCENDENT STUDIOS INC. and
Defendant ERIC PETERSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>            Plaintiff,<br><br>    vs.<br><br>DESCENDENT STUDIOS INC., a Texas corporation, and ERIC PETERSON, an individual,<br><br>            Defendants.<br><br>DESCENDENT STUDIOS INC., a Texas corporation,<br><br>            Counterclaimant,<br><br>    vs.<br><br>LITTLE ORBIT LLC, a California Limited Liability Company,<br><br>            Counterdefendant. | Case No. 8:20-cv-00089-DOC-JDE<br><br>**RESPONSE TO LITTLE ORBIT LLC'S OBJECTIONS TO DECLARATION OF ERIC PETERSON IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 27, 2021 ORDER, FOR CONTEMPT SANCTIONS, FOR A DECLARATION OF ENTITLEMENT TO SUSPEND OR TERMINATE THE SETTLEMENT AGREEMENT AND IP LICENSE, AND TO ENJOIN LITTLE ORBIT FROM RELEASING THE GAME**<br><br>Date:    November 22, 2021<br>Time:    8:30 a.m.<br>Courtroom: 9D<br><br>Judge: Hon. David O. Carter<br><br>Complaint Filed:   1/16/2020 |

Descendent Studios Inc. and Eric Peterson hereby respectfully submit their response in support of admitting Mr. Peterson's declaration testimony.

Little Orbit's objections are untimely filed, baseless, frivolous, unexplained, make-weight objections which are clearly intended only for purposes of harassment, delay and inflicting unnecessary expense on Defendants. Little Orbit objects to the admission of its own documents. It makes objections based on substantive positions that the Court has already rejected and which Little Orbit is procedurally barred from re-asserting over and over again. Little Orbit's objections assume that it is entitled to have all of its weak positions on the merits accepted, even when they are not only disputed but have already been rejected by the Court. The Court should strike Little Orbit's objections and impose frivolous litigation sanctions on Mr. Richardson.

Box 1.   (Decl. ¶ 2). Not hearsay or opinion. Evidence of a direct threat backed by Little Orbit's own status report documents and by Mr. Peterson's experience and testimony.

Box 2.   (Decl. ¶ 2). Not hearsay. Proper opinion testimony based on Mr. Peterson's expertise and over 25 years of experience, and on industry custom and practice. Fact testimony as to the game's prior 2015 early access release.

Box 3.   (Decl. ¶ 2). Not hearsay. Proper opinion testimony. Based on Mr. Peterson's 25 years of expertise, and based on Little Orbit's own status report documents, which are party admissions and declarations against interest.

Box 4.   (Decl. ¶ 2). Proper fact and opinion testimony based on Mr. Peterson's 25 years of experience and based on the contents of Little Orbit's own status report, which is a party admission and a declaration against interest.

Box 5.   (Decl. ¶ 3). Proper fact testimony. It is undisputed that Little Orbit has not made any settlement payments. This testimony states Descendent's construction and interpretation of the BSTS which is not only a permissible and

reasonable contention but also accurate according to Judge Carter's July 27, 2021 Order.

Box 6. (Decl. ¶ 4). This is proper expert and opinion testimony based on Mr. Peterson's experience, based on the Little Orbit and third party financial data provided, and based on industry custom and practice.

Box 7. (Decl. ¶ 5). Competent fact testimony. Consistent with Mr. Peterson's personal observations, Judge Carter's July 27, 2020 Order, and the plain language of the BSTS. Defendants first long- form settlement agreement only said that Section 4 was a remedy for not <u>timely</u> making payments two and three <u>on time</u>.

Box 8. (Decl. ¶ 6). Little Orbit is terrible at logic and arithmetic. Just as it does not know the difference between "profit" and "revenue" or between "spending" and "borrowing." This testimony is based on Mr. Peterson's direct personal observations and is consistent with and supportive of and supported by the express "on time" limitation in Section 4 of the BSTS. Settlement communications and negotiations are admissible to show the meaning of the terms of a settlement agreement or the complete lack of support for the fictional alternative meanings posited by Little Orbit. FRE 408. The Court should impose sanctions on Little Orbit for constantly arguing that the BSTS is not valid and does not exist when: (1) Little Orbit is taking full advantage of the IP license that it only has under the BSTS, and (2) it did not object to the May 24, 2021 report and recommendation finding that the BSTS was a binding agreement including a meeting of the minds on all material terms, and Little Orbit therefore is procedurally barred from repeatedly contesting and re-litigating that issue. The Peterson Declaration dated November 8, 2021 shows in idiot-proof terms that the Section 4 splits do not increase income to Descendent.

Box 9. (Decl. ¶ 7): Little Orbit's previously rejected and false contentions on the merits do not limit the evidence that Defendants can offer. Little Orbit's disagreement is within the Court. Judge Carter already decided on July 27,

2021 that Descendent had no software or technology deliverable duties or obligations.  The parties disagree over the meaning of Section 4 of the BSTS.  Descendent's information is consistent with the express language of the BSTS, with the negotiating history, and with Judge Carter's July 27, 2021 ruling.

      Box 10.      (Decl. ¶ 8).  The first two sentences are proper factual observations of which Mr. Peterson has direct personal knowledge.  The third sentence is proper opinion testimony based on the Little Orbit status reports (which are admissible declarations against interest and party admissions), based on industry custom and practice, and based on Mr. Peterson's over 25 years of experience in the game industry.  Little Orbit baselessly and frivolously argues the very weak merits of its case inside its objections.  Neither Defendants nor the Court are required to assume the truth of Little Orbit's false, weak, previously rejected and disputed contentions in deciding what evidence is admissible.  In this case, Little Orbit blindly and ridiculously ignores its good faith best efforts obligations as an exclusive licensee. These obligations preclude Little Orbit from shoving out gutted, sub-Beta test shovelware at the last minute, simply because Little Orbit was too cheap and too lazy to work on the game for the first ten months that the BSTS was in full force and effect.

      Box 11.      (Decl. ¶ 9).  Exhibit 1 is a **fact** document sent by Little Orbit.  It is admissible as a party admission and as a declaration against interest.  Little Orbit's objections are factually and legally baseless.  Frivolous litigation sanctions should be imposed on Mr. Richardson for filing such a baseless piece of garbage which is clearly intended only to impose excessive, pointless, unnecessary work and fees on Defendants.

      Box 12.      (Decl. ¶ 10).  Denial of the stay is a legal fact that supports the propriety of imposing contempt sanctions on Little Orbit for not complying with this Court's July 27, 2021 Order.  The Ninth Circuit also warned Little Orbit that it must comply with the district court's orders pending appeal.  This also supports the

1  imposition of contempt sanctions. Frivolous litigation sanctions should be imposed
2  on Mr. Richardson for making such a panoply of frivolous and baseless objections.
3  Neither Defendants nor the Court are required to assume the accuracy or correctness
4  of Little Orbit's weak and previously rejected litigation positions.

5        Box 13.    (Decl. ¶ 11). Suspension is a relevant part of a demand for
6  adequate assurance of due performance. Because Little Orbit failed to provide
7  adequate assurance, Defendants were entitled and arguably required to preserve
8  their termination rights and claim of anticipatory repudiation. Also, the number of
9  warnings given to Little Orbit is supportive of the propriety of contempt sanctions.

10       Box 14.    (Decl. ¶ 12). Again, this is a Little Orbit document. It is a party
11 admission and declaration against interest. The Court has repeatedly rejected Little
12 Orbit's "no meeting of the minds" argument which Little Orbit is now procedurally
13 barred from constantly re-hashing. Frivolous litigation sanctions should be imposed
14 on Mr. Richardson. Little Orbit is not entitled to have its own admissions and
15 declarations against interest discarded because it belatedly decides to assert a
16 contrary position.

17       Box 15.    (Decl. ¶ 13). This again is Little Orbit's own document. It
18 provides further support for Defendants' claims for contempt sanctions and
19 Defendants' claims of fraud by Little Orbit. In response to pointed questions from
20 Judge Early on May 24, 2021, Mr. Richardson evasively avoided answering the
21 Court's questions as to whether Little Orbit planned to make the required settlement
22 payments.

23       Box 16.    (Decl. ¶ 14). Again, this is a Little Orbit document. It is a party
24 admission and a declaration against interest. Frivolous litigation sanctions should
25 be imposed on Mr Richardson. Little Orbit is not entitled to have its own
26 admissions and declarations against interest discarded because it belatedly decides
27 to assert a contrary position.
28

1   Box 17. (Decl. ¶ 15). This again is Little Orbit's own document. It provides further support for Defendants' claims for contempt sanctions and Defendants' claims of fraud by Little Orbit. In response to pointed questioning from Judge Early on May 24, 2021, Mr. Richardson evasively avoided answering the Court's questions as to whether Little Orbit planned to make the required settlement payments.

Box 18. (Decl. ¶ 16). This again is Little Orbit's own document. It provides further support for Defendants' claims for contempt sanctions and Defendants' claims of fraud by Little Orbit. In response to pointed questioning from Judge Early on May 24, 2021, Mr. Richardson evasively avoided answering the Court's questions as to whether Little Orbit planned to make the required settlement payments.

Box 19. (Decl. ¶ 17). Proper expert/opinion testimony based on numerical data that was provided and disclosed, based on in Mr. Peterson's 25 plus years in the video game industry, and based on the investments made and reportedly made by the parties.

## CONCLUSION

In short, Little Orbit's objections are untimely, incorrect, frivolous, baseless and due to be denied. Frivolous litigation sanctions should be imposed on Mr. Richardson for wasting the time and resources of Defendants and the Court with such utter nonsense.

Dated: November 8, 2021       Respectfully submitted,

By: *[signature]*
    Counsel

Nada I. Shamonki (SBN 205359)
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.

2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: nshamonki@mintz.com

Michael C. Whitticar (*admitted pro hac vice*)
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Tel:   571-386-2980
Fax:  855-295-0740
E-mail: mikew@novaiplaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On November 8, 2021, I filed a copy of the following document(s):

**RESPONSE TO LITTLE ORBIT LLC'S OBJECTIONS TO DECLARATION OF ERIC PETERSON IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 27, 2021 ORDER, FOR CONTEMPT SANCTIONS, FOR A DECLARATION OF ENTITLEMENT TO SUSPEND OR TERMINATE THE SETTLEMENT AGREEMENT AND IP LICENSE, AND TO ENJOIN LITTLE ORBIT FROM RELEASING THE GAME**

By electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leo Edward Lundberg , Jr**

  leo.law.55@gmail.com

- **Michael Danton Richardson**

  mdantonrichardson@yahoo.com

Executed on November 8, 2021, at Los Angeles, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/s/ Diane Hashimoto_____
Diane Hashimoto

-1-